ACCEPTED
01-15-00349-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/19/2015 3:52:15 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-00349-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/19/2015 3:52:15 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE 1st JUDICIAL DISTRICT OF HOUSTON

## *IN RE* MANHATTAN | VAUGHN, JVP

### On Appeal From the
### 80th Judicial District Court
### of Harris County, Texas
### Cause No. 2013-76550

## RESPONSE TO MANHATTAN | VAUGHN, JVP'S PETITION FOR WRIT OF MANDAMUS

Respectfully Submitted,

**THE GIBSON LAW FIRM**

Jason A. Gibson
State Bar No. 24000606
Casey L. Jordan
State Bar No. 24090599
The Lyric Centre
440 Louisiana, Suite 2400
Houston, Texas 77002
E-mail: efile@jag-lawfirm.com
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEYS FOR PLAINTIFFS**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 52.3(a) of the Texas Rules of Appellate Procedure,

Appellants give the following identity of parties and counsel of record.

**HONORABLE LARRY WEIMAN, 80TH Judicial District Court of Harris County, *Respondent***

**JOSEFINA GARCIA, Individually and as Heir to the Estate of ANGEL GARCIA and ORBELINDA HERRERA, as Next Friend of ASHLEY GARCIA and BRYAN GARCIA, Minors, *Plaintiffs and Real Parties in Interest***

Represented by:      Jason A. Gibson
                     Casey L. Jordan
                     **THE GIBSON LAW FIRM**
                     The Lyric Centre
                     440 Louisiana, Suite 2400
                     Houston, Texas 77002
                     Ph: (713) 650-1010
                     Fax: (713) 650-1011

**MANHATTAN | VAUGHN, JVP, *Defendant and Relator***

Represented by:      Mike Miller
                     JJ. Knauff
                     Clark C. Butler
                     **The Miller Law Firm**
                     3811 Turtle Creek Blvd., Suite 1950
                     Dallas, Texas 775219
                     Ph: (469) 916-2552
                     Fax: (469) 916-2555

i

**TEXAS CUTTING & CORING LP, TEXAS CUTTING & CORING GP, INC., LINDAMOOD DEMOLITION, INC.,** *Defendants*

Represented by: Mike Miller
JJ. Knauff
Clark C. Butler
**The Miller Law Firm**
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 775219
Ph: (469) 916-2552
Fax: (469) 916-2555

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Was Relator's due process violated after the court 1) considered argument at four separate hearings on Relator's privilege claim; 2) admitted two affidavits Relator offered as evidence in support of its claim; 3) allowed Relator to file a privilege log seven months after the deadline to do so and 4) reviewed the documents at issue *in camera* for two months before ruling? . . . . . . . . . . . . . . . 3

Did Relator waive its right to assert privilege when it concealed requested documents for seven months and failed to make a withholding statement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Are Gary Lambert's investigation report and related documents, generated in the ordinary course of business and as required by Relator's own operating policies and procedures, attorney work-product or attorney-client communications? . . . . . . . . . . . . . . . . . 3

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF ARGUMENT & EVENTS . . . . . . . . . . . . . . . . . . . . . . . 10

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

The Court Did Not Violate Relator's Right to Due Process . . . . . . 13
Relator Waived Right to Assert Any Privilege . . . . . . . . . . . . . . . 15
The Documents Are Not Work Product . . . . . . . . . . . . . . . . . . . . 20
When Relator's Counsel "Arrived" On-Site Is Irrelevant . . . . . . . . 24
The Documents Do Not Contain Attorney-Client
Communications . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

REQUEST FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . 29

CERTIFICATION OF FACTS . . . . . . . . . . . . . . . . . . . . . 30

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . 31

INDEX TO APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . 32

VERIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

# INDEX OF AUTHORITIES

## CASES

*In re Anderson,*
163 S.W.3d 136 (Tex. App.—San Antonio 2005, no pet.) . . . . . . . 15,18,19

*In re Avantel*, S.A.,
343 F.3d 311(5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 27

*In re E.I. Dupont de Nemours & Co.,*
136 S.W.3d 218 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*In re Maher,*
143 S.W.3d 907 (Tex. App. Fort Worth 2004, no pet.) . . . . . . . . 18, 20, 27

*In re Monsanto Co.,*
998 S.W.2 d 917, 924 (Tex.App.—Waco 1999, orig. proceeding) . . . . . . 13

*Nat'l Tank Co. v. Brotherton,*
851 S.W.2d 193 (Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . 18,20

## STATUTES

TEX. R. CIV. P. 193.3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 19

TEX. R. CIV. P. 193.4(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TEX. R. CIV. P. 199.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TEX. R. EVID. 503 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 27

NO. 01-15-00349-CV

## IN THE COURT OF APPEALS FOR THE
## 1st JUDICIAL DISTRICT OF HOUSTON

## *IN RE* MANHATTAN | VAUGHN, JVP

**On Appeal From the
80th Judicial District Court
of Harris County, Texas
Cause No. 2013-76550**

## RESPONSE TO MANHATTAN | VAUGHN, JVP'S
## PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE FIRST COURT OF APPEALS:

JOSEFINA GARCIA, Individually and as Heir to the Estate of ANGEL GARCIA; and ORBELINDA HERRERA, as Next Friend of ASHLEY GARCIA and BRYAN GARCIA, Minors ("Real Parties In Interest" or "Plaintiffs"), file this Response to Relator, MANHATTAN | VAUGHN, JVP's Petition for Writ of Mandamus, and would respectfully show the following:

# I.
# STATEMENT OF THE CASE

| | |
|---|---|
| Nature of the Case: | This is a wrongful death case. Relator's negligence caused the caterpillar skid steer Angel Garcia was operating to flip over the side of the fifth floor ramp of Kyle Field Stadium at Texas A&M University. During the fall Angel Garcia suffered traumatic life-ending injuries. |
| Trial Judge & Court: | The Honorable Judge Larry Weiman, 80th Judicial District, Harris County, Texas |
| Trial Court's Disposition: | *Granted* Plaintiffs' Motion to Compel Manhattan | Vaughn, JVP's Responses to Plaintiffs' Requests for Production and *Ordered* production of documents wrongfully withheld by Relator. |

# II.
# ISSUES PRESENTED

A.    Was Relator's due process violated after the court 1) considered argument at four separate hearings on Relator's privilege claim; 2) admitted two affidavits Relator offered as evidence in support of its claim; 3) allowed Relator to file a privilege log seven months after the deadline to do so and 4) reviewed the documents at issue *in camera* for two months before ruling?

B.    Did Relator waive its right to assert privilege when it concealed requested documents for seven months and failed to make a withholding statement?

C.    Are Relator's investigation report and related documents, generated in the ordinary course of business and as required by Relator's own operating policies and procedures, attorney work-product or attorney-client communications?

## III.
## FACTUAL BACKGROUND

1. On December 3, 2013, 28 year-old Angel Garcia sustained fatal injuries from a four-story fall while working on the Kyle Field renovation project in College Station, Texas. Appendix 1, Pl.s' Sec. Am. Pet. Specifically, Garcia's injuries were caused when a concrete beam cut loose from the structure caused the Caterpillar Skidsteer he operated to flip over the edge of the fourth floor ramp. *Id.*

2. Garcia was an employee of Lindamood Demolition, Inc., an entity assisting in the removal of concrete debris on the morning of December 3, 2013. *Id.* The work being performed was a part of the renovation at Kyle Field to expand seating from 82,600 to 102,500. *Id.* Relator, Manhattan | Vaughn, JVP, served as general contractor for the entire project. *Id.* At approximately 11:30 a.m., Garcia was operating a Caterpillar Skid Steer Loader on the 4th floor spiral ramp in the northeast portion of Kyle Field. *Id.* Garcia was using the Caterpillar's grapple bucket to catch and support concrete cut loose as a result of the demolition. *Id.*

3. Shortly before noon, a portion of concrete larger than the Caterpillar was able to control, forced the skid steer and Garcia over the edge of the fourth floor ramp. *Id.* The skid steer hit a steel beam on the way down, causing it to

4

flip repeatedly. *Id.* During the fall, Garcia was ejected and landed in a pile of rubble, back first, suffering massive trauma to his torso and head. *Id.*

4.      An ambulance transported Garcia to the emergency room in Bryan, Texas. *Id.* Despite their efforts, 28 year-old Garcia succumbed to his injuries and was pronounced dead at St. Joseph Hospital. *Id.* Garcia is survived by his mother, Josefina Garcia, and his two minor children, Ashley and Bryan. *Id.*

## IV.
## PROCEDURAL BACKGROUND

5.      For seven months, Relator concealed the existence of more than twelve hundred (1200) pages of documents responsive to Pl.s' First Requests for Production. *See* Appendix 2, Pl.s' First Requests for Production; *see also* Relator's Appendix 6. Plaintiffs served their first requests on March 11, 2014. *See* Appendix 2. On June 12, 2014, Plaintiffs' filed their first Motion to Compel Relator's responses to Plaintiffs' Requests for Production and filed a supplement to the motion on July 31, 2014. *See* Appendix 3, Pl.s' Second Mot. to Compel Def.'s Ans. and Responses to Written Disc.

6. Relator filed a response and the Court heard arguments regarding Plaintiffs' motion. *See* Appendix 4, Def.'s Responses to Plaintiffs' Sec. Mot. to Compel Def.'s Ans. and Responses to Written Disc. At no time, however, did Relator inform Plaintiffs or the Court it was ever withholding documents – much less 1200 pages worth – responsive to the requests. *See id*; *see also* Relator's Appendix 3.

7. Plaintiffs only learned of the withheld documents when former Manhattan | Vaughn Senior Safety Manager, Gary Lambert, informed Plaintiffs of their existence. *See* Relator's Appendix 5, Pl.s' Request for Emergency Hearing; *see also* Relator's Appendix 7, Pl.s' Mot. to Compel Production of Safety Director's Incident Report; *see also* Relator's Appendix 16, Pl.s' Am. Third Mot. to Compel Manhattan, Vaughn, JVP's Responses to Pl.s' Requests for Production at Exhibits A and I. Specifically, Mr. Lambert informed Plaintiffs he conducted a safety investigation into Garcia's death and provided Relator a report of his findings as well as those from Thomas Kramer and other witnesses. *See id.*

8. Upon learning of Lambert's investigation, Plaintiffs made several attempts to obtain a copy of the investigation documents from Relator without court intervention. *See* Relator's Appendix 5, at Exhibit G. However, Relator

6

refused to cooperate and **denied such documents existed**. *See id; see also* Relator's Appendix 6, Relator's Letter Regarding Non-Existence of Report.

9.  Plaintiffs then requested an emergency hearing regarding the report. At the emergency hearing on November 21, 2014, Plaintiffs learned Relator not only concealed Mr. Lambert's report, but also an *entire box of documents* responsive to Plaintiffs' requests served over eight months ago. *See* Relator's Appendix 5.

10. Plaintiffs' filed a Motion to Compel the report and the Court heard arguments regarding the same on December 5, 2014. *See* Relator's Appendix 7; *see also* Relator's Appendix 10, Reporter's Record Dec. 5, 2014. At that time the Court ruled Relator had insufficient evidence to support its work-product privilege claim. *Id.* at 57/4-13.

11. As a result, the Court instructed Relator to produce *all* documents responsive to Plaintiffs' requests or submit a privilege log for documents claimed to be protected by attorney-client privilege for *in camera* review. *Id.* Contrary to the Court's instruction, Relator produced a privilege log claiming attorney-client *and* work-product privileges for all documents contained in the box. *See* Relator's Appendix 16 at Exhibit F.

7

12. The privilege log, provided on December 8, 2014, revealed Relator wrongfully concealed 1,250 pages of documents responsive to thirty-seven of Plaintiffs' discovery requests served **more than eight months** before. *See id.* Another emergency hearing was held on December 10, 2014 in which Plaintiffs *again* requested Relator produce all documents responsive to Plaintiffs' Requests for Production. *See* Relator's Appendix 11 and 12.

13. On December 22, 2014, Plaintiffs filed their Third Motion to Compel Manhattan | Vaughn, JVP's Responses to Plaintiffs' Requests for Production. *See* Relator's Appendix 14, Pl.s' Third Mot. to Compel Manhattan, Vaughn, JVP's Responses to Pl.s' Requests for Production. On the same date, Plaintiffs served Defendants notice the motion would be heard before the Court on January 23, 2015. *See* Relator's Appendix 15, Notice of Hearing. Seven days before the hearing, Plaintiffs filed an Amended Third Motion to Compel. *See* Relator's Appendix 16.

14. Although 1) the very same issues had been before the court at least three times prior; 2) Relator had more than one month's notice of the hearing date and 3) Defendant had seven days to review and respond to the amended pleading, Defendant objected to the timeliness of the hearing, claiming a lack of notice. See Relator's Appendix 5, 10 and12.

8

15. At the hearing, the Court heard Relator's objections and ruled:

> [Plaintiffs' First Amended Third Motion to Compel] was filed seven days before the hearing. The hearing was noticed a month ago. I'm going to overrule your objection. We are going to proceed. The Court finds that there was sufficient notice as required by Texas Rules of Civil Procedure and our local rules.

Relator's Appendix 20, Reporters Record Jan. 23, 2015 at 12/11-18.

16. The Court also ordered Relator to produce all of the documents on its privilege log for *in camera* review. *Id.* at 69/10-15. Subsequently, Relator drastically revised its log, withdrawing privilege claims for more than 1,000 pages of documents. *See* Relator's Appendix 4, List of Documents Produced from Box.

17. On April 10, 2015, the trial court ruled the remaining 150+ pages of documents, except for one sentence, were also *not* privileged. *See* Relator's Appendix 22, Order Granting Pl.s' Mot. to Compel Defendant's Responses To Plaintiffs' Requests for Production. Relator was ordered to produce the documents within seven days. *Id.* Defendants then produced another 100+ pages of documents from Lambert's box and filed this Petition for Writ of Mandamus. *See* Relator's Appendix 4.

18. The only documents now at issue are those directly related to Gary Lambert's investigation. *See id.* Specifically, the documents are identified on

9

Relator's privilege log as 1) MV_Lambert.000001-.000012 "Typed Summary of Gary Lambert Investigation Notes" and 2) MV_Lambert.000013-.000114 "Handwritten and Typed Notes made by Gary Lambert between December 3, 2013 - December 5, 2013." *See id.*

## V.
## SUMMARY OF ARGUMENT & EVENTS

19.    This dispute began when Lambert contacted The Gibson Law Firm and informed Plaintiffs' counsel he investigated the incident surrounding Angel Garcia's death. At the time of Garcia's death, Lambert was Manhattan | Vaughn's Safety Manager and the most senior safety person on the Kyle Field construction project.  *See* Relator's Appendix 16 at Exhibits A, B and I.

20.    Over the course of numerous telephone calls, e-mails and text messages, Lambert stated: 1) he was not represented by defense counsel; 2) he generated a lengthy report documenting his investigation; and 3) he left his report, notes and witness statements in a box labeled "Lindamood Incident" on his desk at the job site when he left his employment with MV. See *id.*

21.    Plaintiffs requested all investigative reports related to the incident early on in the case, over a year ago. *See* Appendix 2. Although Relator's counsel produced other incident reports and witness statements for other Defendants

in the case and other incidents on site, Relator's report for Garcia's death was *never disclosed or produced*. *See* Relator's Appendix 16; *see also* Relator's Appendix 4. Lambert conducted the investigation because he was required to do so by MV's policies and procedures, which existed prior to the incident. *See* Relator's Appendix 6, Aff. of Thomas Kramer at 3; *see also* Relator's Appendix 16 at Exhibit J .000653-.000660.

22.     Armed with the knowledge obtained from Lambert, Plaintiffs notified Relator's counsel ("Miller") of the report. *See* Relator's Appendix 5, at Exhibit G. At first, Miller indicated "we know nothing about a report," taking the position he did not have a clue about a report but would "look into it."

23.     After Plaintiffs' brought the matter to the attention of the Court, Miller changed his tune, acknowledging: 1) Lambert did conduct an investigation into the events surrounding Garcia's death and 2) he left an entire box of documents related to that investigation in Relator's possession. *See* Relator's Appendix 6.

24.     After four hearings on the issue, several months of *in camera* review and more than a year after they were requested, the Court ordered Relator to produce Lambert's investigation documents and others contained in the box. *See* Relator's Appendix 22.

11

# VI.
# ARGUMENT

25. The Court must deny Relator's Petition for Writ of Mandamus and uphold the trial court's Order Granting Plaintiffs' Motion to Compel Relator's Responses to Plaintiffs' Requests for Production because:

- Relator had proper notice of Plaintiffs' Motion to Compel heard on January 23, 2015 and the three hearings addressing the same issue that occurred prior to;

- Gary Lambert's incident report and related documents are responsive to Plaintiffs' First Requests for Production;

- Relator wrongfully concealed the documents for seven months;

- Relator waived the right to assert privilege by failing to disclose it was withholding the documents;

- The report is not protected by either work product or attorney-client privilege because the primary motivating purpose was not litigation;

- The investigation was not conducted at the request of counsel; and

- Gary Lambert generated the investigation report and related documents in the ordinary course of business as required by Relator's own operating policies and procedures.

12

**A. THE COURT DID NOT VIOLATE RELATOR'S RIGHT TO DUE PROCESS**

26. The Court did not violate Relator's right to due process because 1) Relator not only had a month's notice of the hearing on Plaintiffs' Amended Third Motion to Compel; but also 2) the same matter was properly noticed and before the court several times before.

27. In the five months before the court signed the order at issue, the court heard argument regarding Relators privilege claim four separate times. *See* Relator's Appendix 5, 7, 11 and 20. Therefore, Relator had four separate opportunities to provide argument and evidence to support its claim.

28. Once a hearing is set, the party resisting discovery must produce evidence necessary to support the claim for privilege. *See* TEX. R. CIV. P. 193.4(a), 199.6; *see also In re E.I. Dupont de Nemours & Co.*, 136 S.W.3d 218, 227 (Tex.2004). Such evidence may be in the form of live testimony or an affidavit. *See id.* Affidavits must be served at least seven days before the hearing. *See* TEX. R. CIV. P. 193.4(a), 199.6; *see also In re Monsanto Co.* 998 S.W.2d 917, 924 (Tex.App.– Waco 1999, orig. proceeding). However, when a party is resisting discovery on the grounds of privilege an inspection of the documents themselves may be the only adequate evidence to evaluate the claim. *See In re E.I. Dupont de Nemours & Co.* at 223.

29. Over the course of the multiple hearings on this matter, Relator offered two different affidavits in support of its privilege claim. *See* Relator's Appendix 13, Order Admitting Tom Kramer Affidavit; *see also* Relator's Appendix 20 at 62/15-17. Upon review of the affidavits and argument by counsel, the Court determined an *in camera* inspection of the documents was necessary. On two separate occasions, the court ordered Relator to provide Lambert's report and related documents for *in camera* inspection. *See* Relator's Appendix 12 at 57/4-13; *see also* Relator's Appendix 20 at 69/10-15.

30. It was only after reviewing the documents themselves, the court determined Lambert's report and related documents were not attorney work product and did not contain attorney client communications. *See* Relator's Appendix 22. Therefore, the Court's order requiring Relator to produce the documents was not an abuse of discretion and did not violate Relator's right to due process. *See In re E. I. Dupont de Nemours & Co.* at 223 (Holding once a party puts on evidence in support of its claim for privilege and tenders the documents to the court, the court must conduct an *in camera* review before deciding whether to compel production.).

## B.  RELATOR WAIVED RIGHT TO ASSERT ANY PRIVILEGE

31.  Although the court allowed Relator to put on evidence in support of its claim, Relator actually waived its right to even assert a privilege claim by failing to notify Plaintiffs it was withholding requested documents.

32.  In order to lawfully withhold a requested document, a party must:

    a.  Assert a privilege; *and*

    b.  Provide notice a requested document has been withheld.

TEX. R. CIV. P. 193.3(a) (emphasis added).

The privilege must be asserted and a withholding statement must be made ***prior to the deadline to respond to discovery.*** See TEX. R. CIV. P. 193.3(a), *see also In re Anderson*, 163 S.W.3d 136, 142 (Tex. App.—San Antonio 2005, no pet.).

33.  Relator's responses to Plaintiffs' Requests for Production were due April 30, 2014. *See* Appendix 2. Lambert's report and other investigation documents are responsive to several of those requests, including:

> **Request No. 8.**    All documents related to inspections done on the Kyle Field renovation project, including but not limited to the area where Angel Garcia was working and killed.

**Request No. 11**      All documents identifying safety issues or concerns as it pertains to the Kyle Field renovation, including but not limited to the demolition process and the work being performed by Angel Garcia and his employer.

**Request No. 12**      All documents mentioning actions taken by defendants to correct any safety issues that were identified, as it pertains to the Kyle Field renovation project.

**Request No. 22**      All documentation and correspondence discussing engineering surveys performed by any party or entity, related to the demolition of structural concrete for the Kyle Field renovation project, pursuant to OSHA 29 CFR 1926.850(a).

**Request No. 26**      All documents reflecting observations by any party or person regarding the nature of spalling (or failure) of existing concrete members of the northeast, spiral pedestrian ramp during demolition activities prior to the time of the subject incident.

**Request No. 34**      All documents reflecting statements by employees of Manhattan | Vaughn or any other party on the Kyle Field renovation project site describing the incident in question.

**Request No. 35**   All documents reflecting statements by employees of Manhattan | Vaughn or any other party on the Kyle Field renovation project site describing the events leading up to the subject incident, or the incident itself.

**Request No. 38**   All reports of accidents, on the job injuries or accident statistics related to the Kyle Field renovation project.

**Request No. 40**   All reports of the incident made by any party or person.

**Request No. 42**   All job-site safety inspection reports (dated from the start of construction of the Kyle Field renovation project through 12/31/2013).

**Request No. 46**   All reports generated as a result of the subject incident.

**Request No. 48**   All documents related to any investigation conducted as a result of the incident in question.

34.   On April 30, 2014, Relator served its objections and responses to Plaintiffs' requests. *See* Relator's Appendix 3. Relator *never asserted any privilege* in response to Request No.'s 11, 12, 22, 35, 38, 42 and *never notified Plaintiffs it was withholding documents*. *See id.*

17

35.    A failure to properly comply with Texas Rules of Civil Procedure for asserting a privilege waives the right to that privilege. *See In re Anderson*, 163 S.W.3d at 142; *see also In re Maher*, 143 S.W.3d 907, 914 (Tex. App. Fort Worth 2004, no pet.) citing to *Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193, 204 (Tex. 1993)). In *In re Anderson*, the Plaintiff learned a responsive document had been withheld during a deposition taken after the deadline to produce the document. *See In re Anderson*, 163 S.W.3d at 142. Prior to the deposition, the Defendant failed to assert privilege or notify the Plaintiff it was withholding the document. *See id.* Upon learning of the document's existence, the Plaintiff filed a motion to compel production. *See id.* The trial court denied the Plaintiff's motion and the Plaintiff petitioned for writ of mandamus. *See id.*

36.    Upon review, the Court of Appeals reversed the trial court and held:

> Here, the [Defendant] did not comply with rule 193(a). When it was served with [Plaintiff's] requests for production, it did not state in its response or in a separate document that (1) the memorandum was being withheld, (2) the request to which the memorandum related, or (3) the privilege or privileges it was asserting with regard to the memorandum. See Tex.R. Civ. P. 193.3(a). Only after [Plaintiff] discovered the existence of the memorandum through his deposition of Gonzales and demanded [Defendant] produce the document did [Defendant] claim that the memorandum was protected by the attorney-client privilege. The City did not assert its privilege in accordance with rule 193.3(a).

18

...

> **Because the City failed to assert its privilege in accordance with rule 193.3(a), the trial court erred in denying [Plaintiff's] motion to compel production of the memorandum.** Accordingly, we conditionally grant [Plaintiff's] petition for writ of mandamus and direct respondent (1) to withdraw her order denying [Plaintiff's] motion to compel and (2) to enter an order compelling production of the memorandum.

See In re Anderson, 163 S.W.3d 136, 142 (Tex. App.—San Antonio 2005, no pet.).

37. Similar to In re Anderson, Relator failed to assert privilege in accordance with Rule 193.3(a) and only now seeks protection after Plaintiffs discovered the documents existed, more than seven months after the time to assert privilege passed. See id. As a result, Relator wrongfully withheld the documents named in its untimely privilege log and therefore waived its right to assert *any* privilege. Following In re Anderson, the Court properly granted Plaintiffs' motion and did not abuse discretion by ordering Relator to produce the requested documents. See id.

19

## C. THE DOCUMENTS ARE NOT WORK -PRODUCT

38.     Relator waived its right to assert privilege by failing to comply with Rule 193.3(a). However, even if Relator followed the procedure to claim a privilege, the Court still did not err in granting Plaintiffs' Motion to Compel because the documents are not protected by work-product privilege.

39.     Work-product privilege does not apply to the type of documents listed in Relator's log, including Gary Lambert's Report. Specifically, *work-product doctrine "is not an umbrella for protecting materials gathered in the ordinary course of business." See In re Maher*, 143 S.W.3d 907, 912 (Tex. App. Fort Worth 2004, no pet.) relying on *Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193, 204 (Tex. 1993)) (emphasis added).

40.     A document is created in the ordinary course of business unless preparation for litigation is "***the primary motivating purpose*** underlying the creation of the document. *Id.* A document is not prepared 'in anticipation of litigation' if it is in fact prepared for some other purpose." *Id.*

41.     Lambert's employment as Manhattan | Vaughn Safety Manager and his responsibility to report onsite injuries *pre-date* the incident made basis of this lawsuit. Manhttan | Vaughn, Construction Manager, Thomas Kramer's affidavit, the very evidence relied on by Relator, clearly states conducting an

investigation and recording the information gathered was standard operating procedure for Manhattan | Vaughn:

> As the Construction Manager for Manhattan | Vaughn, it is my job to maintain oversight of the day-to-day activities of the Project including...inspecting and overseeing the accumulation of information following *any* **emphasis added** accident at the Project. On the date of the accident, Gary Lambert's job responsibilities was (sic) to gather information and keep me informed of facts and observations gathered following an accident at the project and to maintain any paperwork associated with those responsibilities.

Relator's Appendix 6, Aff. of Thomas Kamer at 2.

42.    Moreover, in Manhattan | Vaughn's Kyle Field Stadium Project Safety Program it plainly states it is the responsibility of the Project Safety Manager to "investigate all near misses, accidents, and property damage incidents, perform an investigation and submit a written report to the Project Manager and Project Superintendent." Relator's Appendix 16 at    Exhibit J: Manhattan.000653.

43.    The Project Safety Plan includes specific instructions for the types of information to be included in the written incident report, including the following:

    I.    Names and addresses of victims and witnesses;

21

ii.   Description of events leading up to the accident/ incident;

iii.   Factors that may have contributed to the accident/incident (root cause analysis); and

iv.   Action taken to prevent this accident/incident in the future.

*Id.* at Manhattan.000653- Manhattan.000660.

44.   **The primary motivating purpose of Lambert's investigation into Angel Garcia's death and subsequent report was to fulfill his obligations as Safety Manager as required by Relator's site safety plan**. *See id.* As evidenced by the Kramer's affidavit and the privilege log itself, Lambert and Relator routinely conducted such investigations for other onsite injuries and safety incidents. *See* Relator's Appendix 6, Aff. of Thomas Kamer at 2; *see also* Relator's Appendix 4.

45.   In the privilege log, Relator attempts to re-characterize the investigation and report regarding Angel Garcia as "notes" or a "summary of notes" in an attempt to veil its blatant concealment of requested documents. Relator's Appendix 4. However, Relator's own privilege log evidences a "report" was generated for *all* other instances of onsite injury. *Id.*

22

46. Mr. Lambert's investigation documents appear in Relator's privilege log as follows:

Relator's characterization of the post-incident investigation into Angel Garcia's death, referred to as "typed summary of notes":

| Original Bate Number | Date | Document Name |
|---|---|---|
| MV_LAMBERT.000001-MV_LAMBERT.000012 | 12/3/2013 | Typed summary of Gary Lambert notes |
| MV_LAMBERT.000013-MV_LAMBERT.000114 | 12/4/2013 | Notes made by Gary Lambert between December 3, 2013 through December 5, 2013 |

Relator's characterization of the post-incident investigation into all other onsite injuries referred to as "reports":

| MV_LAMBERT.000116-MV_LAMBERT.000132 | 9/12/2013 | M|V Near Miss / Accident Investigation Report regarding Britt-Rice employees |
|---|---|---|
| MV_LAMBERT.000133-MV_LAMBERT.000139 | 9/30/2013 | M|V Near Miss Report Re: Lindamood track hoe operator Charles Stewart hit a buried 8" utility water line while excavating. |
| MV_LAMBERT.000140-MV_LAMBERT.000184 | 10/7/2013 | M|V Accident Investigation Report; Francisco Dominguez |
| MV_LAMBERT.000185-MV_LAMBERT.000198 | 10/15/2013 | Injury Investigation Report; Ernesto Gonzalez |
| MV_LAMBERT.000199-MV_LAMBERT.000216 | 10/22/2013 | M|V Accident Investigation Report; Derr Isabel |
| MV_LAMBERT.000217-MV_LAMBERT.000239 | 11/8/2013 | Employee Injury Report; Jose Jimenez |
| MV_LAMBERT.000240-MV_LAMBERT.000261 | 11/11/2013 | Employee Injury Report; Jose Urbano |
| MV_LAMBERT.000263-MV_LAMBERT.000271 | 11/13/2013 | Incident Investigation Report; Derr Stell Erection |

*Id.*

23

47.   Relator has gone to great lengths to obstruct the discovery process and avoid production of the documents listed in its log. However, without any proof the documents were created for the sole purpose of litigation, Relator's claim for privilege must be denied.

**D.   WHEN RELATOR'S COUNSEL "ARRIVED" ON-SITE IS IRRELEVANT**

48.   The date Relator's counsel arrived at the Kyle Field Renovation Project has no bearing on whether documents are privileged or not. Relator's counsel, particularly Michael Miller, is under the misconception that as soon as he arrived on-site, every investigation and document generated somehow becomes privileged for no other reason.

49.   Miller has repeatedly stated he was not aware of any investigative report until after he was notified by Plaintiffs' counsel, not his own client. *See* Relator's Appendix 6. Moreover, it is clear multiple routine investigations were already underway by the time Miller showed up:

> Q:   After this happened, did you conduct an investigation -- did Lindamood to determine a root cause analysis as to what happened and why he went over?
>
> A:   I mean, we –
>
> MR. MILLER: You can -- that's a yes or a no, because you're going to get into attorney-client communications.

24

THE WITNESS:          Yes.

Q:    And what was the -- what was the determination of what caused it, based on Lindamood?

A:    I'm not sure.  The study that our guy did, I think, went to -- I don't know if it even ever got finished, but –

MR. MILLER: Let's do this.  Because timing of it could be an issue, *__you can talk about what investigation you did up until the time I arrived and was representing you.__*

THE WITNESS: Yeah.

MR. MILLER: That's fair game.

THE WITNESS: Okay.

MR. MILLER:  You can tell him.  But after that –
MR. GIBSON:  Because you -- well, just because you started representing them, that doesn't make their investigation privileged.

MR. MILLER:  Well –

THE WITNESS:  I investigated it myself...

Relator's Appendix 16, Exhibit K: Dep. Jake Lindamood at pp. 65:23 - 66:24.

50.    Although Miller again misstates the legal effect of his representation on the ongoing investigation, it is clear the investigation began *prior* to Miller's

25

representation. Miller's arrival onsite had no influence on the Relator's choice to investigate the work-site fatality.

51. Furthermore, Relator provided no evidence whatsoever Lambert conducted his investigation at the *request* of counsel. Notably Lambert and Kramer's affidavits only state Relator's counsel "authorized" the ongoing investigation. *See* Relator's Appendix 6; *see also* Relator's Appendix 16 at Exhibit 5. Therefore, any reports, notes or statements generated during Lambert's investigation cannot be attorney work-product.

E. THE DOCUMENTS DO NOT CONTAIN ATTORNEY-CLIENT COMMUNICATIONS

52. Relator waived its right to assert attorney-client privilege by failing to comply with TEX. R. CIV. P. 193.3(a). However, even if Relator followed the procedure to timely claim a privilege, the documents are still not protected because they are not confidential communications intended to be disclosed solely to legal counsel when created. *See* TEX. R. EVID. 503.

53. The "subject matter test" is applied when evaluating whether communications between an employee of a client and the client's attorney are privileged. *See In re Avantel*, S.A., 343 F.3d 311, 316 (5th Cir. 2003). Under the subject matter test, communications between an employee and the client's attorney are only privileged when:

26

1. There is a communication between a representative of a client and the client's attorney,

2. The communication is made at the direction of his superiors, **and**

3. The subject matter of the communication is upon which the ***attorney's advice*** is sought by the corporation.

*Id.* (emphasis added).

54. The incident report and related documents do not contain "communications" between a company representative and an attorney. *See* Relator's Appendix 4. Plaintiffs do not seek to compel the production of any confidential emails, letters or exchanges between Relator's legal counsel and any other person or entity. *See* Relator's Appendix 16.

55. Furthermore, a document is not attorney-client communication simply because it is contained in an attorney's file. *See In re Maher,* 143 S.W.3d at 912. To be considered a confidential communication, the document must have been intended to be disclosed solely to legal counsel *when it was created. See Avantel,* 343 F.3d at 316, *see also* TEX. R. EVID.§ 503.

56. **Lambert's investigation documents were not commissioned by Relator's attorney, nor were they addressed to counsel or intended to be**

27

**used solely for legal representation when created.** In fact, Relator's own safety plan states the incident report is to be prepared for review by the "Project Manager" and "Project Superintendent." Relator's Appendix 16 at Exhibit J: Manhattan.000653 -.000660.

57.    Furthermore, the log itself supports a finding site incident reports were never intended to be confidential. Relator did not even allege attorney-client privilege for other investigations performed onsite and eventually produced the related reports on its own accord. *See* Relator's Appendix 4. However, Relator expects the Court to believe, unlike every other investigation, the documents referencing Angel Garcia's death were somehow intended to be confidential communications with an attorney. *See id.*

## VII.
## CONCLUSION

58.    Any right to assert privilege, was waived when Relator failed to state a privilege or make withholding statements prior to the date its discovery responses were due, more than one year ago. Lambert's investigation, report and other documents related to the incident were initiated and directed by company policies and procedures. The documents do not contain the advice of legal counsel nor were they addressed to, written or directed by legal

28

counsel. Therefore the documents are not privileged and must be produced without further delay.

## VIII.
## REQUEST FOR RELIEF

59.    Plaintiffs ask the Court to **DENY** Manhattan │Vaughn, JVP's Petition for Writ of Mandamus and **UPHOLD** Respondents Order Granting Plaintiffs' Motion to Compel and for such other relief, both in law and equity, to which Plaintiffs may show themselves justly entitled.

Respectfully Submitted,

**THE GIBSON LAW FIRM**

Jason A. Gibson
State Bar No. 24000606
Casey L. Jordan
State Bar No. 24090599
The Lyric Centre
440 Louisiana, Suite 2400
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATION OF FACTS

I have reviewed the above Response to Manhattan | Vaughn, JVP's Petition for Writ of Mandamus. I certify every factual statement is supported by competent evidence included in the record.

Jason A. Gibson

30

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been served on all counsel of record via first class regular mail or fax on May 19, 2015.

_____
Jason A. Gibson

# INDEX TO APPENDIX

True and correct copy of the following documents are attached as required by Texas Rules of Appellate Procedure 52.3(j) and 52.4(e).

Tab 1     Plaintiffs' Second Amended Petition;

Tab 2     Plaintiffs' First Requests for Production to Defendant Manhattan | Vaughn, JVP;

Tab 3     Plaintiffs' Second Motion to Compel Defendants' Answers & Responses to Written Discovery; and

Tab 4     Defendants' Response to Plaintiffs' Second Motion to Compel Defendants' Answers & Responses to Written Discovery.

# VERIFICATION

THE STATE OF TEXAS     §
                               §
COUNTY OF HARRIS     §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Jason A. Gibson, who, after first being duly sworn by me, stated as follows:

"My name is Jason A. Gibson, I am over 21 years of age, of sound mind and am fully competent to make this Verification. The facts stated below are based on my personal knowledge and are true and correct.

I am an attorney of record for Real Parties in Interest, Josefina Garcia, Individually and as Heir to the Estate of Angel Garcia; and Orbelinda Herrera, as Next Friend of Ashley Garcia and Bryan Garcia, Minors. I have reviewed the pleadings, discovery, correspondence and all other documents attached and referenced in this matter. I have personal knowledge of the pleadings and discovery filed in the underlying lawsuit. I have read Real Parties in Interest's Response to Relator's Petition for Writ of Mandamus, all documents attached as the Record and included in the Appendix are true and correct copies of the original documents."

_____
Jason A. Gibson

SUBSCRIBED AND SWORN TO BEFORE ME on May 19, 2015.

JANA LYNN THOMPSON
Notary Public, State of Texas
My Commission Expires
August 28, 2018

_____
Notary Public in and for
The State of Texas

33

# TAB 1

Cause No. 2013-76550

| | | |
|---|---|---|
| JOSEFINA GARCIA, Individually<br>and as Heir to the Estate of ANGEL<br>GARCIA (Deceased); and ORBELINDA<br>HERRERA, as Next Friend of ASHLEY<br>GARCIA and BRYAN GARCIA (Minors)<br><br>v.<br><br>MANHATTAN \| VAUGHN, JVP,<br>TEXAS CUTTING & CORING, LP,<br>TEXAS CUTTING & CORING, GP, INC.<br>and LINDAMOOD DEMOLITION, INC. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br><br><br>HARRIS COUNTY, TEXAS<br><br><br><br>80th JUDICIAL DISTRICT |

## PLAINTIFFS' SECOND AMENDED PETITION

TO THE HONORABLE LARRY WEIMAN:

Plaintiffs JOSEFINA GARCIA, Individually and as Heir to the Estate of ANGEL GARCIA (Deceased), and ORBELINDA HERRERA, as Next Friend of ASHLEY GARCIA and BRYAN GARCIA (Minors), file this Second Amended Petition complaining of Defendants MANHATTAN | VAUGHN, JVP, TEXAS CUTTING & CORING, LP and LINDAMOOD DEMOLITION, INC. and would respectfully show the following:

### I.
### DISCOVERY LEVEL

1. Plaintiffs request discovery be conducted under Level 3 in accordance with Rule 190.4 of the Texas Rules of Civil Procedure. This case is not subject to Texas Rule of Civil Procedure 169 because the damages for which Plaintiff seek exceed $100,000.00.

### II.
### REQUEST FOR DISCLOSURE

2. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request Defendants disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiffs

specifically request the responding parties to produce responsive documents at the undersigned law offices within fifty (50) days of service of this request.

### III.
### WRONGFUL DEATH AND SURVIVAL CLAIMS

3.     Plaintiffs are entitled to bring this action under the Texas Wrongful Death Act. TEX. CIV. PRAC. & REM. CODE ANN. §71.002. Specifically, Plaintiff Josefina Garcia is the mother and living parent of the deceased, Angel Garcia. Plaintiffs Ashley Garcia and Bryan Garcia are the biological children of the deceased, Angel Garcia.

4.     In addition, Plaintiffs bring this action on behalf of the Estate of Angel Garcia, deceased, under the Texas Survival Statute as statutory heirs to the estate. TEX. CIV. PRAC. & REM. CODE ANN. §71.021. Specifically, Josefina Garcia, Ashley Garcia and Bryan Garcia are the only living heirs of Angel Garcia, deceased. A legal representative has not been appointed and an administration of the estate is not pending and is not necessary. Moreover, a personal representative cannot or will not bring suit on behalf of the estate.

5.     Plaintiffs are heirs entitled to the decedent's estate under the statutes of descent and distribution. TEX. PROB. CODE §38, §45. The estate of the deceased does not have two or more debts. All of the estate's debts have been paid. Furthermore, the heirs and family of the deceased have agreed on distribution of funds and assets received by the estate.

2

## IV.
## PARTIES

6. Plaintiff, Josefina Garcia, is a resident of Irving, Dallas County, Texas.

7. Plaintiffs Orbelinda Herrera, Ashley Garcia and Bryan Garcia are all residents of Bonita Springs, Lee County, Florida.

8. Defendant Manhattan | Vaughn is a Domestic Joint Venture Partnership between Defendants Vaughn Construction and Manhattan Construction organized and existing under the laws of the state of Texas. As a joint venture, Defendant may be served process by serving general partner: J. Thomas Vaughn, 10355 Westpark Drive, Houston, Texas 77042.

9. Defendant Texas Cutting & Coring, LP is a partnership organized and existing under the laws of the State of Texas with a principal place of business in Round Rock, Texas. Defendant may be served process by serving its attorney of record: Michael A. Miller, 3811 Turtle Creek Blvd., Suite 1950, Dallas, Texas 75219.

10. Defendant Lindamood Demolition, Inc., is a corporation organized and existing under the laws of the State of Texas with its principal places of business in Irving, Texas. Defendant may be served process by serving its registered agent in Texas: Kayla Lindamood, 2002 S. Nursery, Irving, Texas 75060.

## V.
## JURISDICTION

11. The court has jurisdiction over Defendants because they have either done business in Texas, committed a tort in Texas, and/or have had continuous contacts with Texas. In addition, the damages for which Plaintiff brings suit exceeds the minimal jurisdictional limits of the Court.

3

## VI.
## VENUE

12. Venue is proper in Harris County, Texas because Defendant J.T. Vaughn Construction, LLC.'s principal place of business is located in Houston, Harris County, Texas. CIV. PRAC. REM. CODE § 15.002(a)(3).

## VII.
## FACTS

13. On December 3, 2013, 28 year-old Angel Garcia sustained fatal injuries from a four-story fall while working at Kyle Field in College Station, Texas. Specifically, Garcia's injuries were caused when a section of concrete dislodged, catapulting Garcia off the edge of a fourth floor ramp where he was working.

14. Garcia was an employee of Lindamood Demolition, an entity assisting in the removal of concrete debris on the morning of December 3, 2013. The work was being done as a part of the renovation at Kyle Field, to expand seating from 82,600 to 102,500. At approximately 11:30am, Garcia was operating a Caterpillar Skid Steer Loader on the 4th floor spiral ramp in the northeast portion of Kyle Field. Garcia was using the Caterpillar's grapple bucket to catch concrete debris from the overhead work.

15. Shortly before noon, a portion of concrete larger than the Caterpillar was able to control, broke free from a beam and fell into the grappling bucket. The weight caused the Caterpillar to lose control and topple forward and over the nearby edge of the work platform. The skid steer hit a concrete beam on the way down, causing it to flip repeatedly. As a result, Garcia was ejected and landed in a pile of rubble, back first, suffering massive trauma to his torso, face and head. Despite the severity of his injuries, Garcia remained conscious and in agonizing pain after the fall.

4

16.    Garcia was transported by ambulance to St. Joseph Hospital emergency room in Bryan, Texas. Despite their efforts, 28 year-old Garcia succumbed to his injuries and was pronounced dead at St. Joseph Hospital.    Garcia is survived by his mother, Josefina Garcia, and his two minor children, 7 year-old Ashley Garcia and 6 year-old Bryan Garcia.

## VIII.
## NEGLIGENCE
## *MANHATTAN | VAUGHN, JVP and TEXAS CUTTING & CORING, LP*

17.    Defendants Manhattan | Vaughn and Texas Cutting & Coring, LP owed duties to Plaintiffs.  Defendants breached their duties and were negligent in one or more of the following ways:

a.    Failing to provide and maintain a safe workplace;

b.    Failing to properly plan and engineer a safe demolition process;

c.    Failing to adequately coordinate the work of contractors to ensure a safe work place;

d.    Failing to adequately monitor and test the structural integrity and weight of the concrete/structure at issue, before and after the demolition process started;

e.    Failing to test the structural integrity of the barrier on the 4th floor level where Garcia was working;

f.    Failing to provide an adequate barrier for the work that was being done in the area where Garcia was working;

g.    Failing to properly train and supervise workers, including Garcia;

h.    Failing to provide adequate fall protection to Garcia;

I.    Failing to abide by federal OSHA regulations;

j.    Failing to provide or require the use of OSHA-mandated safety equipment and procedures on the job-site;

k.    Failing to provide appropriate equipment for the job task assigned to Garcia;

5

l.  Failing to prohibit the use of unsafe and inadequate equipment for the job task assigned to Garcia;

m.  Failing to have adequate safety policies and procedures in place;

n.  Failing to properly warn Garcia of the dangers associated with the work he was doing;

o.  Failing to properly warn Garcia of the dangers of the work being performed by other contractors in the area; and

p.  Failing to promulgate and enforce minimum safety standards or operational procedures.

18.  Defendants' acts and omissions were a proximate cause of Plaintiffs' injuries.

## IX.
## GROSS NEGLIGENCE - *LINDAMOOD DEMOLITION*

19.  Defendant Lindamood Demolition owed certain duties to Plaintiff. Defendant breached its continuous and non-delegable duty to provide a safe workplace and was grossly negligent in one or more of the following ways:

a.  Failing to provide Garcia with a safe workplace;

b.  Failing to provide adequate safety equipment and training;

c.  Failing to provide adequate construction equipment and training;

d.  Failing to prevent Garcia from performing construction activities known to be unsafe;

e.  Failing to ensure Garcia was assisted by adequately trained and competent laborers;

f.  Failing to modify or stop construction activities known to be unsafe;

g.  Intentionally allowing Garcia to perform construction activities known to be unsafe and extremely dangerous.

h.  Instructing workers, including Garcia, to perform work in violation of OSHA regulations; and

I.  Allowing and instructing workers, including Garcia, to handle loads of concrete in excess of the weight limitations of the equipment they were using.

6

20.   Defendant's conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, Defendant's conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of such conduct.

21.   Nevertheless, Defendant proceeded with a conscious indifference to the rights, safety or welfare of others, including Plaintiff. Therefore, Defendant is liable for exemplary damages to Plaintiffs under TEX. LAB. CODE §408.001.

## X.
## *RESPONDEAT SUPERIOR*

22.   Defendants are liable for the torts committed by their employees during the course and scope of their employment. Specifically, Defendants' employees, acting within the course and scope of their employment (and in furtherance of Defendant's business), had a general duty to exercise reasonable care in performing their work. Such employees, however, failed to exercise the requisite standard of care under the circumstances. As a result, Defendants are liable for the injuries suffered by Plaintiff.

## XI.
## WRONGFUL DEATH DAMAGES

23.   Plaintiffs request the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate the estate:

7

a. Plaintiffs' pecuniary loss from the death of Angel Garcia, including loss of care, maintenance, support, services, advice, counsel and contributions of pecuniary value that they would, in all reasonable probability, have received from Angel Garcia during his lifetime;

b. The mental anguish, grief and sorrow Plaintiffs suffered in the past and will continue to suffer in the future as a result of Angel Garcia's death;

c. Josefina Garcia's loss of society and damage to the mother-son relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support and happiness;

d. Ashley Garcia's loss of parental consortium and damage to the father-daughter relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support and happiness;

e. Bryan Garcia's loss of parental consortium and damage to the father-son relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support and happiness;

f. Plaintiffs' loss of monetary support due to the death of Angel Garcia they would, in all reasonable probability, have received during his lifetime;

g. Plaintiffs' loss of inheritance from Angel Garcia who, in reasonable probability, would have added to the estate had he died a natural death; and

h. Attorneys' fees and court costs.

## XII.
## SURVIVAL DAMAGES TO THE ESTATE OF ANGEL GARCIA

24. Plaintiffs respectfully request the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate the estate:

a. The physical, conscious pain and suffering Angel Garcia suffered prior to his death as a result of her injuries sustained from Defendant;

b. The mental anguish Angel Garcia suffered prior to his death as a result of the injuries sustained;

8

c.　　The amount of reasonable medical expenses necessarily incurred as a result of Defendant's negligence;

d.　　The disfigurement Angel Garcia suffered prior to his death as a result of the injuries sustained;

e.　　The physical incapacity and impairment suffered by Angel Garcia until his death;

f.　　The funeral and burial expenses incurred as a result of her death;

g.　　The physical incapacity and impairment suffered by Angel Garcia until his death; and

h.　　The reasonable amount of past wages from the date of Garcia's death to present and the loss of future income reasonably expected during Garcia's lifetime.

## XIII.
## EXEMPLARY DAMAGES

25.　　Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, Defendants' conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of such conduct.

26.　　Nevertheless, Defendants proceeded with a conscious indifference to the rights, safety or welfare of others, including Plaintiffs. Therefore, Defendants are liable for exemplary/punitive damages.

## XIV.
## MAXIMUM MONETARY RELIEF

27.　　Pursuant to TEX. R. CIV. P. 47, Plaintiffs seek damages in excess of $1,000,000.00 and demands a judgment for all other relief to which he is entitled. The maximum amount Plaintiffs will seek is $50,000,000.00.

9

## XV.
## CONDITIONS PRECEDENT

28.     All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## XVI.
## JURY DEMAND

29.     Plaintiffs DEMAND A TRIAL BY JURY and tender the appropriate fee.

## XVII.
## PRAYER

30.     For the above reasons, Plaintiffs pray they have judgment against Defendants, jointly and severally, together with interest on the judgment at the legal rate, pre-judgment interest, costs of court and for such other further relief, both in law and equity, to which the Plaintiffs may show themselves justly entitled.

Respectfully Submitted,

THE GIBSON LAW FIRM

Jason A. Gibson
State Bar No. 24000606
Clifford D. Peel II
State Bar No. 24068776
Casey L. Jordan
State Bar No. 24090599
The Lyric Centre
440 Louisiana, Suite 2050
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify a copy of this document was served to all counsel of record by first class regular mail and/or fax on December 29, 2014.

_____

Jason A. Gibson

Print this page

# Case # 201376550 - GARCIA, JOSEFINA (INDIVIDUALLY AND AS HE v J T VAUGHN CONSTRUCTION INC (DBA VAUGH C

## Case Information

| | |
|---|---|
| Location | Harris County - 80th Civil District Court |
| Date Filed | 12/29/2014 03:09:02 PM |
| Case Number | 201376550 |
| Case Description | GARCIA, JOSEFINA (INDIVIDUALLY AND AS HE v J T VAUGHN CONSTRUCTION INC (DBA VAUGH C |
| Assigned to Judge | |
| Attorney | Jason Gibson |
| Firm Name | Gibson Law Firm |
| Filed By | Jason Gibson |
| Filer Type | Attorney |

**Fees**

| | |
|---|---|
| Convenience Fee | $0.06 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $2.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $2.06 |

**Payment**

| | |
|---|---|
| Account Name | Amex |
| Transaction Amount | $2.06 |
| Transaction Response | Approved |
| Transaction ID | 5945401 |
| Order # | 003605052-0 |

## No Fee Documents Not Answers

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | No Fee Documents Not Answers |
| Filing Description | Plaintiffs' Second Amended Petition |
| Reference Number | GARCIA |
| Comments | |

Please find attached for filing Plaintiffs' Second Amended Petition.
Thanks!

Status                    Accepted
Accepted Date             2014-12-29 21:52:34 UTC
**Fees**
Court Fee                 $0.00
Service Fee               $0.00
**Documents**

*Lead Document*           Plaintiffs' Second Amended Petition-        [Original] [Transmitted]
                          GARCIA.pdf


**eService Details**

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Clark S Butler cbutler@tmlfpc.com | The Miller Law Firm | EServe | Sent | Yes | 12/29/2014 03:15:01 PM |
| J.J. Knauff jknauff@tmlfpc.com | The Miller Law Firm | EServe | Sent | Yes | Not Opened |
| Jay K Webb kwebb@tmlfpc.com | The Miller Law Firm | EServe | Sent | Yes | 12/29/2014 03:13:44 PM |
| Johnnie Dillard jdillard@tmlfpc.com | The Miller Law Firm | EServe | Sent | Yes | Not Opened |
| Michael A. Miller mmiller@tmlfpc.com | The Miller Law Firm | EServe | Sent | Yes | Not Opened |
| Pamela C Nelson pnelson@tmlfpc.com | The Miller Law Firm | EServe | Sent | Yes | Not Opened |
| Debra Scott dscott@tmlfpc.com | The Miller Law Firm | EServe | Sent | Yes | 12/29/2014 03:20:30 PM |
| Robyn Cruze rcruze@tmlfpc.com | The Miller Law Firm | EServe | Sent | Yes | 12/29/2014 03:41:21 PM |
| Karen Morgan kmorgan@tmlfpc.com | The Miller Law Firm | EServe | Sent | Yes | Not Opened |
| JAG E-File efile@jag-lawfirm.com | | EServe | Sent | Yes | 12/29/2014 03:52:47 PM |

# THE GIBSON LAW FIRM

## FAX COVER SHEET

**TO:**    Michael A. Miller                            **FAX:** (469) 916-2555
           The Miller Law Firm

**DATE:**  December 29, 2014

**FROM:**  Jason A. Gibson/jt

## WE ARE SENDING (12) PAGES (including this page).

**RE:**    Cause No. 2013-76550; *Josefina Garcia, Individually, et al v. J.T. Vaughn Construction, LLC d/b/a Vaughn Construction, et al*; In the 80th Judicial District Court, Harris County, Texas

**MESSAGE:**    Please see attached:

**1)** Plaintiffs' Second Amended Petition

## If you do not receive the entire FAX, or are not receiving it clearly, please call us at (713) 650-1010.

THIS FAX IS INTENDED ONLY FOR USE OF THE ADDRESSEE. THIS INFORMATION IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AND RETURN TO THE ABOVE ADDRESS BY THE U.S. POSTAL SERVICE.

*************** -COMM. JOURNAL- ******************** DATE DEC-29-2014 ***** TIME 16:30 ********

    MODE = MEMORY TRANSMISSION          START=DEC-29 16:09    END=DEC-29 16:30

       FILE NO.=446

| STN NO. | COMM. | STATION NAME/EMAIL ADDRESS/TELEPHONE NO. | PAGES | DURATION |
|---|---|---|---|---|
| 001 | 407 | ā14699162555 | 000/012 | 00:03:33 |

                                               -THE GIBSON LAW FIRM    -

***** e-STUDIO190F ****************** -        - ***** -        - *********

 # THE GIBSON LAW FIRM

## FAX COVER SHEET

**TO:** Michael A. Miller
The Miller Law Firm

**FAX:** (469) 916-2555

**DATE:** December 29, 2014

**FROM:** Jason A. Gibson/jt

### WE ARE SENDING (12) PAGES (including this page).

**RE:** Cause No. 2013-76550; *Josefina Garcia, Individually, et al v. J.T. Vaughn Construction, LLC d/b/a Vaughn Construction, et al;* In the 80th Judicial District Court, Harris County, Texas

**MESSAGE:** Please see attached:

**1)** Plaintiffs' Second Amended Petition

**If you do not receive the entire FAX, or are not receiving it clearly, please call us at (713) 650-1010.**

THIS FAX IS INTENDED ONLY FOR USE OF THE ADDRESSEE. THIS INFORMATION IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AND RETURN TO THE ABOVE ADDRESS BY THE U.S. POSTAL SERVICE.

## Jana Thompson

**From:** Jana Thompson
**Sent:** Monday, December 29, 2014 4:28 PM
**To:** jdillard@tmlfpc.com
**Subject:** E-Filed Docs - Cause No. 2013-76550
**Attachments:** Plaintiffs' 2nd Amended Petition.pdf

Good afternoon. Please see attached for the above referenced case. Should you have any questions, please do not hesitate to contact our office. I've attempted to fax, but for whatever reason it doesn't seem to be going through.

Thanks,

 THE GIBSON LAW FIRM

Jana L. Thompson
The Gibson Law Firm
440 Louisiana, Suite 2400
Houston, Texas 77002
Phone: 713.650.1010
Fax: 713.650.1011
www.jag-lawfirm.com

# TAB 2

| | | |
|---|---|---|
| JOSEFINA GARCIA, Individually | § | IN THE DISTRICT COURT OF |
| and as Representative of the ESTATE | § | |
| OF ANGEL GARCIA, and | § | |
| ORBELINDA HERRERA, as Next | § | |
| Friend of ASHLEY GARCIA and BRIAN | § | |
| GARCIA, Minors | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| J.T. VAUGHN CONSTRUCTION, LLC, | § | |
| d/b/a VAUGHN CONSTRUCTION, | § | |
| MANHATTAN CONSTRUCTION | § | |
| CO., INC., MANHATTAN \| VAUGHN, JVP, | § | |
| TEXAS CURB CUT, INC., TEXAS | § | |
| CUTTING & CORING GROUP, INC. | § | |
| and LINDAMOOD DEMOLITION, INC. | § | 80th JUDICIAL DISTRICT |

## PLAINTIFF JOSEFINA GARCIA'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT MANHATTAN | VAUGHN, JVP

TO: Defendant, MANHATTAN | VAUGHN, JVP, by and through its attorney of record, Michael A. Miller, The Miller Law Firm, Turtle Creek Centre, 3811 Turtle Creek Blvd., Suite 1950, Dallas, Texas 75219.

Plaintiff, Josefina Garcia, Individually and as Representative of the estate of Angel

Garcia, serves her First Request for Production to Defendant Manhattan | Vaughn, JVP

pursuant to Rule 196 of the Texas Rules of Civil Procedure.

Respectfully Submitted,

**THE GIBSON LAW FIRM**



Jason A. Gibson
State Bar No. 24000606
Clifford D. Peel II
State Bar No. 24068776
The Lyric Centre
440 Louisiana, Suite 2400
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify a copy of this document was served to all counsel of record by first class regular mail and/or fax on March 11, 2014.

Jason A. Gibson

2

## DEFINITIONS

"Manhattan | Vaughn" refers to Manhattan | Vaughn, JVP.

"Lindamood" refers to Lindamood Demolition, Inc.

"Kyle Field renovation project" refers to the construction and demolition project during which the subject incident took place.

"Northeast pedestrian ramp" refers to the structure location of the subject incident.

## FIRST REQUEST FOR PRODUCTION

*PLEASE PRODUCE THE FOLLOWING:*

1. All records documenting Angel Garcia's employment with Manhattan | Vaughn, including but not limited to personnel files, work history, time logs, payment records and training logs.

2. All contracts or other written agreements entered between Manhattan | Vaughn, Texas A & M or any defendant in this case, related to the Kyle Field renovation project.

3. All correspondence between Manhattan | Vaughn, Texas A & M or any other entity or defendant in this case, related to the Kyle Field renovation project, including but not limited to correspondence related to contracts or agreements for the performance of activities related to construction, construction management, accident prevention or safety at the work site.

4. All documents related to, documenting or describing the scope of work to be performed by Manhattan | Vaughn for the Kyle Field renovation project.

5. All documents related to or discussing demolition work, purchase of materials, supplies, provision of equipment, provision of labor, safety, insurance and workers' compensation, as it applies to any defendant in this case.

6. All documents and correspondence related to the progress of the Kyle Field renovation project between or among the parties, including Manhattan | Vaughn, Lindamood, or any other party with responsibilities on the Kyle Field renovation project site.

7. All notes and documents in possession of Manhattan | Vaughn regarding inspections performed by OSHA on the Kyle Field renovation project.

8. All documents related to inspections done on the Kyle Field renovation project, including but not limited to the area where Angel Garcia was working and killed.

9.     All minutes of meetings (or other similar document) at which planning, risk management, engineering, demolition or safety was discussed.

10.    All recordings or videos of the work being performed on the Kyle Field renovation project, including audio or video footage of the incident in question.

11.    All documents identifying safety issues or concerns as it pertains to the Kyle Field renovation, including but not limited to the demolition process and the work being performed by Angel Garcia and his employer.

12.    All documents mentioning actions taken by defendants to correct any safety issues that were identified, as it pertains to the Kyle Field renovation project.

13.    All documents and plans of the Kyle Field renovation project, including but not limited to blue prints, specifications, structural general notes and structural plan sheets, defining demolition work to be performed on the existing northeast pedestrian ramp.

14.    All documents including specifications, general conditions and supplemental conditions generated by any party or other entity, describing the scope of work and/or services (specifically including safety and demolition) to be done on the Kyle Field renovation project.

15.    All correspondence between Manhattan | Vaughn and any other entity involved with the Kyle Field renovation project that mentions job progress, scheduling, safety, hazard identification or job-site hazards.

16.    All documents related to the Kyle Field renovation project, which mention the methods and/or schedule of performance of demolition work to be performed by Manhattan | and its employees.

17.    All minutes of Pre-Construction meetings related to Kyle Field renovation project.

18.    All contracts issued by Manhattan | Vaughn related to the structural demolition scope of work being performed on the northeast pedestrian ramp where the subject incident occurred on 12/3/2013.

19.    All correspondence and emails between Manhattan | Vaughn and Lindamood related to demolition activities and the Kyle Field renovation project.

20.    All documents reflecting responsibilities of Manhattan | Vaughn employees related to performance or oversight of demolition activities.

4

21. All documents which show engineering surveys performed by any party or entity, related to the demolition of structural concrete for the Kyle Field renovation project, pursuant to OSHA 29 CFR 1926.850(a).

22. All documentation and correspondence discussing engineering surveys performed by any party or entity, related to the demolition of structural concrete for the Kyle Field renovation project, pursuant to OSHA 29 CFR 1926.850(a).

23. All documents reflecting qualifications and training of persons who performed engineering surveys related to the demolition of structural concrete on the Kyle Field renovation project, pursuant to OSHA 29 CFR 1926.850(a).

24. All documents reflecting qualifications and training of persons who operated equipment (machinery) for Manhattan | Vaughn such as the Caterpillar Skid-Steer Loader being operated by Angel Garcia at the time of his death.

25. All documents, details or sketches addressing the specific dimensions and scope of the demolition of the concrete structure being worked on by Angel Garcia immediately prior to the subject collapse that led to Mr. Garcia's fall.

26. All documents reflecting observations by any party or person regarding the nature of spalling (or failure) of existing concrete members of the northeast, spiral pedestrian ramp during demolition activities prior to the time of the subject incident.

27. All documents showing inspections and inspection results of the demolition activities being performed on the northeast spiral, pedestrian ramp.

28. All Job Hazard Analyses, Job Safety Analyses (JHA, JSA or similar such formal process) done for the work activities of the demolition of structural concrete of the northeast pedestrian ramp, including the specific work being done by Angel Garcia.

29. All documents and plans for temporary shoring to be utilized during the demolition work of structural concrete of the northeast pedestrian ramp, at the location of the subject incident.

30. All correspondence, documents and emails between Manhattan | Vaughn (or any other party or entity) and Lindamood, reflecting the designation of a Competent Person proposed by Lindamood for the Kyle Field renovation project, as required by OSHA regulations 29 CFR 1926.20(b)(2).

31. All safety management or accident prevention programs, policies, manuals, safety-related rules and requirements for all work to be performed within the scope of the Kyle Field renovation project.

32. All safety management or accident prevention programs, policies, manuals, safety-related rules, etc. related to the Kyle Field renovation project, created or adopted by Manhattan | Vaughn prior to the incident which were required by the authority of Manhattan | Vaughn to be utilized by subcontractors or others on the Kyle Field renovation project.

33. All published requirements of any federal, state or local agency or any related standard of any national consensus standard promulgating organization, addressing requirements or recommendations for accident prevention and for the protection of employees or others on site with which Manhattan | Vaughn acknowledges they or others under the authority of Manhattan | Vaughn were to comply or operate on the Kyle Field renovation project on the date of the incident.

34. All documents reflecting statements by employees of Manhattan | Vaughn or any other party on the Kyle Field renovation project site describing the incident in question.

35. All documents reflecting statements by employees of Manhattan | Vaughn or any other party on the Kyle Field renovation project site describing the events leading up to the subject incident, or the incident itself.

36. All initial-employment safety orientation, any specific safety management or accident prevention training or seminars provided by Manhattan | Vaughn or by any party, to employees of any contractor or subcontractor working on the Kyle Field renovation project.

37. All periodic reports of the progress of work performed on the Kyle Field renovation project.

38. All reports of accidents, on the job injuries or accident statistics related to the Kyle Field renovation project.

39. All records or minutes of periodic safety "toolbox" or "tailgate" meetings performed on the job site, dating from the commencement of demolition activities through 12/31/2013, with employees and/or with other contractors or subcontractors on the Kyle Field renovation project, including records of the topics discussed and attendance lists.

40. All reports of the incident made by any party or person.

41. All schedules related to the Kyle Field renovation project, listing milestone dates, depicting the proposed progress of construction, schedules reflecting proposed progress for demolition activities on the subject pedestrian ramp involved in the subject incident.

6

42. All job-site safety inspection reports (dated from the start of construction of the Kyle Field renovation project through 12/31/2013).

43. All checklists utilized on the Kyle Field renovation project to assist in performance of job-site safety inspection efforts, and specifically, all such checklists or documents which relate to or mention the subject of demolition, structural integrity or safety.

44. All written procedures or requirements for the pre-qualification and selection of contractors or subcontractors for the Kyle Field renovation project.

45. All records of formal training given to any worker or employee (assigned to the Kyle Field renovation project prior to the subject incident), related to the methods and techniques of demolition activities, in general, and specifically, demolition of concrete structures.

46. All reports generated as a result of the subject incident.

47. All OSHA reports or documents, including correspondence, related to the subject incident.

48. All documents related to any investigation conducted as a result of the incident in question.

49. Color copies of all photographs and videos taken of the scene of the subject incident, before and after the incident.

50. All pictures and videos generated as a result of any investigation conducted after the incident in question.

51. All videos and footage taken by the "construction cams" of the Kyle Field renovation project during the period of 11/1/2013 through 12/31/2013.

52. All documents of the overall site plan reflecting the scope and layout of the Kyle Field renovation project.

53. All documents reflecting the name of each company or contractor present at the Kyle Field work site on the day Angel Garcia was killed.

54. All documents reflecting the names of every worker at the Kyle Field work site on the day Angel Garcia was killed.

55. All specifications, limitations, maximum weight loads or warnings provided with, or attached to, the Caterpillar Skid-Steer Loader being operated by Angel Garcia at the time he was killed.

7

56. The owner's and/or operator's manual for the Caterpillar Skid-Steer Loader being operated by Angel Garcia at the time he was killed.

57. All structural integrity testing done on the concrete structure in the area where Angel Garcia was working on the day of the incident in question. This includes testing done prior to and after the exact moment when the incident in question occurred.

58. All testing, engineering or otherwise, done on the concrete structure in the area where Angel Garcia was working on the day of the incident in question. This includes testing done prior to and after the exact moment when the incident in question occurred.

59. All work plans for the specific work Angel Garcia was performing when he was killed.

60. All correspondence between defendants in this case and any insurance company, regarding coverage for personal injury or death claims, before the incident in question.

61. All correspondence between defendants in this case and any insurance company, regarding coverage for personal injury or death claims, after the incident in question.

62. All correspondence between defendants in this case regarding the incident in question.

63. All insurance reports regarding the incident in question.

64. All documents relied up or reviewed by any person, entity or insurer, to generate a report regarding the incident in question.

65. All permits obtained for the demolition work being performed as a part of the Kyle Field renovation project.

66. All waivers of conflict signed, allowing representation of all Defendants by one law firm.

8

# TAB 3

Cause No. 2013-76550

| | | |
|---|---|---|
| JOSEFINA GARCIA, Individually | § | IN THE DISTRICT COURT OF |
| and as Heir to the Estate of ANGEL | § | |
| GARCIA (Deceased); and ORBELINDA | § | |
| HERRERA, as Next Friend of ASHLEY | § | |
| GARCIA and BRYAN GARCIA (Minors) | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| J.T. VAUGHN CONSTRUCTION, LLC, | § | |
| d/b/a VAUGHN CONSTRUCTION; | § | |
| MANHATTAN CONSTRUCTION | § | |
| CO., INC.; MANHATTAN\|VAUGHN, JVP; | § | |
| TEXAS CUTTING & CORING LP; | § | |
| TEXAS CUTTING & CORING GP, INC.; | § | |
| and LINDAMOOD DEMOLITION, INC. | § | 80th JUDICIAL DISTRICT |

## PLAINTIFFS' SECOND MOTION TO COMPEL DEFENDANTS' ANSWERS & RESPONSES TO WRITTEN DISCOVERY

TO THE HONORABLE LARRY WEIMAN:

Plaintiffs, JOSEFINA GARCIA, Individually and as Heir to the Estate of ANGEL GARCIA; and ORBELINDA HERRERA, as Next Friend of ASHLEY GARCIA and BRYAN GARCIA, Minors (hereinafter "Plaintiffs"), file this Second Motion to Compel Defendants J.T. VAUGHN CONSTRUCTION, LLC, d/b/a VAUGHN CONSTRUCTION; MANHATTAN CONSTRUCTION CO., INC.; MANHATTAN\|VAUGHN, JVP; TEXAS CUTTING & CORING LP; TEXAS CUTTING & CORING GP, INC.; and LINDAMOOD DEMOLITION, INC.'s (hereinafter "Defendants") Answers & Responses to Written Discovery and would respectfully show:

### I.
### FACTS

1. Since filing Plaintiffs' first Motion to Compel Defendants' Responses to Requests for Disclosure, Defendants' have also failed to fully respond to Plaintiffs' Interrogatories and Requests for Production that were due on April 30, 2014 at 5:00pm. Despite the

allowance of additional time, Defendants yet again disregarded a discovery deadline and failed to respond in the following ways:

A.  **J.T. Vaughn Construction, LLC, d/b/a Vaughn Construction:**
    *Due Date: 4/30/14 @ 5:00pm*
    Outstanding Responses:
    1. All BATES labels referencing documents responsive to each request for production.

    2. RFP No. 13 - Blueprints and plans of Kyle Field.

    3. RFP No. 25 - Documents, details and sketches that address specific dimensions and scope of demolition of concrete structure being worked on immediately prior to subject collapse.

    4. RFP No. 26 - Documents reflecting observations by any party or person regarding the nature of spalling (or failure) of existing concrete members of the northeast, spiral pedestrian ramp during demolition activities prior to the time of the subject incident.

    5. RFP No. 29 - Documents and plans for temporary shoring to be utilized during the demolition work of structural concrete of the NE pedestrian ramp, at the locations of the subject incident.

    6. RFP No. 34 - All documents reflecting statements by employees of MVJV or any other party on the Kyle Field renovation project site describing the incident in question.

B:  **Manhattan Construction Co., Inc.:**
    *Due Date: 4/30/14 @ 5:00pm*
    Outstanding Responses:
    1. All BATES labels referencing documents responsive to each request for production.

    2. RFP No. 13 - Blueprints and plans of Kyle Field.

    3. RFP No. 18 - All contracts issued by Manhattan Construction related to structural demolition performed on northeast pedestrian ramp.

    4. RFP Nos. 21& 22 - Engineering surveys related to the demolition of structural concrete for Kyle Field. This is required by OSHA Standard 1926.850(a). Defendant's response states it has "none."

2

5. RFP No. 40 - Missing incident reports referenced in Defendant's production set:

> Safety Report of Injury, Accident Investigation, and DWC Form-1 as referenced in MANHATTAN000667

> Formal Incident Report as referenced in MANHATTAN000674

## C: Manhattan|Vaughn, JVP:

*Due Date: 4/30/14 @ 5:00pm*

Outstanding Responses:

1. All BATES labels referencing documents responsive to each request for production.

2. RFP No. 13 - All documents and plans of Kyle Field renovation project, including but not limited to blue prints, specifications, and structural plan sheets, defining demolition work to be performed on the existing northeast pedestrian ramp as referenced in MVJV000458-459.

3. RFP No. 13 - Project specifications for demolition work as referenced in MVJV000442-000443.

4. RFP No. 16 - Actual project schedule for demolition activities. Defendant only provided draft schedule at MVJV000544-604.

5. RFP Nos. 21& 22 - Engineering surveys related to the demolition of structural concrete for Kyle Field. This is required by OSHA Standard 1926.850(a). Defendant's response states it has "none."

6. RFP No. 25 - All documents, details or sketches addressing specific dimensions and scope of demolition. Project documents require that Building Information Modeling (BIM) models, images and data be used for construction. See MVJV000176-178.

7. ROG No. 19 - Defendant failed to identify all permits obtained for the demolition work performed at Kyle Field.

3

**D:  Texas Cutting & Coring LP:**
  *Due Date: 4/30/14 @ 5:00pm*
  Outstanding Responses:

1.  <u>All</u> written answers and responses to Plaintiffs' interrogatories and requests for production without objections. This includes all documents responsive to Plaintiffs' requests for production. To date, Defendant has only produced responses to Plaintiffs' Requests for Disclosure.

**E:  Lindamood Demolition, Inc.:**
  *Due Date: 4/30/14 @ 5:00pm*
  Outstanding Responses:

1.  ROG No. 7 - Defendant did not provide any of the requested information regarding past OSHA violations.

2.  ROG No. 18 - Defendant failed to identify all remedial measures it took after the subject incident.

3.  ROG No. 19 - Defendant failed to identify all permits obtained for the demolition work performed at Kyle Field.

4.  ROG No. 20 - Defendant failed to identigy any workers employed by Defendant who were injuried on Kyle Field project since the date of the subject incident.

5.  @LMD000286 - Employer's First Report of Injury: states that the "List of witnesses" was attached. This list was not included in Defendant's production set.

6.  @LMD000332 - Contract documents were not included with Defendant's subcontract with Defendant Manhattan Vaughn, JV.

7.  @LMD000758 - The written statement of Daniel Burge is incomplete.

8.  RFP Nos. 21-23 - Engineering surveys and information related to personnel who conducted those surveys. This is required by OSHA Standard 1926.850(a). Defendant's response states "no responsive documents have been identified at this

4

time."

9.    RFP No. 40 - Missing incident reports referenced in Defendant's production set:
        Summary Report referenced LMD000480;
        Investigation Report referenced LMD000482;
        Safety Violation Report referenced LMD000498

## II.
## MOTION TO COMPEL RESPONSES

2.    The Court may compel a party to provide answers and responses to properly served discovery requests.[1] To date, all Defendants have failed to timely respond to Plaintiffs' Interrogatories and Requests for Production. Failure to timely plead objections from discovery will result in waiver of any object or claimed privilege.[2] Therefore, Defendants must be compelled to provide these responses.

## III.
## REQUEST FOR RELIEF

3.    Plaintiffs ask the Court to *GRANT* Plaintiffs' Second Motion to Compel Defendants', J.T. VAUGHN CONSTRUCTION, LLC, d/b/a VAUGHN CONSTRUCTION; MANHATTAN CONSTRUCTION CO., INC.; MANHATTAN|VAUGHN, JVP; TEXAS CUTTING & CORING LP; TEXAS CUTTING & CORING GP, INC.; and LINDAMOOD DEMOLITION, INC.'s Answers & Responses to Plaintiffs' Written Discovery.

---

1 Tex. R. Civ. P. 215.1(b).

2 *See In re Kevin Gore*, 251 S.W.3d 696, 700 (Tex. App.—San Antonio 2007, orig. proceeding).

5

Respectfully Submitted,

THE GIBSON LAW FIRM

Jason A. Gibson
State Bar No. 24000606
Clifford D. Peel II
State Bar No. 24068776
Jonathan D. Sneed
State Bar No. 24085594
The Lyric Centre
440 Louisiana, Suite 2400
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify a copy of this document was served to all counsel of record by first class regular mail and/or fax on June 12, 2014.

Jonathan D. Sneed

2

Cause No. 2013-76550

| | | |
|---|---|---|
| JOSEFINA GARCIA, Individually | § | IN THE DISTRICT COURT OF |
| and as Heir to the Estate of ANGEL | § | |
| GARCIA (Deceased); and ORBELINDA | § | |
| HERRERA, as Next Friend of ASHLEY | § | |
| GARCIA and BRYAN GARCIA (Minors) | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| J.T. VAUGHN CONSTRUCTION, LLC, | § | |
| d/b/a VAUGHN CONSTRUCTION; | § | |
| MANHATTAN CONSTRUCTION | § | |
| CO., INC.; MANHATTAN│VAUGHN, JVP; | § | |
| TEXAS CUTTING & CORING LP; | § | |
| TEXAS CUTTING & CORING GP, INC.; | § | |
| and LINDAMOOD DEMOLITION, INC. | § | 80th JUDICIAL DISTRICT |

## ORDER GRANTING PLAINTIFFS' SECOND MOTION TO COMPEL DEFENDANTS' ANSWERS & RESPONSES TO WRITTEN DISCOVERY

The Court heard Plaintiffs' Second Motion to Compel Defendants', J.T. Vaughn Construction, LLC, d/b/a Vaughn Construction; Manhattan Construction Co., Inc.; Manhattan│Vaughn, JVP; Texas Cutting & Coring LP; Texas Cutting & Coring GP, Inc.; and Lindamood Demolition, Inc. (collectively "Defendants"), Answers & Responses to Written Discovery. After reviewing the pleadings, the evidence and arguments by counsel, if any, the Court *GRANTS* Plaintiffs' Motion to Compel.

The Court orders Defendants to submit answers and responses to Plaintiffs' written discovery without objections on or before _____, 2014.


SIGNED ON _____, 2014.



_____
HON. LARRY WEIMAN

# TAB 4



## CAUSE NO. 2013 76550

| | | |
|---|---|---|
| JOSEFINA GARCIA, Individually and, | § | IN THE DISTRICT COURT, |
| as Heir to the ESTATE OF ANGEL | § | |
| GARCIA (Deceased); and ORBELINDA | § | |
| HERRERA, as Next Fried of ASHLEY | § | |
| GARCIA and BRIAN GARCIA | § | |
| (Minors), | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | 80TH JUDICIAL DISTRICT |
| J.T. VAUGHN CONSTRUCTION, LLC, | § | |
| d/b/a VAUGHN CONSTRUCTION, | § | |
| MANHATTAN CONSTRUCTION CO., | § | |
| INC., MANHATTAN \| VAUGHN, JVP, | § | |
| TEXAS CUTTING & CORING, LP, | § | |
| TEXAS CUTTING & CORING GP, | § | |
| INC., and LINDAMOOD | § | |
| DEMOLITION, INC., | § | |
| | § | |
| Defendants | § | OF HARRIS COUNTY, TEXAS |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND MOTION TO COMPEL ANSWERS AND RESPONSES TO WRITTEN DISCOVERY

**TO THE HONORABLE JUDGE WEIMAN:**

COMES NOW J. T. Vaughn Construction, LLC, d/b/a Vaughn Construction, Manhattan Construction Co., Inc., Manhattan | Vaughn, Texas Cutting & Coring, LP, and Lindamood Demolition, Inc., (collectively "Defendants" herein) in the above-styled and numbered cause, and file this, their Response to Plaintiffs' Second Motion to Compel Defendants' Answers and Responses to Written Discovery. In support of same, Defendant would respectfully show the Court the following:

# I.

## PROCEDURAL BACKGROUND/UNDISPUTED FACTS

**1.1**    Plaintiffs originally filed suit in this matter on December 23, 2013 against J.T. Vaughn Construction, LLC, d/b/a Vaughn Construction, Manhattan Construction Co., Inc., Manhattan | Vaughn, Texas Curb Cut, Inc., Texas Cutting & Coring Group, Inc., and Lindamood Demolition, Inc. Accompanying the Original Petition were discovery requests directed to each Defendant, including requests for disclosure, numerous requests for production, and extensive interrogatories.

**1.2**    On April 17, 2014, Plaintiffs filed their First Amended Petition. Texas Curb Cut, Inc. and Texas Cutting & Coring Group, Inc. were non-suited by virtue of not being listed as parties to the litigation. In their place were included Texas Cutting & Coring, LP and Texas Cutting & Coring GP, Inc. As of this writing, Texas Cutting & Coring GP, Inc. has not been served with citation.

**1.3**    On May 2, 2014, during a hearing on Plaintiffs' first Motion to Compel, the trial court made it abundantly clear that discovery disputes, should they arise, should first be addressed by phone calls between the counsel to try and work out matters before seeking court relief.

**1.4**    The Defendants provided an example of how to resolve discovery problems without first resorting to motions and hearing prior to the deposition of Orbelinda Herrera on June 13, 2014. Defendant's counsel pointed out that Plaintiffs' counsel sent out interrogatory responses that were not verified or signed by Plaintiffs' counsel and that he wanted to bring that to their attention instead of filing a motion to compel. See **Exhibit "A,"** a true and correct copy of an excerpt from the deposition of Orbelinda Herrera, page 4, attached hereto and incorporated by reference as if set forth verbatim herein.

**1.5** Plaintiffs have considerably complicated responding to their Motion to Compel by failing to attach the discovery responses they are complaining of to their Motion. There are four putative plaintiffs in this matter (Josefina Garcia, Individually, Josephina Garcia as Heir to the Estate of Angel Garcia, Orbelinda Herrera as Next Friend of Ashley Garcia, and Orbelinda Herrera as Next Friend of Bryan Garcia), most or all of which have served written discovery on one or more defendants. Further, the Plaintiffs make inaccurate statements regarding the alleged tardiness of Defendants' Responses. This is not the first time that Plaintiffs have had trouble understanding the Texas Rules of Civil Procedure pertaining to service of documents, as discussed in Defendants' Response to Plaintiff's Motion to Compel, which is incorporated by reference as if set forth verbatim herein.

## II.

## ADDITIONAL RELEVANT FACTS AND ARGUMENT

**2.1** Defendant first notes that Plaintiffs' Second Motion to Compel Defendants' Answers and Responses to Written Discovery does not contain a certificate of conference as required by Rule 3.3.6 of the Rules of The Civil Trial Division of the Harris County District Court Rules. *See* HARRIS COUNTY DISTRICT COURTS, CIVIL TRIAL DIV. R. 3.3.6. The Local Rules do not suggest a remedy for this failure to follow the Local Rules, but the omission is indicative of the lack of communication from Plaintiffs regarding discovery issues.

**2.2** Defendants next point out that Plaintiffs' Motion does not indicate any attempts to reconcile the discovery dispute prior to filing the Motion and setting it for hearing. As will be discussed below, it is quite possible that many of these issues could have been cleared up without the necessity of taking up the Court's time.

2.3    While the defendants involved in this Motion to Compel have common representation, each has followed the Texas Rules of Civil Procedure in that each has only produced documents over which it has control. This extends to Vaughn and Manhattan who, while also general partners in Manhattan | Vaughn, are subcontractors with limited scopes of work. Vaughn's scope of work concerns concrete work while Manhattan's scope of work is general labor. To prevent confusion and useless redundancy, Manhattan and Vaughn have not produced documents outside of their scope of subcontracting work, and Manhattan | Vaughn has answered as the separate entity it is.

## III.

## Vaughn

3.0    Plaintiffs have segregated their complaints by party, and Defendants will organize their Response in a similar fashion. The first issues to be addressed are the incorrect assertions regarding when the discovery responses were due. For example, by virtue of a Rule 11 agreement, defendant J.T. Vaughn Construction, LLC, d/b/a Vaughn Construction (hereinafter "Vaughn") had until April 30, 2014 to serve its responses to Plaintiff Josephina Garcia's (acting in both capacities) requests for production. See **Exhibit "B,"** a true and correct copy of the Rule 11 Agreement setting that deadline, attached hereto and incorporated by reference as if set forth verbatim herein. Notably, no mention is made that service be made by 5:00 p.m., nor does the agreement specify a method of service. As reflected in the attached **Exhibit "C,"** Vaughn's objections and responses were served April 30, 2014 and were served by certified mail, return receipt requested. See **Exhibit "C,"** a true and correct copy of Vaughn's Objections and Responses to Plaintiff Josefina Garcia's First Request for Production, attached hereto and incorporated by reference as if set forth verbatim herein. Thus, under Texas law, the document

was served in conformity with the Rule 11 agreement. *See* TEX. R. CIV. P. 21a(b)(1), ("Service by mail....shall be complete upon deposit of the document, post-paid and properly addressed, in the mail...."), (c) ("A certificate by....an attorney of record....showing service of a notice shall be prima facie evidence of the fact of service."). Plaintiffs' assertion in this regard is without merit and could have been resolved with a phone call.

3.1     Plaintiffs next complain Vaughn did not provide BATES ranges referencing documents responsive to each request for production. However, there is no requirement in the Texas Rules of Civil Procedure to produce documents in such a manner if the documents are produced as they are kept in the usual course of business. *See* TEX. R. CIV. P. 196.3(c). The Defendants have consistently produced documents in this matter as they were kept by the individual defendants in the usual course of business. Plaintiffs' complain in this regard is without merit. This is another example of a dispute that could have been cured with a phone call prior to expending the effort to draft and file a motion to compel.

3.2     Plaintiffs next assert Vaughn failed to provide "Blueprints and plans of Kyle Field." Plaintiffs fail to mention the full scope of this request for production. The actual request was for "All documents and plans of the Kyle Field renovation project, including but not limited to blue prints, specifications, structural general notes and structural plan sheets, defining demolition work to be performed on the existing northeast pedestrian ramp." This poorly written request seems to ask for all design documents involved in the Kyle Field Renovation Project, both in construction and demolition. The project includes complete demolition of the west stands and construction of new suites, stands, and a new press area. It also included demolition of G. Rolle White Coliseum and the lower seating bowl on the east side of the stadium. The bowl would be replaced with new seats and suites. Additionally, a new south end set of stands to seat up to

19,000 people, a locker room, and other facilities is to be constructed. Other construction involving the north end includes adding of seating. Finally, the playing field has been lowered seven (7) feet and moved eighteen (18) feet to the south. Defendants objected to the overbreadth of the request, the vagueness of the request, the request constituting an impermissible fishing expedition, and the nature of the request seeking irrelevant information. Nonetheless, Vaughn directed Plaintiffs to documents already produced. Indeed, responsive documents have been produced in this matter, although by Manhattan | Vaughn, not Vaughn.

3.3     Plaintiffs next assert Vaughn failed to provide documents relating to the scope of demolition of "concrete structure being worked on immediately prior to subject collapse." Again, Plaintiffs' Motion does not reflect the scope of the actual request made. Request For Production 25 requests "All documents, details, or sketches addressing the specific dimensions and scope of the demolition of the concrete structure being worked on by Angel Garcia immediately prior to the subject collapse that led to Mr. Garcia's fall." At the time of the subject incident, Mr. Garcia was working on a multi-story pedestrian ramp. Further, no collapse occurred that led to Mr. Garcia's fall. Mr. Garcia was killed when the skid-steer he was operating fell off the ramp and landed on the ground. Defendant lodged numerous objections to the request. Finally, Defendant stated that responsive documents, if any, would be produced. In fact, responsive documents have been produced in this matter.

3.4     Plaintiffs next assert Vaughn failed to provide documents reflecting "observations by any party or person regarding the nature of spalling (or failure) of existing concrete members of the northeast spiral pedestrian ramp during demolition activities prior to the time of the subject incident. This is another request unlimited in time and scope. Defendant also stated that

responsive documents, if any, would be produced. To date, Defendant has found no discoverable documents responsive to this request.

3.5     Plaintiffs next assert Vaughn failed to provide documents and plans "for temporary shoring to be utilized during the demolition work of structural concrete of the NE pedestrian ram, at the locations [sic] of the subject incident. This is yet another request unlimited in time and scope. It also assumes that temporary shoring was used and/or needed for the demolition work. Again, Defendant stated it would produce responsive documents, if any. Subsequently, Defendant has produced documents responsive to this request.

3.6     Plaintiffs next assert Vaughn failed to provide "all documents reflecting statements by employees of MVJV or any other party on the Kyle Field renovation project site describing the incident in question. Defendant objected to this request as it was duplicative of Plaintiff's previously-served Requests for Disclosure, which were included in Plaintiffs' Original Petition, which rendered this request for production improper discovery. Should Plaintiffs wish to see statements, they may find them in Defendants' responses to the various Requests for Disclosure in this matter.

IV.

Manhattan

4.0     As with Vaughn, Plaintiffs assert that Manhattan Construction Company (hereinafter "Manhattan") failed to file its discovery responses on time. These discovery requests were also the subject of the aforementioned Rule 11 agreement, as discussed earlier in the response. See Exhibit "D," a true and correct copy of Manhattan's Objections and Responses to Plaintiff Josefina Garcia's First Request for Production, attached hereto and incorporated by reference as

if set forth verbatim herein. **Exhibit "D"** demonstrates it was served in conformity the Rule 11 agreement and the Texas Rules of Civil Procedure.

**4.1** Also as with Vaughn, Plaintiffs first assert that Manhattan Construction Company (hereinafter "Manhattan") failed to provide BATES ranges for the documents responsive to each request for production. As noted above, the Rules permit the production of documents in the manner in which they were kept. *See* TEX. R. CIV. P. 196.3(c). This assertion is without merit and its consideration does not promote judicial economy, to put it mildly.

**4.2** Plaintiffs repeat another complaint addressed above when they assert that Manhattan did not produce "blueprints and plans of Kyle Field." Again, the actual request for production is much broader than Plaintiff's would have the Court believe. The actual request for production is: "All documents and plans of the Kyle Field renovation project, including but not limited to blue prints, specification, structural general notes and structural plan sheets, defining demolition work to be performed on the existing northeast pedestrian ramp." As discussed above, this request is overly broad in time and scope, and is objectionable on a variety of levels. Defendant has lodged several objections to this request. Nonetheless, Defendant did not fail to respond; it directed Plaintiff to documents that have been produced elsewhere in discovery. Numerous sets of design plans and drawings have already been produced in this matter, most particularly by Manhattan | Vaughn.

**4.3** Plaintiffs contend Manhattan did not provide all "contracts issued by Manhattan Construction related to structural demolition performed on the northeast pedestrian ramp." Manhattan did not issue any contracts related to structural demolition, as it was not the construction manager-at-risk for this project. Manhattan | Vaughn was the construction manager at-risk for this project. Therefore, Manhattan would not have any responsive documents.

**4.4** Plaintiffs combine complaints regarding two requests for production concerning "engineering surveys related to the demolition of structural concrete for Kyle Field." Plaintiffs further assert that these engineering surveys are required by an OSHA regulation. Manhattan is not acting as a demolition entity on this project, and has no documents responsive to this request.

**4.5** Plaintiffs next complain that Manhattan failed to produce two safety reports referred to in other discovery documents. Plaintiffs cite in their motion, but not in their discovery responses, reports discussed in Manhattan | Vaughn's site specific safety manual for this project. Had Plaintiffs read the manual a little closer, they may have realized that the reports discussed on the cited pages pertain to incidents involving Manhattan | Vaughn personnel, not employees of subcontractors. The employer of the injured employee is required to make the accident and injury report. In this case, Lindamood Demolition employed Mr. Garcia, and they made a first report that has been produced in this matter. In fact, Plaintiffs refer to the report within their Motion to Compel. Plaintiffs have the documents they are looking for.

## V.

### Manhattan | Vaughn

**5.0** As with Vaughn, Plaintiffs assert Manhattan | Vaughn (hereinafter "Manhattan | Vaughn") failed to file its discovery responses on time. These discovery requests were also the subject of the aforementioned Rule 11 agreement, as mentioned earlier in the response. See **Exhibits "E"** and **"F,"** true and correct copies of Manhattan | Vaughn's Objections and Responses to Plaintiff Josefina Garcia's First Request for Production and First Set of Interrogatories, respectively, both attached hereto and incorporated by reference as if set forth verbatim herein. Additionally, both documents demonstrate that they were timely served under the Rule 11 agreement and the Texas Rules of Civil Procedure.

**5.1**    Plaintiffs lodge yet another complaint about the lack of designation of BATES ranges for documents responsive to their individual requests for production. As discussed above, Defendants can and have produced documents as kept in the ordinary course of business. *See* TEX. R. CIV. P. 196.3(c). Accordingly, this complaint is without merit.

**5.2**    Plaintiffs yet again complain regarding the alleged lack of production of "documents and plans of Kyle Field," including information pertaining to demolition work to be performed on the northeast pedestrian ramp. This is, yet again, a request for all design documents for the Kyle Field Redevelopment project, which is obviously unlimited in time and scope. Defendant presented its objections to this request, and again directed Plaintiff to production made in this matter. Multiple sets of drawings, including drawings related to demolition, have been produced in this matter.

**5.3**    Plaintiffs again seek project specifications for demolition work, this time allegedly referenced in two previously-produced documents. This request was also included in RFP 13, discussed above, including Defendant's objections. However, the two previously-produced documents cited by Plaintiff in the motion are not included in the request, nor are they attached to the motion. Nonetheless, Defendant, after making its objections, again referred Plaintiffs to production in this matter. The two pages cited by Plaintiffs are actually portions of the drawing list made part of the contract documents in this matter. As previously noted, sets of demolition drawings have already been produced in this matter.

**5.4**    Plaintiffs seek "actual" project schedule for demolition activities rather than the "draft" schedule provided. This request does not specify what schedule Plaintiffs are looking for, such as the overall project schedule for all trades through 2015 maintained by Manhattan | Vaughn or

the demolition schedule prepared by Lindamood. Lindamood's demolition schedule has been produced repeatedly in this matter, and thus satisfied Plaintiffs' request.

5.5     Plaintiffs again seek "engineering surveys related to the demolition of structural concrete of Kyle Field." Plaintiffs again combine two requests into one complaint. Plaintiffs contend these surveys are required by OSHA "standard" 1926.850(a). Actually, OSHA produces regulations, not standards. Texas law supplies duties and standards of care, not OSHA regulations. *See Abarca v. Scott Morgan Residential, Inc.*, 305 S.W.3d 110, 128 (Tex. App.— Houston [1st Dist.] 2009, pet. denied) ("Texas courts have also held that the common law duties imposed by state law are not expanded by OSHA regulations."). In this phase of the project, no separate documents entitled "Engineering Surveys" have been created or received by the Defendants. The demolition plans signed and sealed by structural engineer of record Rogers Moore satisfy the requirements of engineering surveys, and have already been produced in this matter.

5.6     Plaintiffs next seek "all documents, details, or sketches addressing specific dimensions and scope of demolition." Plaintiffs also seek BIM models, images, and data be used for construction. However, no explicit request for BIM material was made, and as this is electronic material, the request does not conform to Rule 196.4 regarding the production of electronic data, it may be ignored as improper discovery. *See* TEX. R. CIV. P. 196.4 (regarding discovery of electronic materials). Responsive, non-electronic documents responsive to this request have already been produced in this matter.

5.7     Plaintiffs next assert Manhattan | Vaughn failed "to identify all permits obtained for the demolition work performed at Kyle Field." Rather than complain about a response to a request for production, this is a complaint regarding an interrogatory answer. And, after lodging proper

objections, Manhattan fully answered the interrogatory. It stated it had none, and referred Plaintiffs to the answers provided by Lindamood Demolition, Inc., the demolition subcontractor for the project. The request also assumes that demolition permits were required for this project. Plaintiffs cite no legal basis whereby demolition permits would be required for this project.

## VI.

## Texas Cutting & Coring LP

6.0    Plaintiffs' allegation that Texas Cutting & Coring, LP's discovery responses were late is without a basis in fact, including the supposed deadline Texas Cutting & Coring, LP was to have answered discovery. Although Plaintiffs assert Texas Cutting & Coring, LP was to have answered by April 30, 2014, Texas Cutting & Coring, LP was not sued until Plaintiff filed his First Amended Petition on April 17, 2014. Even if the new petition was served on the same day it was filed, and there was discovery included with the petition, the soonest Defendant would have to answer would be fifty days after the dates of service, thus making discovery due at the earliest June 6. 2014. Nonetheless Texas Cutting & Coring, LP timely answered the request for disclosure attached to Plaintiff's petition and all subsequent discovery served upon it. See Exhibit "G," a true and correct copy of Texas Cutting & Coring, LP's response to Plaintiff's request for disclosure, attached hereto and incorporated by reference as if set forth verbatim herein. Plaintiffs' assertion in this regard is wholly without merit.

## VII.

## Lindamood

7.0    As with the previous defendant, Plaintiffs assert that Lindamood Demolition, Inc. (hereinafter "Lindamood") failed to file its discovery responses on time. These discovery requests were also the subject of the aforementioned Rule 11 agreement, as mentioned earlier in

the response. As with all of the other defendants, Lindamood timely answered this discovery. See **Exhibits "H"** and **"I,"** true and correct copies of Lindamood's Objections and Responses to Plaintiffs Josefina Garcia's First Request for Production and Interrogatories, attached hereto and incorporated by reference as if set forth verbatim.

**7.1** Plaintiffs complain Lindamood did not "provide any of the requested information regarding past "OSHA violations. Actually, Interrogatory No. 7 requested all "violations, investigations, citations, warning letters, or reports involving Lindamood for the past ten years regarding: falls, deaths, or the improper on-site operation of construction vehicles, including but not limited to skid steer loaders or demolition." Of course, the interrogatory assumes there are responsive documents. However, once Defendant made its proper objections to the request, Defendant directed Plaintiff to previously-made production. However, as written, Lindamood has no documents responsive to this request, as Lindamood understands the request.

**7.2** Plaintiffs next complain that Plaintiffs failed to "identify all remedial measures it took after the subject incident." Defendant again objected to this Interrogatory, which is Interrogatory No. 18, as exceeding the number of permissible interrogatories, and lodged other objections to this interrogatory. Further, this interrogatory is so poorly written it is impossible to determine what information it seeks. Without clarification, Defendant is unable to provide any answer to the interrogatory.

**7.3** Plaintiffs again complain that a defendant "failed to identify all permits obtained for the demolition work performed at Kyle Field. Defendant objected again that Plaintiffs had exceeded the maximum amount of interrogatories. Defendant made additional objections to the request as well. However, subject to those objections, Defendant answered it had no documents responsive

to this interrogatory. As stated previously, Plaintiffs assume, without a cited basis, that demolition permits were required for this project.

7.4 Plaintiffs complain Lindamood failed to identify "any workers employed by Defendant who were injured on [the] Kyle Field project since the date of the subject incident. Plaintiffs' assertion is incorrect in several respects. First, the interrogatory as written asks for the identity of every worker injured on the job since the Kyle Field Renovation project began, not just Defendant's. Obviously, Defendant cannot know the identity of everyone who may have been hurt on the project. Second, after making proper objections, Defendant identified Mr. Garcia as the only person it knew of as having being hurt during the Project. Plaintiff incorrectly asserts Defendant identified no one in its answer.

7.5 Plaintiffs complain the "List of Witnesses" were not included with the Employer's First Report of Injury or otherwise produced. However, Plaintiff does not indicate which Request for production this document would have been responsive to. Further, as has been shown throughout this response, Plaintiff has not shown a great inclination to search through Defendant's voluminous document production in this matter to find responsive documents. The document in question is a copy of the attendance sheet for the morning JSA with an "X" marking the identity of the witness. This document can be found at LMD 000755 and was part of a supplementation to discovery.

7.6 Plaintiffs contend "contract documents" were not included with Defendant's subcontract with Manhattan | Vaughn, but do not describe what documents they believe are missing. Plaintiff also again fails to identify which request for production this complaint pertains to. These deficiencies make it impossible to respond to this complaint.

**7.7** Plaintiffs next contend the written statement of Daniel Burge is incomplete, but fail to describe how it is incomplete. Plaintiffs also again fail to identify a request for production to which this complaint pertains. Without this information, it is impossible to respond to this complaint.

**7.8** Plaintiffs continue their quest for engineering surveys related to demolition and the identity of persons involved in the surveying for the demolition. At least in this request, the Plaintiffs identify specific requests for production that purportedly sought the complained-of documents, although now three different requests have been compressed into one complaint. As indicated herein, the signed and stamped demolition plans prepared by structural engineer of record Rogers Moore serve as the engineering surveys for this phase of the project.

**7.9** Plaintiffs end their complaints with yet another repeated complaint. This time, it is allegedly missing incident reports, or portions thereof. The actual request, RFP 40, is much broader. It seeks "All reports of the incident made by any party or person." This is a reference to reports discussed in Lindamood's safety plan. However, because of the nature of the incident and the immediate investigation of the incident by several governmental agencies and counsel for Lindamood, Lindamood performed no accident investigation on its own. Accordingly, it has no documents responsive to this request.

## VIII.

## Prayer

**8.1** For the foregoing reasons, Defendants J.T. Vaughn Construction, LLC, d/b/a Vaughn Construction, Manhattan | Vaughn, Manhattan Construction Co., Inc., Texas Cutting & Coring, LP, and Lindamood Demolition, Inc. ask the Court to dismiss deny Plaintiffs Motion, and for all

other relief Defendants may show themselves entitled to, whether individually or collectively, and whether in law or in equity.

Respectfully submitted,

THE MILLER LAW FIRM

/s/ Clark S. Butler
MICHAEL A. MILLER
State Bar No. 14100650
mmiller@tmlfpc.com

CLARK S. BUTLER
State Bar No. 00793437
cbutler@tmlfpc.com

Turtle Creek Centre
3811 Turtle Creek Blvd., Ste 1950
Dallas, Texas 75219
(469) 916-2552 telephone
(469) 916-2555 facsimile

COUNSEL FOR DEFENDANTS J.T.
VAUGHN CONSTRUCTION, LLC, d/b/a
VAUGHN CONSTRUCTION, MANHATTAN
CONSTRUCTION CO., INC., MANHATTAN |
VAUGHN, TEXAS CUTTING & CORING, LP,
AND LINDAMOOD DEMOLITION, INC.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record on this 31st day of June, 2014:

*Via E-Filing*
Jason A. Gibson
The Gibson Law Firm
440 Louisiana, Suite 2050
Houston, Texas 77002
*Counsel for Plaintiffs*

/s/ Clark S. Butler
CLARK S. BUTLER

iDepos Prepared for dscott@tmlfpc.com

P R O C E E D I N G S

(Carol Ramirez sworn as interpreter.)

(The oath was administered.)

MR. BUTLER: Just a little housekeeping first. While prepping for this depo, I noticed that back in April you guys sent us some responses to interrogatories that are not only not verified but they're not signed by y'all, so I'll bring that to your attention.

MR. SNEED: Okay.

MR. BUTLER: Short of filing a motion to compel ahead of time, so just want to put that on the record, bring it to your attention. Now I'll proceed with the depo.

MR. SNEED: Thanks for bringing that to my attention.

MR. BUTLER: That was just a legal document that there was a technicality I wanted to bring to their attention.

ORBELINDA HERRERA,
having been first duly sworn, testified as follows:

EXAMINATION
BY MR. BUTLER:

Q. Would you please state your name.

A. Orbelinda Herrera.

https://www.my.pdf-it.com/idepos/



# THE MILLER LAW FIRM

ATTORNEYS AT LAW

MICHAEL A. MILLER

1811 NORTH CENTRE BLVD, SUITE 1050
DALLAS, TEXAS 75219
TELEPHONE (469) 916-7353
FACSIMILE (469) 916-7353

mmiller@milldr.com

March 31, 2014

*Via Facsimile*
Jason A. Gibson
Andrew Smith
Clifford D. Peel, II
The Gibson Law Firm
2050 The Lyric Centre
440 Louisiana
Houston, TX 77002

Re:     Cause No. 2013-76550; *Josefina Garcia, et al v. J.T. Vaughn Construction, LLC, et al; In the 80th District Court of Harris County, Texas*
File No.

Dear Jason:

In response to your agreement to extend the deadlines for Defendants to respond to Plaintiffs' discovery requests, this will confirm Plaintiffs have agreed to extend the time for Defendants to file / serve their objections, answers, and responses to the following discovery requests until **April 30, 2014**:

1.  Plaintiff's First Set of Interrogatories to Defendant Texas Curb Cut, Inc.;
2.  Plaintiff's First Request for Production to Defendant, Texas Curb Cut, Inc.;
3.  Plaintiff's First Set of Interrogatories to Defendant, Manhattan Construction Co., Inc.;
4.  Plaintiff's First Request for Production to Defendant, Manhattan Construction Co., Inc.;
5.  Plaintiff's First Set of Interrogatories to Defendant, Manhattan / Vaughn, JVP;
6.  Plaintiff's First Request for Production to Defendant, Manhattan / Vaughn, JVP;
7.  Plaintiff's First Set of Interrogatories to Defendant, Lindamood Demolition, Inc.;
8.  Plaintiff's First Request for Production to Defendant, Lindamood Demolition, Inc.;
9.  Plaintiff's First Set of Interrogatories to Defendant, Texas Cutting & Coring Group, Inc.;
10. Plaintiff's First Request for Production to Defendant, Texas Cutting & Coring Group, Inc.;
11. Plaintiff's First Set of Interrogatories to Defendant, J. T. Vaughn Construction, LLC, d/b/a Vaughn Construction; and



EXHIBIT
B

March 31, 2014
Page 2

12. Plaintiff's First Request for Production to Defendant, J. T. Vaughn Construction, LLC, d/b/a Vaughn Construction.

Please indicate your agreement by signing in the space provided below and returning the signed letter so we may file with the Court pursuant to Rule 11, Texas Rules of Civil Procedure.

If you have any questions, please do not hesitate to call.

Sincerely,

/s/ Michael A. Miller

Michael A. Miller

MAM/jdd

AGREED AS TO FORM AND SUBSTANCE

BY: _____

Clifford D. Peel, II
The Gibson Law Firm
2050 The Lyric Centre
440 Louisiana
Houston, TX 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

*Counsel for Plaintiffs*

 **THE GIBSON LAW FIRM**

## FAX COVER SHEET

**TO:**     Michael A. Miller          **FAX:** (469) 916-2555
            The Miller Law Firm

**DATE:**   April 2, 2014

**FROM:**   Jason A. Gibson/ss

### WE ARE SENDING (3) PAGES (including this page).

**RE:**     Cause No. 2013-76550; *Josefine Garcia, Individually, et al v. J.T. Vaughn Construction, LLC d/b/a Veughn Construction, et al;* In the 80th Judicial District Court, Harris County, Texas

**MESSAGE:**   Please see attached:

1) Signed Rule 11 Dated March 31, 2014.

**If you do not receive the entire FAX, or are not receiving it clearly, please call us at (713) 650-1010.**

THIS FAX IS INTENDED ONLY FOR USE OF THE ADDRESSEE. THIS INFORMATION IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AND RETURN TO THE ABOVE ADDRESS BY THE U.S. POSTAL SERVICE.

| | | |
|---|---|---|
| JOSEFINA GARCIA, Individually and as | § | IN THE DISTRICT COURT |
| Heir to the Estate of ANGEL GARCIA | § | |
| (Deceased); and ORBELINDA HERRERA, | § | |
| As Next Friend of ASHLEY GARCIA and | § | |
| BRIAN GARCIA (Minors), | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS, |
| | § | |
| J.T. VAUGHN CONSTRUCTION, LLC, | § | |
| d/b/a VAUGHN CONSTRUCTION, | § | |
| MANHATTAN CONSTRUCTION CO., INC., | § | |
| MANHATTAN \| VAUGHN, JVP, | § | |
| TEXAS CURB CUT, INC., TEXAS CUTTING | § | |
| & CORING GROUP, INC., and LINDAMOOD | § | |
| DEMOLITION, INC., | § | |
| | § | |
| Defendants. | § | 80TH JUDICIAL DISTRICT |

**DEFENDANT J. T. VAUGHN CONSTRUCTION, LLC, d/b/a VAUGHN CONSTRUCTION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS JOSEFINA GARCIA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ANGEL GARCIA'S FIRST REQUEST FOR PRODUCTION**

TO:   Plaintiffs, Josephina Garcia, Individually and as Heir to the Estate of Angel Garcia, by and through her counsel of record Jason A. Gibson, Andrew Smith, Clifford D. Peel II of The Gibson Law Firm, 2050 The Lyric Centre, 440 Louisiana in Houston, Texas 77002.

Defendant J. T. Vaughn Construction, LLC, d/b/a Vaughn Construction (hereinafter "Vaughn" or "Defendant") serves its Objections and Responses to Plaintiffs, Josephina Garcia, Individually and as Heir to the Estate of Angel Garcia First Requests for Production, pursuant to Rules 192, 193 and 196 of the Texas Rules of Civil Procedure.

**EXHIBIT C**

## DEFENDANT'S OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All records documenting Angel Garcia's employment with Vaughn Construction, including but not limited to personnel files, work history, time logs, payment records and training logs.

**RESPONSE:** Defendant objects to this request, as written, as overly broad and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, none as Angel Garcia is not employed by Vaughn Construction,

**REQUEST FOR PRODUCTION NO. 2:** All contracts or other written agreements entered between Vaughn Construction, Texas A & M or any defendant in this case, related to the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request, as written, as overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure and potentially seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the aforementioned objections, otherwise see production.

**REQUEST FOR PRODUCTION NO. 3:** All correspondence between Vaughn Construction, Texas A & M or any other entity or defendant in this case, related to the Kyle Field renovation project, including but not limited to correspondence related to contracts or agreements for the performance of activities related to construction, construction management, accident prevention or safety at the worksite.

**RESPONSE:** Defendant objects to this request, as written, as overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 4:** All documents related to, documenting or describing the scope of work to be performed by Vaughn Construction.

**RESPONSE:** Defendant objects to this request as overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Subject to and without waiving the aforementioned objections, see production.

**REQUEST FOR PRODUCTION NO. 5:** All documents related to or discussing demolition work, purchase of materials, supplies, provision of equipment, provision of labor, safety, insurance and workers' compensation, as it applies to any defendant in this case.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent the request seeks information neither relevant nor reasonable calculated to lead to the discovery of admissible evidence.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production, if any

**REQUEST FOR PRODUCTION NO. 6:** All documents and correspondence related to the progress of the Kyle Field renovation project between or among the parties, including Vaughn Construction, Lindamood, or any other party with responsibilities on the Kyle Field renovation project site.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent the request seeks information neither relevant nor reasonable calculated to lead to the discovery of admissible evidence.

Defendant further objects to "all documents and correspondence" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 7:** All notes and documents in possession of Vaughn Construction regarding inspections performed by OSHA on the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent such request seeks information that is protected by the attorney-client / attorney work product privileges. *See* 192.5, Texas Rules of Civil Procedure, and Rule 503, Texas Rules of Evidence.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, Defendant is not in possession of discoverable documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:** All documents related to inspections done on the Kyle Field renovation project, including but not limited to the area where Angel Garcia was working and killed.

**RESPONSE:** Defendant objects to this request is vague and overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent the request seeks information protected by the work product and attorney client privilege.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 9:** All minutes of meetings (or other similar document) at which planning, risk management, engineering, demolition or safety was discussed.

**RESPONSE:** Defendant objects to this request is vague and overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request on the basis that it seeks production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to "all minutes" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 10:** All recordings or videos of the work being performed on the Kyle Field renovation project, including audio or video footage of the incident in question.

**RESPONSE:** Defendant objects to this request as overly broad as to time and scope.

Subject to and without waiving the aforementioned objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 11:** All documents identifying safety issues or concerns as it pertains to the Kyle Field renovation, including but not limited to the demolition process and the work being performed by Angel Garcia and his employer.

**RESPONSE:** Defendant objects to this request is vague and overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request on the basis that it seeks production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to "all documents to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production, if any.


**REQUEST FOR PRODUCTION NO. 12:** All documents mentioning actions taken by defendants to correct any safety issues that were identified, as it pertains to the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request is vague and overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request on the basis that it seeks production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989) and seeks information protected under Rule 407 of the TRE.


**REQUEST FOR PRODUCTION NO. 13:** All documents and plans of the Kyle Field renovation project, including but not limited to blue prints, specifications, structural general notes and structural plan sheets, defining demolition work to be performed on the existing notheast pedestrian ramp.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure and is therefore harassing.

Defendant further objects to "all documents and plans" as being vague, and also to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant also objects to this Request to the extent said request seeks the production of dcouments and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, see production.


**REQUEST FOR PRODUCTION NO. 14:** All documents including specifications, general conditions and supplemental conditions generated by any party or other entity, describing the scope of work and/or services (specifically including safety and demolition) to be done on the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant also objects to this Request to the extent said request seeks the production of dcouments and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 15:** All correspondence between Vaughn Construction and any other entity involved with the Kyle Field renovation project that mentions job progress, scheduling, safety, hazard identification or job-site hazards.

**RESPONSE:** Defendant objects to this request on the basis that it is multifarious, overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant also objects to this Request to the extent said request seeks the production of dcouments and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 16:** All documents related to the Kyle Field renovation project, which mention the methods and/or schedule of performance of demolition work to be performed by Vaughn Construction and its employees.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 17:** All minutes of Pre-Construction meetings related to Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is vague in scope, overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant also objects to this Request to the extent said request seeks the production of dcouments and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, see production, if any..

**REQUEST FOR PRODUCTION NO. 18:** All contracts issued by Vaughn Construction related to the structural demolition scope of work being performed on the northeast pedestrian ramp where the subject incident occurred on 12/3/2013.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 19:** All correspondence and emails between Vaughn Construction and Lindamood related to demolition activities and the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiving the aforementioned objections, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 20:** All documents reflecting responsibilities of Vaughn Construction employees related to performance or oversight of demolition activities.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, the demolition of the walls and beams in question were the responsibility of Lindamood and their employees.

**REQUEST FOR PRODUCTION NO. 21:** All documents which show engineering surveys performed by any party or entity, related to the demolition of structural concrete for the Kyle Field renovation project, pursuant to OSHA 29 CFR 1926.850(a).

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 22:** All documentation and correspondence discussing engineering surveys performed by any party or entity, related to the demolition of structural concrete for the Kyle Field renovation project, pursuant to OSHA 29 CFR 1926.850(a).

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documentation and correspondence" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 23:** All documents reflecting qualifications and training of persons who performed engineering surveys related to the demolition of structural concrete on the Kyle Field renovation project, prusuant to OSHA 29 CFR 1926.850(a).

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure and fails to correctly quote OSHA 29 CFR 1926.850 (a) for the demolition in question.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 24:** All documents reflecting qualifications and training of persons who operated equipment (machinery) for Lindamood such as the Caterpillar Skid-Steer Loader being operated by Angel Garcia at the time of his death.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production. Otherwise, please refer to Defendant Lindamood's production herein.

**REQUEST FOR PRODUCTION NO. 25:** All documents, details or sketches addressing the specific dimensions and scope of the demolition of the concrete structure being worked on by Angel Garcia immediately prior to the subject collapse that led to Mr. Garcia's fall.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant further objects on grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiving the foregoing objections, responsive documents, if any, will be produced.

**REQUEST FOR PRODUCTION NO. 26:** All documents reflecting observations by any party or person regarding the nature of spalling (or failure) of existing concrete members of the northeast, spiral pedestrian ramp during demolition acitivites prior to the time of the subject incident.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant further objects on grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiving the foregoing objections, responsive documents, if any, will be produced.

**REQUEST FOR PRODUCTION NO. 27:** All documents showing inspections and inspection results of the demolition acitivities being performed on the northeast spiral, pedestrian ramp.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant further objects on grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiving the foregoing objections, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 28:** All Job Hazard Analyses, Job Safety Analyses (JHA, JSA or similar such formal process) done for the work activities of the demolition of structural concrete of the northeast pedestrian ramp, including the specific work being done by Angel Gacia.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, responsive documents will be produced, if any.

**REQUEST FOR PRODUCTION NO. 29:** All documents and plans for temporary shoring to be utilized during the demolition work of structural concrete of the northeast pedestrian ramp, at the location of the subject incident.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, potentially misleading as written, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents and plans" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 30:** All correspondence, documents and emails between Vaughn Construction (or any other party or entity) and Lindamood, reflecting the designation of a Competent Person proposed by Lindamood for the Kyle Field renovation project, as required by OSHA regulations 29 CFR 1926.20(b)(2).

**RESPONSE:** See production.

**REQUEST FOR PRODUCTION NO. 31:** All safety management or accident prevention programs, policies, manuals, safety-related rules and requirements for all work to be performed within the scope of the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the terms "safety management," , "accident prevention programs," "safety related rules," and "requirements for all work to be performed" as those terms and phrases are not defined and, as written, are vague, overly broad, and unduly burdensome. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 32:** All safety management or accident prevention programs, policies, manuals, safety-related rules, etc. related to the Kyle Field renovation project, created or adopted by Vaughn Construction prior to the incident which were required by the authority of Vaughn Construction to be utilized by subcontractors or others on the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the terms "safety management," , "accident prevention programs," "safety related rules," and "etc." as those terms and phrases are not defined and, as written, are vague, overly broad, and unduly burdensome. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 33:** All published requirements of any federal, state or local agency or any related standard of any national consensus standard promulgating organization, addressing requirements or recommendations for accident prevention and for the protection of employees or others on site with which Vaughn Construction acknowledges they or others under the authority of Vaughn Construction were to comply or operate on the Kyle Field renovation project on the date of the incident.

**RESPONSE:** Defendant objects to this request on the basis that it seeks production of documentation that is publically available and equally available to the requesting party. Defendant further objects to this request on the basis that it seeks documents that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Subject to and without waiving the foregoing objections, to the extent Defendant understands the request, Defendant would refer Plaintiffs to the Manhattan | Vaughn Project Site Specific Safety Plan for the Kyle Field Stadium Redevelopment and the Subcontract between Manhattan | Vaughn and the Defendant subcontractors.

**REQUEST FOR PRODUCTION NO. 34:** All documents reflecting statements by employees of Vaughn Construction or any other party on the Kyle Field renovation project site describing the incident in question.

**RESPONSE:** Defendant objects to this request to the extent it is duplicative of Rule 194 requests and, therefore, overly broad and outside the permissible scope of the rules pursuant to Rule 194, Texas Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 35:** All documents reflecting statements by employees of Vaughn Construction or any other party on the Kyle Field renovation project site describing the events leading uup to the subject incident, or the incident itself.

**RESPONSE:** Defendant objects to this request to the extent it is duplicative of Rule 194 requests and, therefore, overly broad and outside the permissible scope of the rules pursuant to Rule 194, Texas Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 36:** All initial-employment safety orientation, any specific safety management or accident prevention training or seminars provided Vaughn Construction or by any party, to employees of any contractor or subcontractor working on the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the terms "safety management," , "accident prevention training or seminars," as those terms and phrases are not defined and, as written, are vague, overly broad, and unduly burdensome. Defendant further objects to this request, as written, it seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 37:** All periodic reports of the progress of work performed on the Kyle Field renovation project.

**RESPONSE:** Defendant objects this request as vague and overly broad as to time and scope.

Defendant further objects on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 38:** All reports of accidents, on the job injuries or accident statistics related to the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent this Request seeks information protected by the work product and or attorney client privilege. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case. Further objection is made on the grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Defendant further objects to this Request to the extent that it seeks the production of documents and things which are proprietary and confidential.

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 39:** All records or minutes of periodic safety "toolbox" or "tailgate" meetings performed on the job site, dating from the commencement of demolition activities through 12/31/2013, with employees and/or with other contractors or subcontraactors on the Kyle Field renovation project, including records of the topics discussed and attendance lists.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, responsive documents will be produced, if any.

**REQUEST FOR PRODUCTION NO. 40:** All reports of the incident made by any party or person.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent such request potentially seeks documents protected by the attorney/client and attorney-work-product privileges. *See* Rule 192.3, Texas Rules of Civil Procedure, and Rule 503, Texas Rules of Evidence.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 41:** All schedules related to the Kyle Field renovation project, listing milestone dates, depicting the proposed progress of construction, schedules reflecting proposed progress for demolition activities on the subject pedestrian ramp involved in the subject incident.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 42:** All job-site safety inspection reports (dated from the start of construction of the Kyle Field renovation project through 12/31/2013).

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 43:** All checklists utilized on the Kyle Field renovation project to assist in performance of job-site safety inspection efforts, and specifically, all such checklists or documents which relate to or mention the subject of demolition, structural integrity or safety.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none known to this Defendant.

**REQUEST FOR PRODUCTION NO. 44:** All written procedures or requirements for the pre-qualification and selection of contractors or subcontractors for the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, Defendant would refer Plaintiffs the primary contract between Manhattan | Vaughn and the Board of Regents for the Texas A&M University System.

**REQUEST FOR PRODUCTION NO. 45:** All records of formal training given to any worker or employee (assigned to the Kyle Field renovation project prior to the subject incident), related to the methods and techniques of demolition activities, in general, and specifically, demolition of concrete structures.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, Defendant would refer Plaintiffs to Lindamood Demolition, Inc. for the means and methods of the demolition work being performed at the time of the incident, and any training Lindamood provided to its employees.

**REQUEST FOR PRODUCTION NO. 46:** All reports generated as a result of the subject incident.

**RESPONSE:** Defendant objects to this Interrogatory as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product / joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects to the extent such Interrogatory, as written, seeks information protected by the consulting expert privilege. *See* Rule 192.3(e), Texas Rules of Civil Procedure.

Defendant further objects to "all reports" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the aforementioned objections, Defendant would refer Plaintiffs to the Texas A&M Univeristy police investigation previously produced herein.

**REQUEST FOR PRODUCTION NO. 47:** All OSHA reports or documents, including correspondence, related to the subject incident.

**RESPONSE:** Defendant objects to this Interrogatory as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.
Subject to and without waiving the aforementioned objections, OSHA has not produced any report to Defendant's knowledge concerning the incident in question.

**REQUEST FOR PRODUCTION NO. 48:** All documents related to any investigation conducted as a result of the incident in question.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects to the extent such request, as written, seeks information protected by the consulting expert privilege. *See* Rule 192.3(e), Texas Rules of Civil Procedure.

Subject to and without waving the aforementioned objections, and would refer Plaintiffs to documents previously produced herein.

**REQUEST FOR PRODUCTION NO. 49:** Color copies of all photographs and videos taken of the scene of the subject incident, before and after the incident.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 50:** All pictures and videos generated as a result of any investigation conducted after the incident in question.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 51:** All videos and footage taken by the "construction cams" of the Kyle Field renovation project during the period of 11/1/2013 through 12/31/2013.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Subject to and without waiving the foregoing objections, responsive documents will be produced for the date of the incident.

**REQUEST FOR PRODUCTION NO. 52:** All documents of the overall site plan reflecting the scope and layout of the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and harassing in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Subject to and without waiving the foregoing objections, Defendant will supplement the plans and specifications the for Project.

**REQUEST FOR PRODUCTION NO. 53:** All documents reflecting the name of each company or contractor present at the Kyle Field work site on the day Angel Garcia was killed.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad in scope and time, and requests production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects as to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none for this Defendant.

**REQUEST FOR PRODUCTION NO. 54:** All documents reflecting the names of every worker at the Kyle Field work site on the day Angel Garcia was killed.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad in scope, and requests production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects as to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none for this Defendant.

**REQUEST FOR PRODUCTION NO. 55:** All specifications, limitations, maximum weight loads or warnings provided with, or attached to, the Caterpillar Skid-Steer Loader being operated by Angel Garcia at the time he was killed.

**RESPONSE:** None in this Defendant's posession.

**REQUEST FOR PRODUCTION NO. 56:** The owner's and/or operator's manual for the Caterpillar Skid-Steer loader being operated by Angel Garcia at the time he was killed.

**RESPONSE:** None in this Defendant's posession.

**REQUEST FOR PRODUCTION NO. 57:** All structural integrity testing done on the concrete structure in the area where Angel Garcia was working on the day of the incident in question. This includes testing done prior to and after the exact moment when the incident in question occurred.

**RESPONSE:** None in this Defendant's posession.

**REQUEST FOR PRODUCTION NO. 58:** All testing, engineering or otherwise, done on the concrete structure in the area where Angel Garcia was working on the day of the incident in question. This includes testing done prior to and after the exact moment when the incident in question occurred.

**RESPONSE:** None known to exist or in this Defendant's posession.

**REQUEST FOR PRODUCTION NO. 59:** All work plans for the specific work Angel Garcia was performing when he was killed.

**RESPONSE:** Defendant would refer Plaintiffs to Lindamood Demolition, Inc. for the manner, means and methods of the demolition work being performed at the time of the incident by Angel Garcia.

**REQUEST FOR PRODUCTION NO. 60:** All correspondence between defendants in this case and any insurance company, regarding coverage for personal injury or death claims, before the incident in question.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects as to "all correspondence" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 61:** All correspondence between defendants in this case and any insurance company, regarding coverage for personal injury or death claims, after the incident in question.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects as to "all correspondence" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 62:** All correspondence between defendants in this case regarding the incident in question.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects as to "all correspondence" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waving the aforementioned objections, Defendant is not in possession of any discoverable documents.

**REQUEST FOR PRODUCTION NO. 63:** All insurance reports regarding the incident in question.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects to this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waving the aforementioned objections, Defendant is not in possession of any discoverable documents.

**REQUEST FOR PRODUCTION NO. 64:** All documents relied up [sic] or reviewed by any person, entity or insurer, to generate a report regarding the incident in question.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects as to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 65:** All permits obtained for the demolition work being performed as a part of the Kyle Field renovation project.

**RESPONSE:** None in this Defendant's posession.

Respectfully submitted,

THE MILLER LAW FIRM

MICHAEL A. MILLER
State Bar No. 14100650
mmiller@tmlfpc.com

Turtle Creek Centre
3811 Turtle Creek Blvd., Ste. 1950
Dallas, Texas 75219
(469) 916-2552 telephone
(469) 916-2555 facsimile

COUNSEL FOR DEFENDANT
J. T. VAUGHN CONSTRUCTION, LLC, D/B/A
VAUGHN CONSTRUCTION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record as reflected below on this 30th day of April 2014:

*Via Certified Mail, RRR*
Jason A. Gibson
Andrew Smith
Clifford D. Peel, II
The Gibson Law Firm
The Lyric Centre
440 Louisiana, Suite 2050
Houston, Texas 77002
*Plaintiffs' Counsel*

MICHAEL A. MILLER

| | | |
|---|---|---|
| JOSEFINA GARCIA, Individually and as Heir to the Estate of ANGEL GARCIA (Deceased); and ORBELINDA HERRERA, As Next Friend of ASHLEY GARCIA and BRIAN GARCIA (Minors), | § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| vs. | § § | HARRIS COUNTY, TEXAS, |
| J.T. VAUGHN CONSTRUCTION, LLC, d/b/a VAUGHN CONSTRUCTION, MANHATTAN CONSTRUCTION CO., INC., MANHATTAN | VAUGHN, JVP, TEXAS CURB CUT, INC., TEXAS CUTTING & CORING GROUP, INC., and LINDAMOOD DEMOLITION, INC., | § § § § § § § § § | |
| Defendants. | § § | 80TH JUDICIAL DISTRICT |

---

## DEFENDANT MANHATTAN CONSTRUCTION COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFFS JOSEFINA GARCIA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ANGEL GARCIA'S FIRST REQUEST FOR PRODUCTION

---

TO: Plaintiffs, Josephina Garcia, Individually and as Heir to the Estate of Angel Garcia, by and through her counsel of record Jason A. Gibson, Andrew Smith, Clifford D. Peel II of The Gibson Law Firm, 2050 The Lyric Centre, 440 Louisiana in Houston, Texas 77002.

Defendant Manhattan Construction Company (hereinafter "Manhattan" or

"Defendant") serves its Objections and Responses to Plaintiffs, Josephina Garcia,

Individually and as Heir to the Estate of Angel Garcia First Requests for Production,

pursuant to Rules 192, 193 and 196 of the Texas Rules of Civil Procedure.



EXHIBIT
D

## DEFENDANT'S OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All records documenting Angel Garcia's employment with Manhattan Construction, including but not limited to personnel files, work history, time logs, payment records and training logs.

**RESPONSE:** Defendant objects to this request, as written, as overly broad and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, none as Angel Garcia is not employed by Manhattan Construction Company.

**REQUEST FOR PRODUCTION NO. 2:** All contracts or other written agreements entered between Manhattan Construction, Texas A & M or any defendant in this case, related to the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request, as written, as overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure and potentially seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the aforementioned objections, otherwise see production.

**REQUEST FOR PRODUCTION NO. 3:** All correspondence between Manhattan Construction, Texas A & M or any other entity or defendant in this case, related to the Kyle Field renovation project, including but not limited to correspondence related to contracts or agreements for the performance of activities related to construction, construction management, accident prevention or safety at the worksite.

**RESPONSE:** Defendant objects to this request, as written, as overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 4:** All documents related to, documenting or describing the scope of work to be performed by Manhattan Construction.

**RESPONSE:** Defendant objects to this request as overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Subject to and without waiving the aforementioned objections, see production.

**REQUEST FOR PRODUCTION NO. 5:** All documents related to or discussing demolition work, purchase of materials, supplies, provision of equipment, provision of labor, safety, insurance and workers' compensation, as it applies to any defendant in this case.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent the request seeks information neither relevant nor reasonable calculated to lead to the discovery of admissible evidence.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production, if any

**REQUEST FOR PRODUCTION NO. 6:** All documents and correspondence related to the progress of the Kyle Field renovation project between or among the parties, including Manhattan Construction, Lindamood, or any other party with responsibilities on the Kyle Field renovation project site.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent the request seeks information neither relevant nor reasonable calculated to lead to the discovery of admissible evidence.

Defendant further objects to "all documents and correspondence" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 7:** All notes and documents in possession of Manhattan Construction regarding inspections performed by OSHA on the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent such request seeks information that is protected by the attorney-client / attorney work product privileges. *See* 192.5, Texas Rules of Civil Procedure, and Rule 503, Texas Rules of Evidence.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, Defendant is not in possession of discoverable documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:** All documents related to inspections done on the Kyle Field renovation project, including but not limited to the area where Angel Garcia was working and killed.

**RESPONSE:** Defendant objects to this request is vague and overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent the request seeks information protected by the work product and attorney client privilege.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 9:** All minutes of meetings (or other similar document) at which planning, risk management, engineering, demolition or safety was discussed.

**RESPONSE:** Defendant objects to this request is vague and overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request on the basis that it seeks production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to "all minutes" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 10:** All recordings or videos of the work being performed on the Kyle Field renovation project, including audio or video footage of the incident in question.

**RESPONSE:** Defendant objects to this request as overly broad as to time and scope.

Subject to and without waiving the aforementioned objections, none.

**REQUEST FOR PRODUCTION NO. 11:** All documents identifying safety issues or concerns as it pertains to the Kyle Field renovation, including but not limited to the demolition process and the work being performed by Angel Garcia and his employer.

**RESPONSE:** Defendant objects to this request is vague and overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request on the basis that it seeks production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to "all documents to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 12:** All documents mentioning actions taken by defendants to correct any safety issues that were identified, as it pertains to the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request is vague and overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request on the basis that it seeks production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989) and seeks information protected under Rule 407 of the TRE.

**REQUEST FOR PRODUCTION NO. 13:** All documents and plans of the Kyle Field renovation project, including but not limited to blue prints, specifications, structural general notes and structural plan sheets, defining demolition work to be performed on the existing notheast pedestrian ramp.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure and is therefore harassing.

Defendant further objects to "all documents and plans" as being vague, and also to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant also objects to this Request to the extent said request seeks the production of dcouments and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 14:** All documents including specifications, general conditions and supplemental conditions generated by any party or other entity, describing the scope of work and/or services (specifically including safety and demolition) to be done on the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant also objects to this Request to the extent said request seeks the production of dcouments and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 15:** All correspondence between Manhattan Construction and any other entity involved with the Kyle Field renovation project that mentions job progress, scheduling, safety, hazard identification or job-site hazards.

**RESPONSE:** Defendant objects to this request on the basis that it is multifarious, overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant also objects to this Request to the extent said request seeks the production of dcouments and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 16:** All documents related to the Kyle Field renovation project, which mention the methods and/or schedule of performance of demolition work to be performed by Manhattan Construction and its employees.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 17:** All minutes of Pre-Construction meetings related to Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is vague in scope, overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant also objects to this Request to the extent said request seeks the production of dcouments and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, see production, none.

**REQUEST FOR PRODUCTION NO. 18:** All contracts issued by Manhattan Construction related to the structural demolition scope of work being performed on the northeast pedestrian ramp where the subject incident occurred on 12/3/2013.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 19:** All correspondence and emails between Manhattan Construction and Lindamood related to demolition activities and the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiving the aforementioned objections, none.

**REQUEST FOR PRODUCTION NO. 20:** All documents reflecting responsibilities of Manhattan Construction employees related to performance or oversight of demolition activities.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, the demolition of the walls and beams in question were the responsibility of Lindamood and their employees.

**REQUEST FOR PRODUCTION NO. 21:** All documents which show engineering surveys performed by any party or entity, related to the demolition of structural concrete for the Kyle Field renovation project, pursuant to OSHA 29 CFR 1926.850(a).

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 22:** All documentation and correspondence discussing engineering surveys performed by any party or entity, related to the demolition of structural concrete for the Kyle Field renovation project, pursuant to OSHA 29 CFR 1926.850(a).

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documentation and correspondence" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 23:** All documents reflecting qualifications and training of persons who performed engineering surveys related to the demolition of structural concrete on the Kyle Field renovation project, prusuant to OSHA 29 CFR 1926.850(a).

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure and fails to correctly quote OSHA 29 CFR 1926.850 (a) for the demolition in question.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 24:** All documents reflecting qualifications and training of persons who operated equipment (machinery) for Lindamood such as the Caterpillar Skid-Steer Loader being operated by Angel Garcia at the time of his death.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none. Otherwise, please refer to Defendant Lindamood's production herein.

**REQUEST FOR PRODUCTION NO. 25:** All documents, details or sketches addressing the specific dimensions and scope of the demolition of the concrete structure being worked on by Angel Garcia immediately prior to the subject collapse that led to Mr. Garcia's fall.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant further objects on grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 26:** All documents reflecting observations by any party or person regarding the nature of spalling (or failure) of existing concrete members of the northeast, spiral pedestrian ramp during demolition acitivites prior to the time of the subject incident.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant further objects on grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.
Subject to and without waiving the foregoing objections, responsive documents, none.

**REQUEST FOR PRODUCTION NO. 27:** All documents showing inspections and inspection results of the demolition acitivities being performed on the northeast spiral, pedestrian ramp.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant further objects on grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 28:** All Job Hazard Analyses, Job Safety Analyses (JHA, JSA or similar such formal process) done for the work activities of the demolition of structural concrete of the northeast pedestrian ramp, including the specific work being done by Angel Gacia.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 29:** All documents and plans for temporary shoring to be utilized during the demolition work of structural concrete of the northeast pedestrian ramp, at the location of the subject incident.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, potentially misleading as written, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents and plans" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 30:** All correspondence, documents and emails between Manhattan Construction (or any other party or entity) and Lindamood, reflecting the designation of a Competent Person proposed by Lindamood for the Kyle Field renovation project, as required by OSHA regulations 29 CFR 1926.20(b)(2).

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 31:** All safety management or accident prevention programs, policies, manuals, safety-related rules and requirements for all work to be performed within the scope of the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the terms "safety management," , "accident prevention programs," "safety related rules," and "requirements for all work to be performed" as those terms and phrases are not defined and, as written, are vague, overly broad, and unduly burdensome. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 32:** All safety management or accident prevention programs, policies, manuals, safety-related rules, etc. related to the Kyle Field renovation project, created or adopted by Manhattan Construction prior to the incident which were required by the authority of Manhattan Construction to be utilized by subcontractors or others on the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the terms "safety management," , "accident prevention programs," "safety related rules," and "etc." as those terms and phrases are not defined and, as written, are vague, overly broad, and unduly burdensome. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 33:** All published requirements of any federal, state or local agency or any related standard of any national consensus standard promulgating organization, addressing requirements or recommendations for accident prevention and for the protection of employees or others on site with which Manhattan Construction acknowledges they or others under the authority of Manhattan Construction were to comply or operate on the Kyle Field renovation project on the date of the incident.

**RESPONSE:** Defendant objects to this request on the basis that it seeks production of documentation that is publically available and equally available to the requesting party. Defendant further objects to this request on the basis that it seeks documents that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Subject to and without waiving the foregoing objections, to the extent Defendant understands the request, Defendant would refer Plaintiffs to the Manhattan | Vaughn Project Site Specific Safety Plan for the Kyle Field Stadium Redevelopment and the Subcontract between Manhattan | Vaughn and the Defendant subcontractors.

**REQUEST FOR PRODUCTION NO. 34:** All documents reflecting statements by employees of Manhattan Construction or any other party on the Kyle Field renovation project site describing the incident in question.

**RESPONSE:** Defendant objects to this request to the extent it is duplicative of Rule 194 requests and, therefore, overly broad and outside the permissible scope of the rules pursuant to Rule 194, Texas Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 35:** All documents reflecting statements by employees of Manhattan Construction or any other party on the Kyle Field renovation project site describing the events leading uup to the subject incident, or the incident itself.

**RESPONSE:** Defendant objects to this request to the extent it is duplicative of Rule 194 requests and, therefore, overly broad and outside the permissible scope of the rules pursuant to Rule 194, Texas Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 36:** All initial-employment safety orientation, any specific safety management or accident prevention training or seminars provided Manhattan Construction or by any party, to employees of any contractor or subcontractor working on the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the terms "safety management," "accident prevention training or seminars," as those terms and phrases are not defined and, as written, are vague, overly broad, and unduly burdensome. Defendant further objects to this request, as written, it seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 37:** All periodic reports of the progress of work performed on the Kyle Field renovation project.

**RESPONSE:** Defendant objects this request as vague and overly broad as to time and scope.

Defendant further objects on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 38:** All reports of accidents, on the job injuries or accident statistics related to the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent this Request seeks information protected by the work product and or attorney client privilege. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case. Further objection is made on the grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Defendant further objects to this Request to the extent that it seeks the production of documents and things which are proprietary and confidential.

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 39:** All records or minutes of periodic safety "toolbox" or "tailgate" meetings performed on the job site, dating from the commencement of demolition activities through 12/31/2013, with employees and/or with other contractors or subcontraactors on the Kyle Field renovation project, including records of the topics discussed and attendance lists.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 40:** All reports of the incident made by any party or person.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent such request potentially seeks documents protected by the attorney/client and attorney-work-product privileges. *See* Rule 192.3, Texas Rules of Civil Procedure, and Rule 503, Texas Rules of Evidence.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 41:** All schedules related to the Kyle Field renovation project, listing milestone dates, depicting the proposed progress of construction, schedules reflecting proposed progress for demolition activities on the subject pedestrian ramp involved in the subject incident.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production, if any.

**REQUEST FOR PRODUCTION NO. 42:** All job-site safety inspection reports (dated from the start of construction of the Kyle Field renovation project through 12/31/2013).

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 43:** All checklists utilized on the Kyle Field renovation project to assist in performance of job-site safety inspection efforts, and specifically, all such checklists or documents which relate to or mention the subject of demolition, structural integrity or safety.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none known to this Defendant.

**REQUEST FOR PRODUCTION NO. 44:** All written procedures or requirements for the pre-qualification and selection of contractors or subcontractors for the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, Defendant would refer Plaintiffs the primary contract between Manhattan | Vaughn and the Board of Regents for the Texas A&M University System.

**REQUEST FOR PRODUCTION NO. 45:** All records of formal training given to any worker or employee (assigned to the Kyle Field renovation project prior to the subject incident), related to the methods and techniques of demolition activities, in general, and specifically, demolition of concrete structures.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, Defendant would refer Plaintiffs to Lindamood Demolition, Inc. for the means and methods of the demolition work being performed at the time of the incident, and any training Lindamood provided to its employees.

**REQUEST FOR PRODUCTION NO. 46:** All reports generated as a result of the subject incident.

**RESPONSE:** Defendant objects to this Interrogatory as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product / joint defense privileges. See Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects to the extent such Interrogatory, as written, seeks information protected by the consulting expert privilege. See Rule 192.3(e), Texas Rules of Civil Procedure.

Defendant further objects to "all reports" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the aforementioned objections, Defendant would refer Plaintiffs to the Texas A&M Univeristy police investigation previously produced herein.

**REQUEST FOR PRODUCTION NO. 47:** All OSHA reports or documents, including correspondence, related to the subject incident.

**RESPONSE:** Defendant objects to this Interrogatory as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. See Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Subject to and without waiving the aforementioned objections, OSHA has not produced any report to Defendant's knowledge concerning the incident in question.

**REQUEST FOR PRODUCTION NO. 48:** All documents related to any investigation conducted as a result of the incident in question.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procedure; Rule 503, Texas Rules of Evidence.

Defendant further objects to the extent such request, as written, seeks information protected by the consulting expert privilege. *See* Rule 192.3(e), Texas Rules of Civil Procedure.

Subject to and without waving the aforementioned objections, and would refer Plaintiffs to documents previously produced herein.

**REQUEST FOR PRODUCTION NO. 49:** Color copies of all photographs and videos taken of the scene of the subject incident, before and after the incident.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 50:** All pictures and videos generated as a result of any investigation conducted after the incident in question.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 51:** All videos and footage taken by the "construction cams" of the Kyle Field renovation project during the period of 11/1/2013 through 12/31/2013.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 52:** All documents of the overall site plan reflecting the scope and layout of the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and harassing in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Subject to and without waiving the foregoing objections, Defendant will supplement the plans and specifications the for Project.

**REQUEST FOR PRODUCTION NO. 53:** All documents reflecting the name of each company or contractor present at the Kyle Field work site on the day Angel Garcia was killed.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad in scope and time, and requests production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects as to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none for this Defendant.

**REQUEST FOR PRODUCTION NO. 54:** All documents reflecting the names of every worker at the Kyle Field work site on the day Angel Garcia was killed.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad in scope, and requests production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects as to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none for this Defendant.

**REQUEST FOR PRODUCTION NO. 55:** All specifications, limitations, maximum weight loads or warnings provided with, or attached to, the Caterpillar Skid-Steer Loader being operated by Angel Garcia at the time he was killed.

**RESPONSE:** None in this Defendant's posession.

**REQUEST FOR PRODUCTION NO. 56:** The owner's and/or operator's manual for the Caterpillar Skid-Steer loader being operated by Angel Garcia at the time he was killed.

**RESPONSE:** None in this Defendant's posession.

**REQUEST FOR PRODUCTION NO. 57:** All structural integrity testing done on the concrete structure in the area where Angel Garcia was working on the day of the incident in question. This includes testing done prior to and after the exact moment when the incident in question occurred.

**RESPONSE:** None in this Defendant's posession.

**REQUEST FOR PRODUCTION NO. 58:** All testing, engineering or otherwise, done on the concrete structure in the area where Angel Garcia was working on the day of the incident in question. This includes testing done prior to and after the exact moment when the incident in question occurred.

**RESPONSE:** None known to exist or in this Defendant's posession.

**REQUEST FOR PRODUCTION NO. 59:** All work plans for the specific work Angel Garcia was performing when he was killed.

**RESPONSE:** Defendant would refer Plaintiffs to Lindamood Demolition, Inc. for the manner, means and methods of the demolition work being performed at the time of the incident by Angel Garcia.

**REQUEST FOR PRODUCTION NO. 60:** All correspondence between defendants in this case and any insurance company, regarding coverage for personal injury or death claims, before the incident in question.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects as to "all correspondence" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 61:** All correspondence between defendants in this case and any insurance company, regarding coverage for personal injury or death claims, after the incident in question.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects as to "all correspondence" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 62:** All correspondence between defendants in this case regarding the incident in question.

**RESPONSE:**     Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects as to "all correspondence" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waving the aforementioned objections, Defendant is not in possession of any discoverable documents.


**REQUEST FOR PRODUCTION NO. 63:**   All insurance reports regarding the incident in question.

**RESPONSE:**     Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects to this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waving the aforementioned objections, Defendant is not in possession of any discoverable documents.


**REQUEST FOR PRODUCTION NO. 64:**   All documents relied up [sic] or reviewed by any person, entity or insurer, to generate a report regarding the incident in question.

**RESPONSE:**     Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects as to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).


**REQUEST FOR PRODUCTION NO. 65:**   All permits obtained for the demolition work being performed as a part of the Kyle Field renovation project.

**RESPONSE:**     None in this Defendant's posession.

**REQUEST FOR PRODUCTION NO. 66:** All waivers of conflict signed, allowing representation of all Defendants by one law firm.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks the production of documents and things that are confidential, proprietary and protected by the joint-defense privilege.

Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

THE MILLER LAW FIRM

MICHAEL A. MILLER
State Bar No. 14100650
mmiller@tmlfpc.com

Turtle Creek Centre
3811 Turtle Creek Blvd., Ste. 1950
Dallas, Texas 75219
(469) 916-2552 telephone
(469) 916-2555 facsimile

**COUNSEL FOR DEFENDANT
MANHATTAN CONSTRUCTION COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record as reflected below on this 30th day of April 2014:

*Via Certified Mail, RRR*
Jason A. Gibson
Andrew Smith
Clifford D. Peel, II
The Gibson Law Firm
The Lyric Centre
440 Louisiana, Suite 2050
Houston, Texas 77002
*Plaintiffs' Counsel*

MICHAEL A. MILLER

| | | |
|---|---|---|
| JOSEFINA GARCIA, Individually and as Heir to the Estate of ANGEL GARCIA (Deceased); and ORBELINDA HERRERA, As Next Friend of ASHLEY GARCIA and BRIAN GARCIA (Minors), | § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS, |
| J.T. VAUGHN CONSTRUCTION, LLC, d/b/a VAUGHN CONSTRUCTION, MANHATTAN CONSTRUCTION CO., INC., MANHATTAN \| VAUGHN, JVP, TEXAS CURB CUT, INC., TEXAS CUTTING & CORING GROUP, INC., and LINDAMOOD DEMOLITION, INC., | § § § § § § § § | |
| Defendants. | § | 80TH JUDICIAL DISTRICT |

## DEFENDANT MANHATTAN | VAUGHN, A JOINT VENTURE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS JOSEFINA GARCIA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ANGEL GARCIA'S FIRST REQUEST FOR PRODUCTION

TO: Plaintiffs, Josephina Garcia, Individually and as Heir to the Estate of Angel Garcia, by and through her counsel of record Jason A. Gibson, Andrew Smith, Clifford D. Peel II of The Gibson Law Firm, 2050 The Lyric Centre, 440 Louisiana in Houston, Texas 77002.

Defendant Manhattan | Vaughn, a Joint Venture (hereinafter "Manhattan | Vaughn" or "Defendant") serves its Objections and Responses to Plaintiffs, Josephina Garcia, Individually and as Heir to the Estate of Angel Garcia First Requests for Production, pursuant to Rules 192, 193 and 196 of the Texas Rules of Civil Procedure.

EXHIBIT

ع

## DEFENDANT'S OBJECTIONS AND RESPONSES TO
## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All records documenting Angel Garcia's employment with Manhattan | Vaughn, including but not limited to personnel files, work history, time logs, payment records and training logs.

**RESPONSE:** Defendant objects to this request, as written, as overly broad and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, none as Angel Garcia was not employed by Manhattan | Vaughn.

**REQUEST FOR PRODUCTION NO. 2:** All contracts or other written agreements entered between Manhattan | Vaughn, Texas A & M or any defendant in this case, related to the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request, as written, as overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Subject to and without waiving the aforementioned objections, see production.

**REQUEST FOR PRODUCTION NO. 3:** All correspondence between Manhattan | Vaughn, Texas A & M or any other entity or defendant in this case, related to the Kyle Field renovation project, including but not limited to correspondence related to contracts or agreements for the performance of activities related to construction, construction management, accident prevention or safety at the worksite.

**RESPONSE:** Defendant objects to this request, as written, as overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 4:** All documents related to, documenting or describing the scope of work to be performed by Manhattan | Vaughn for the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request as overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Subject to and without waiving the aforementioned objections, see production.

**REQUEST FOR PRODUCTION NO. 5:** All documents related to or discussing demolition work, purchase of materials, supplies, provision of equipment, provision of labor, safety, insurance and workers' compensation, as it applies to any defendant in this case.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent the request seeks information neither relevant nor reasonable calculated to lead to the discovery of admissible evidence.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 6:** All documents and correspondence related to the progress of the Kyle Field renovation project between or among the parties, including Manhattan | Vaughn, Lindamood, or any other party with responsibilities on the Kyle Field renovation project site.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent the request seeks information neither relevant nor reasonable calculated to lead to the discovery of admissible evidence.

Defendant further objects to "all documents and correspondence" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 7:** All notes and documents in possession of Manhattan | Vaughn regarding inspections performed by OSHA on the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent such request seeks information that is protected by the attorney-client / attorney work product privileges. *See* 192.5, Texas Rules of Civil Procedure, and Rule 503, Texas Rules of Evidence.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, Defendant is not in possession of

discoverable documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:** All documents related to inspections done on the Kyle Field renovation project, including but not limited to the area where Angel Garcia was working and killed.

**RESPONSE:** Defendant objects to this request is vague and overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent the request seeks information protected by the work product and attorney client privilege.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 9:** All minutes of meetings (or other similar document) at which planning, risk management, engineering, demolition or safety was discussed.

**RESPONSE:** Defendant objects to this request is vague and overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request on the basis that it seeks production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to "all minutes" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 10:** All recordings or videos of the work being performed on the Kyle Field renovation project, including audio or video footage of the incident in question.

**RESPONSE:** Defendant objects to this request as overly broad as to time and scope.

Subject to and without waiving the aforementioned objections, see production.

**REQUEST FOR PRODUCTION NO. 11:** All documents identifying safety issues or concerns as it pertains to the Kyle Field renovation, including but not limited to the demolition process and the work being performed by Angel Garcia and his employer.

**RESPONSE:** Defendant objects to this request is vague and overly broad as to time and

scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request on the basis that it seeks production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to "all documents to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 12:** All documents mentioning actions taken by defendants to correct any safety issues that were identified, as it pertains to the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request is vague and overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request on the basis that it seeks production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989) and seeks information protected under Rule 407 of the TRE.

**REQUEST FOR PRODUCTION NO. 13:** All documents and plans of the Kyle Field renovation project, including but not limited to blue prints, specifications, structural general notes and structural plan sheets, defining demolition work to be performed on the existing notheast pedestrian ramp.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure and is therefore harassing.

Defendant further objects to "all documents and plans" as being vague, and also to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant also objects to this Request to the extent said request seeks the production of dcouments and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 14:** All documents including specifications, general

conditions and supplemental conditions generated by any party or other entity, describing the scope of work and/or services (specifically including safety and demolition) to be done on the Kyle Field renovation project.

**RESPONSE:**     Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant also objects to this Request to the extent said request seeks the production of dcouments and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, see production.


**REQUEST FOR PRODUCTION NO. 15:**   All correspondence between Manhattan | Vaughn and any other entity involved with the Kyle Field renovation project that mentions job progress, scheduling, safety, hazard identification or job-site hazards.

**RESPONSE:**     Defendant objects to this request on the basis that it is multifarious, overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant also objects to this Request to the extent said request seeks the production of dcouments and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, see production.


**REQUEST FOR PRODUCTION NO. 16:**  All documents related to the Kyle Field renovation project, which mention the methods and/or schedule of performance of demolition work to be performed by Manhattan | Vaughn and its employees.

**RESPONSE:**     Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 17:** All minutes of Pre-Construction meetings related to Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is vague in scope, overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant also objects to this Request to the extent said request seeks the production of dcouments and things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, see production.


**REQUEST FOR PRODUCTION NO. 18:** All contracts issued by Manhattan | Vaughn related to the structural demolition scope of work being performed on the northeast pedestrian ramp where the subject incident occurred on 12/3/2013.

**RESPONSE:** Responsive documents will be produced.


**REQUEST FOR PRODUCTION NO. 19:** All correspondence and emails between Manhattan | Vaughn and Lindamood related to demolition activities and the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiving the aforementioned objections, responsive documents will be produced.


**REQUEST FOR PRODUCTION NO. 20:** All documents reflecting responsibilities of Manhattan | Vaughn employees related to performance or oversight of demolition activities.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an

impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, the demolition of the walls and beams in question were the responsibility of Lindamood and their employees.

**REQUEST FOR PRODUCTION NO. 21:** All documents which show engineering surveys performed by any party or entity, related to the demolition of structural concrete for the Kyle Field renovation project, pursuant to OSHA 29 CFR 1926.850(a).

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 22:** All documentation and correspondence discussing engineering surveys performed by any party or entity, related to the demolition of structural concrete for the Kyle Field renovation project, pursuant to OSHA 29 CFR 1926.850(a).

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documentation and correspondence" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none.

**REQUEST FOR PRODUCTION NO. 23:** All documents reflecting qualifications and training of persons who performed engineering surveys related to the demolition of structural concrete on the Kyle Field renovation project, prusuant to OSHA 29 CFR 1926.850(a).

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure and fails to correctly quote OSHA 29 CFR 1926.850 (a) for the demolition in question.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 24:** All documents reflecting qualifications and

training of persons who operated equipment (machinery) for Lindamood such as the Caterpillar Skid-Steer Loader being operated by Angel Garcia at the time of his death.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production. Otherwise, please refer to Defendant Lindamood's production herein.

**REQUEST FOR PRODUCTION NO. 25:** All documents, details or sketches addressing the specific dimensions and scope of the demolition of the concrete structure being worked on by Angel Garcia immediately prior to the subject collapse that led to Mr. Garcia's fall.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant further objects on grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiving the foregoing objections, responsive documents, if any, will be produced.

**REQUEST FOR PRODUCTION NO. 26:** All documents reflecting observations by any party or person regarding the nature of spalling (or failure) of existing concrete members of the northeast, spiral pedestrian ramp during demolition acitivites prior to the time of the subject incident.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant further objects on grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiving the foregoing objections, responsive documents, if any, will be produced.

**REQUEST FOR PRODUCTION NO. 27:** All documents showing inspections and inspection results of the demolition acitivities being performed on the northeast spiral, pedestrian ramp.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Defendant further objects on grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiving the foregoing objections, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 28:** All Job Hazard Analyses, Job Safety Analyses (JHA, JSA or similar such formal process) done for the work activities of the demolition of structural concrete of the northeast pedestrian ramp, including the specific work being done by Angel Gacia.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Defendant further objects on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 29:** All documents and plans for temporary shoring to be utilized during the demolition work of structural concrete of the northeast pedestrian ramp, at the location of the subject incident.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, potentially misleading as written, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.
Defendant further objects to "all documents and plans" to the extent such request constitutes an

impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 30:** All correspondence, documents and emails between Manhattan | Vaughn (or any other party or entity) and Lindamood, reflecting the designation of a Competent Person proposed by Lindamood for the Kyle Field renovation project, as required by OSHA regulations 29 CFR 1926.20(b)(2).

**RESPONSE:** See production.

**REQUEST FOR PRODUCTION NO. 31:** All safety management or accident prevention programs, policies, manuals, safety-related rules and requirements for all work to be performed within the scope of the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the terms "safety management," , "accident prevention programs," "safety related rules," and "requirements for all work to be performed" as those terms and phrases are not defined and, as written, are vague, overly broad, and unduly burdensome. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 32:** All safety management or accident prevention programs, policies, manuals, safety-related rules, etc. related to the Kyle Field renovation project, created or adopted by Manhattan | Vaughn prior to the incident which were required by the authority of Manhattan | Vaughn to be utilized by subcontractors or others on the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the terms "safety management," , "accident prevention programs," "safety related rules," and "etc." as those terms and phrases are not defined and, as written, are vague, overly broad, and unduly burdensome. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects to this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).
Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 33:** All published requirements of any federal, state or local agency or any related standard of any national consensus standard promulgating organization, addressing requirements or recommendations for accident prevention and for the protection of employees or others on site with which Manhattan | Vaughn acknowledges they or others under the authority of Manhattan | Vaughn were to comply or operate on the Kyle Field renovation project on the date of the incident.

**RESPONSE:** Defendant objects to this request on the basis that it seeks production of documentation that is publically available and equally available to the requesting party. Defendant further objects to this request on the basis that it seeks documents that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Subject to and without waiving the foregoing objections, to the extent Defendant understands the request, Defendant would refer Plaintiffs to the Manhattan | Vaughn Project Site Specific Safety Plan for the Kyle Field Stadium Redevelopment and the Subcontract between Manhattan | Vaughn and the Defendant subcontractors.


**REQUEST FOR PRODUCTION NO. 34:** All documents reflecting statements by employees of Manhattan | Vaughn or any other party on the Kyle Field renovation project site describing the incident in question.

**RESPONSE:** Defendant objects to this request to the extent it is duplicative of Rule 194 requests and, therefore, overly broad and outside the permissible scope of the rules pursuant to Rule 194, Texas Rules of Civil Procedure.


**REQUEST FOR PRODUCTION NO. 35:** All documents reflecting statements by employees of Manhattan | Vaughn or any other party on the Kyle Field renovation project site describing the events leading uup to the subject incident, or the incident itself.

**RESPONSE:** Defendant objects to this request to the extent it is duplicative of Rule 194 requests and, therefore, overly broad and outside the permissible scope of the rules pursuant to Rule 194, Texas Rules of Civil Procedure.


**REQUEST FOR PRODUCTION NO. 36:** All initial-employment safety orientation, any specific safety management or accident prevention training or seminars provided Manhattan | Vaughn or by any party, to employees of any contractor or subcontractor working on the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the terms "safety management," , "accident prevention training or

seminars," as those terms and phrases are not defined and, as written, are vague, overly broad, and unduly burdensome. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 37:** All periodic reports of the progress of work performed on the Kyle Field renovation project.

**RESPONSE:** Defendant objects this request as vague and overly broad as to time and scope.

Defendant further objects on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 38:** All reports of accidents, on the job injuries or accident statistics related to the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent this Request seeks information protected by the work product and or attorney client privilege. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case. Further objection is made on the grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Defendant further objects to this Request to the extent that it seeks the production of documents and things which are proprietary and confidential.

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 39:** All records or minutes of periodic safety "toolbox" or "tailgate" meetings performed on the job site, dating from the commencement of demolition activities through 12/31/2013, with employees and/or with other contractors or subcontraactors on the Kyle Field renovation project, including records of the topics discussed and attendance lists.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and

scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, Defendant does not maintain trades / subcontractors tool box meeting minutes.

**REQUEST FOR PRODUCTION NO. 40:** All reports of the incident made by any party or person.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to the extent such request potentially seeks documents protected by the attorney/client and attorney-work-product privileges. *See* Rule 192.3, Texas Rules of Civil Procedure, and Rule 503, Texas Rules of Evidence.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production

**REQUEST FOR PRODUCTION NO. 41:** All schedules related to the Kyle Field renovation project, listing milestone dates, depicting the proposed progress of construction, schedules reflecting proposed progress for demolition activities on the subject pedestrian ramp involved in the subject incident.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 42:** All job-site safety inspection reports (dated from the start of construction of the Kyle Field renovation project through 12/31/2013).

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and

scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.


**REQUEST FOR PRODUCTION NO. 43:** All checklists utilized on the Kyle Field renovation project to assist in performance of job-site safety inspection efforts, and specifically, all such checklists or documents which relate to or mention the subject of demolition, structural integrity or safety.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, none known to this Defendant.


**REQUEST FOR PRODUCTION NO. 44:** All written procedures or requirements for the pre-qualification and selection of contractors or subcontractors for the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, Defendant would refer Plaintiffs the primary contract between Manhattan | Vaughn and the Board of Regents for the Texas A&M University System.


**REQUEST FOR PRODUCTION NO. 45:** All records of formal training given to any worker

or employee (assigned to the Kyle Field renovation project prior to the subject incident), related to the methods and techniques of demolition activities, in general, and specifically, demolition of concrete structures.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, Defendant would refer Plaintiffs to Lindamood Demolition, Inc. for the means and methods of the demolition work being performed at the time of the incident, and any training Lindamood provided to its employees.

**REQUEST FOR PRODUCTION NO. 46:** All reports generated as a result of the subject incident.

**RESPONSE:** Defendant objects to this Interrogatory as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product / joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects to the extent such Interrogatory, as written, seeks information protected by the consulting expert privilege. *See* Rule 192.3(e), Texas Rules of Civil Procedure.

Defendant further objects to "all reports" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the aforementioned objections, Defendant would refer Plaintiffs to the Texas A&M Univeristy police investigation previously produced herein.

**REQUEST FOR PRODUCTION NO. 47:** All OSHA reports or documents, including correspondence, related to the subject incident.

**RESPONSE:** Defendant objects to this Interrogatory as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects to this request, as written, it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.
Subject to and without waiving the aforementioned objections, OSHA has not produced any

report to Defendant's knowledge concerning the incident in question.

**REQUEST FOR PRODUCTION NO. 48:** All documents related to any investigation conducted as a result of the incident in question.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects to the extent such request, as written, seeks information protected by the consulting expert privilege. *See* Rule 192.3(e), Texas Rules of Civil Procedure.

Subject to and without waving the aforementioned objections, and would refer Plaintiffs to documents previously produced herein.

**REQUEST FOR PRODUCTION NO. 49:** Color copies of all photographs and videos taken of the scene of the subject incident, before and after the incident.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 50:** All pictures and videos generated as a result of any investigation conducted after the incident in question.

**RESPONSE:** Responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 51:** All videos and footage taken by the "construction cams" of the Kyle Field renovation project during the period of 11/1/2013 through 12/31/2013.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Subject to and without waiving the foregoing objections, responsive documents will be produced for the date of the incident.

**REQUEST FOR PRODUCTION NO. 52:** All documents of the overall site plan reflecting the scope and layout of the Kyle Field renovation project.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad as to time and

harassing in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Subject to and without waiving the foregoing objections, Defendant will supplement the plans and specifications the for Project.

**REQUEST FOR PRODUCTION NO. 53:** All documents reflecting the name of each company or contractor present at the Kyle Field work site on the day Angel Garcia was killed.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad in scope and time, and requests production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects as to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production

**REQUEST FOR PRODUCTION NO. 54:** All documents reflecting the names of every worker at the Kyle Field work site on the day Angel Garcia was killed.

**RESPONSE:** Defendant objects to this request on the basis that it is overly broad in scope, and requests production of documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Defendant further objects as to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waiving the foregoing objections, see production.

**REQUEST FOR PRODUCTION NO. 55:** All specifications, limitations, maximum weight loads or warnings provided with, or attached to, the Caterpillar Skid-Steer Loader being operated by Angel Garcia at the time he was killed.

**RESPONSE:** None in this Defendant's posession.

**REQUEST FOR PRODUCTION NO. 56:** The owner's and/or operator's manual for the Caterpillar Skid-Steer loader being operated by Angel Garcia at the time he was killed.

**RESPONSE:** None in this Defendant's posession.

**REQUEST FOR PRODUCTION NO. 57:** All structural integrity testing done on the

concrete structure in the area where Angel Garcia was working on the day of the incident in question. This includes testing done prior to and after the exact moment when the incident in question occurred.

RESPONSE: None in this Defendant's posession.


REQUEST FOR PRODUCTION NO. 58: All testing, engineering or otherwise, done on the concrete structure in the area where Angel Garcia was working on the day of the incident in question. This includes testing done prior to and after the exact moment when the incident in question occurred.

RESPONSE: None known to exist or in this Defendant's posession.


REQUEST FOR PRODUCTION NO. 59: All work plans for the specific work Angel Garcia was performing when he was killed.

RESPONSE: Defendant would refer Plaintiffs to Lindamood Demolition, Inc. for the manner, means and methods of the demolition work being performed at the time of the incident by Angel Garcia.


REQUEST FOR PRODUCTION NO. 60: All correspondence between defendants in this case and any insurance company, regarding coverage for personal injury or death claims, before the incident in question.

RESPONSE: Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. See Rules 192.5, Texas Rules of Civil Procedure; Rule 503, Texas Rules of Evidence.

Defendant further objects as to "all correspondence" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).


REQUEST FOR PRODUCTION NO. 61: All correspondence between defendants in this case and any insurance company, regarding coverage for personal injury or death claims, after the incident in question.

RESPONSE: Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. See Rules 192.5, Texas Rules of Civil Procedure; Rule 503, Texas Rules of Evidence.

Defendant further objects as to "all correspondence" to the extent such request constitutes an

impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 62:** All correspondence between defendants in this case regarding the incident in question.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects as to "all correspondence" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waving the aforementioned objections, Defendant is not in possession of any discoverable documents.

**REQUEST FOR PRODUCTION NO. 63:** All insurance reports regarding the incident in question.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects to this request to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

Subject to and without waving the aforementioned objections, Defendant is not in possession of any discoverable documents.

**REQUEST FOR PRODUCTION NO. 64:** All documents relied up [sic] or reviewed by any person, entity or insurer, to generate a report regarding the incident in question.

**RESPONSE:** Defendant objects to this request as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product /joint defense privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects as to "all documents" to the extent such request constitutes an impermissible "fishing expedition." Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989).

**REQUEST FOR PRODUCTION NO. 65:** All permits obtained for the demolition work

being performed as a part of the Kyle Field renovation project.

**RESPONSE:**     None in this Defendant's posession.


**REQUEST FOR PRODUCTION NO. 66:**  All  waivers  of  conflict  signed,  allowing representation of all Defendants by one law firm.

**RESPONSE:**     Defendant objects to this Request to the extent that it seeks the production of documents and things that are confidential, proprietary and protected by the joint-defense privilege.

Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.


Respectfully submitted,

THE MILLER LAW FIRM

MICHAEL A. MILLER
State Bar No. 14100650
mmiller@tmlfpc.com

Turtle Creek Centre
3811 Turtle Creek Blvd., Ste. 1950
Dallas, Texas 75219
(469) 916-2552 telephone
(469) 916-2555 facsimile

COUNSEL FOR DEFENDANT
MANHATTAN | VAUGHN,
A JOINT VENTURE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record as reflected below on this 30th day of April 2014:

*Via Certified Mail, RRR*
Jason A. Gibson
Andrew Smith
Clifford D. Peel, II
The Gibson Law Firm
The Lyric Centre
440 Louisiana, Suite 2050
Houston, Texas 77002
*Plaintiffs' Counsel*

MICHAEL A. MILLER

CAUSE NO. 2013-76550

| | | |
|---|---|---|
| JOSEFINA GARCIA, Individually and as Heir to the Estate of ANGEL GARCIA (Deceased); and ORBELINDA HERRERA, As Next Friend of ASHLEY GARCIA and BRIAN GARCIA (Minors), | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| vs. | § § § | HARRIS COUNTY, TEXAS, |
| J.T. VAUGHN CONSTRUCTION, LLC, d/b/a VAUGHN CONSTRUCTION, MANHATTAN CONSTRUCTION CO., INC., MANHATTAN \| VAUGHN, JVP, TEXAS CURB CUT, INC., TEXAS CUTTING & CORING GROUP, INC., and LINDAMOOD DEMOLITION, INC., | § § § § § § § § | |
| Defendants. | § | 80TH JUDICIAL DISTRICT |

---

## DEFENDANT MANHATTAN | VAUGHN'S OBJECTIONS AND ANSWERS TO PLAINTIFFS JOSEFINA GARCIA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ANGEL GARCIA'S FIRST SET OF INTERROGATORIES

---

TO:  Plaintiffs Josephina Garcia, Individually and as Heir to the Estate of Angel Garcia, by and through her counsel of record Jason A. Gibson, Andrew Smith, Clifford D. Peel II of The Gibson Law Firm, 2050 The Lyric Centre, 440 Louisiana in Houston, Texas 77002.

Defendant Manhattan | Vaughn, A Joint Venture (hereinafter "Manhattan | Vaughn" or

"Defendant") serves its Objections and Answers to Plaintiffs Josephina Garcia, Individually and

as Heir to the Estate of Angel Garcia's First Set of Interrogatories.



EXHIBIT
F

# DEFENDANT'S OBJECTIONS AND ANSWWERS TO
# PLAINTIFFS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**   Identify each person who answered these interrogatories, who assisted in answering, or provided information upon which the answers to these interrogatories are based. For each person, please provide the person's name, address, telephone number, and job title or position.

**ANSWER:**   Defendant objects to this Interrogatory to the extent it seeks those persons "who assisted in answering," and, as such, is vague and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the aforementioned objections, see below:

Thomas R. Kramer
Construction Manager
Manhattan | Vaughn, a Joint Venture
c/o Miller Law Firm
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219
469-916-2552


**INTERROGATORY NO. 2:**   Please state what actions, if any, were taken to ensure Angel Garcia was properly trained and qualified to do the work he was performing on December 3, 2013. Please include in your response the person or entity responsible for training Angel Garcia, and whether Angel Garcia actually received training, prior to or in preparation for his work on the Kyle Field renovation project site.

**ANSWER:**   Defendant objects to use of the word "ensure" as it implies certain duties or obligations that are not applicable to Defendant. Defendant further objects to the extent the Interrogatory is vague, not limited in time, and assumes facts not in evidence that Defendant had a duty to "ensure" training for Angel Garcia.

Subject to and without waiving the aforementioned objections, Defendant would refer Plaintiffs to Defendant, Lindamood Demolition, Inc. as Angel Garcia's employer at the time of the incident, and the subcontract between Manhattan | Vaughn and Lindamood Demolition, Inc. ("Lindamood") for Lindamood's contractual role and responsibility at the Kyle Field renovation project site ("the Project"), and training and qualifications required for Angel Garcia to perform the work he was performing at the Project at the time of the incident. In addition, Defendant would refer Plaintiffs to documents produced herein evidencing Garcia's safety training documents, JHAs, and other related documents supplied by Lindamood for the contractual work being performed at the Project at the time of the incident.

---

**INTERROGATORY NO. 3:** Please identify all safety equipment and policies provided to Angel Garcia, or to be used for his safety and benefit, for the work he was performing at the Kyle Field renovation project site on December 3, 2013.

**ANSWER:** Defendant objects to the Interrogatory as vague and overly broad as to "all safety equipment and policies," not limited in time, and assumes facts not in evidence that Defendant had such a duty to provide "safety equipment" and/or "policies" to Angel Garcia on the date in question.

Subject to and without waiving the aforementioned objection, Defendant would refer Plaintiffs to Defendant, Lindamood Demolition, Inc. as Angel Garcia's employer at the time of the incident, and the subcontract between Manhattan | Vaughn and Lindamood regarding Lindamood's contractual role and responsibility at the Project. In addition, please see documents produced herein regarding the training / qualifications of Angel Garcia. Defendant would further refer Plaintiffs to documents produced herein evidencing Garcia's safety orientation / training, Lindamood's JHAs for the work being performed at the Project, and other related documents supplied by Lindamood for the contractual work being performed at the Project.

**INTERROGATORY NO. 4:** Please state what actions, if any, were taken to ensure the concrete being cut and/or shaved on December 3, 2013 would be supported by the Caterpillar Skid Steer Loader operated by Angel Garcia on the morning of December 3, 2013.

**ANSWER:** Defendant objects to use of the word "ensure" as it implies certain duties or obligations that are not applicable to Defendant. Defendant further objects to the extent the Interrogatory is not limited as to time or scope, and assumes Defendant had a duty or responsibility to Plaintiff Garcia. Further, Defendant objects to this Interrogatory as being compound/multifarious and potentially misleading as worded.

Subject to and without waiving the aforementioned objection, Defendant would refer Plaintiffs to the subcontract between Manhattan | Vaughn and Lindamood concerning Lindamood's contractual role and responsibility at the Project. Defendant would further refer Plaintiffs to documents produced herein concerning the plans and specifications for the demolition being performed at the Project at the time of the incident, as well as Lindamood's JHAs and Demolition Plan. Otherwise, Defendant refers Plaintiffs to Defendant Lindamood for the methods and means concerning the work that was being performed at the time of the incident.

**INTERROGATORY NO. 5:** Does Manhattan | Vaughn contend Angel Garcia did or failed to do anything that caused or contributed to the injuries made the basis of his claims against you in this lawsuit? If so, please explain your answer in detail, including a specific description of each act or omission you contend Angel Garcia committed, and identify by name, address, and phone number each individual who you believe has any personal knowledge of any fact that you believe supports your contention.

**ANSWER:** Defendant objects to this request on the grounds that such request, as worded, is overly broad and requires Defendant to "marshal all of its evidence," and such request is outside the permissible scope of discovery. *See* Rule TEX. R. CIV. P. 197, cmt. 1.

Subject to and without waiving the aforementioend objections, Defendant would refer Plaintiffs to the Travis County Autopsy performed on Angel Garcia (MVJV.000284-MVJV.000289), previously produced herein. Defendant contends that Garcia was in violation of the Project's Manhattan | Vaughn Project Site Specific Safety Plan for the Kyle Field Stadium Redevelopment and the Subcontract between Manhattan | Vaughn and Lindamood regarding the use of drugs while working on the Project under the influence of marijuana (See P. MVJV.000289 toxicology results). *See* documents produced herein on behalf of Manhattan | Vaughn.

Discovery is in its early stages and, therefore, Defendant reserves its right to supplement this answer in accordance with the Texas Rules of Civil Procedure and any scheduling order that may be entered in this case as the facts are developed throughout discovery.

**INTERROGATORY NO. 6:** Does Manhattan | Vaughn contend any entity other than Angel Garcia did or failed to do anything that caused or contributed to the cause of Angel Garcia's injuries? If so, please list the entities which you contend caused or contributed to the incident and explain the basis of your contention.

**ANSWER:** Defendant objects to this request on the grounds that such request, as worded, is overly broad and requires Defendant to "marshal all of its evidence," and such request is outside the permissible scope of discovery. *See* Rule TEX. R. CIV. P. 197, cmt. 1.

Subject to and without waiving the aforementioend objections, Defendant does not have any such contention at this time. Discovery is in its early stages and, therefore, Defendant reserves its right to supplement this answer in accordance with the Texas Rules of Civil Procedure and any scheduling order that may be entered in this case as the facts are developed throughout the discovery process. Otherwise, please refer to Defendant's pleadings on file herein.

**INTERROGATORY NO. 7:** List all U.S. Health [sic] and Safety Administration ("OSHA") violations, investigations, citations, warning letters or reports involving Manhattan | Vaughn for the last ten (10) years regarding: falls, deaths or the improper on-site operation of construction vehicles, including but not limited to skid steer loaders or demontion.

**ANSWER:** Defendant objects to this request on the grounds that such request, as worded, is overly broad and is outside the permissible scope of discovery. *See* Rule TEX. R. CIV. P. 197, cmt. 1. None to Defendant's knowledge that are similar in nature, other than the ongoing OSHA's investigation of the incident made the basis of Plaintiffs' claims herein.

**INTERROGATORY NO. 8:** Please identify any lawsuits filed against Manhattan | Vaughn or a subcontractor of Manhattan | Vaughn in the last ten (10) years involving a fall, the improper on-site use of a construction vehicle, including but not limited to skid steer loaders, demolition processes or falling concrete which caused the personal injury or death of any employee.

**ANSWER:** Defendant objects to this Interrogatory on the grounds it is vague, multifarious, and overly broad as to time and scope with respect to the terms: "falls," "improper on-site use of a construction vehicle," "demolition processes," and "falling concrete." Defendant further objects to this Interrogatory as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. *See* 192.3 and 192.4, Texas Rules of Civil Procedure.

Subject to and without waiving the aforementioned objections, none.

**INTERROGATORY NO. 9:** Please state the approval process for the proposed demolition which occurred on December 3, 2013. Please include in your answer which entities proposed the approved demolition process, the names of the people involved in the approval decision, and when the approval took place.

**ANSWER:** Defendant objects to this Interrogatory as vague and assumes facts not in evidence to the extent it assumes there was an approval process for the proposed demolition, and that this Defendant was involved in any type of approval process.

Subject to and without waiving the aforementioned objections, Defendant was not involved in "an approval process for the proposed demolition." This Defendant was not involved in the means and methods of the demolition work being performed at the time of the incident, all of which would be left to the subcontractor, Lindamood. Defendant would refer Plaintiffs to the subcontract documents between Manhattan | Vaughn and Lindamood for the demolition work being performed at the time of the incident.

**INTERROGATORY NO. 10:** Please describe the portion of the wall or structure which was being demolished. Please include in your answer a description of the wall or structure itself, where the construction vehicle was in relation to the wall, how many engineers or workers were in the vicinity, and where exactly the concrete fell onto the construction vehicle.

**ANSWER:** Defendant would refer Plaintiffs to Defendant, Lindamood Demolition, Inc.

**INTERROGATORY NO. 11:** Please describe any structural testing which was performed on Kyle Field and the area where Angel Garcia was working, before the incident occurred on December 3, 2013. Please include in your answer the type and form of structural testing, who conducted the structural testing, the dates the structural testing was performed, and the outcome of the structural testing.

**ANSWER:** Defendant objects to this interrogatory on the basis that it is vague, overly broad as to time and scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Subject to and without waiving the aforementioned objections, Defendant is not aware of structural testing performed on the existing structure where the incident made the basis of Plaintiffs' claims occurred during the Kyle Field Renovation Project.

**INTERROGATORY NO. 12:** Please explain what actions, if any, Manhattan | Vaughn took to ensure that construction vehicles operating above the ground floor on the Kyle Field renovation project were protected from falling off the structure.

**ANSWER:** Defendant objects to this Interrogatory as overly broad, not limited in time or scope, and assumes facts not in evidence in that this it was this Defendant's role / responsibility to "ensure" construction vehicles operating above the ground floor were protected from falling off the structure. Defendant further objects to use of the word "ensure" as it implies certain duties or obligations that are not applicable to this Defendant. Defendant further objects to this Interrogatory as it is worded requires Defendant to "marshal all of its evidence," and such request is outside the permissible scope of discovery. *See* Rule TEX. R. CIV. P. 197, cmt. 1.

Subject to and without waiving the aforementioned objection, Defendant would refer Plaintiffs to the subcontract between Manhattan | Vaughn and Lindamood concerning Lindamood's contractual role and responsibility at the Project. Defendant would further refer Plaintiffs to documents produced herein concerning the plans and specifications for the demolition being performed at the Project at the time of the incident, as well as Lindamood's JHAs and Demolition Plan. Otherwise, Defendant refers Plaintiffs to Defendant Lindamood for the means and methods of the work that was being performed at the time of the incident.

**INTERROGATORY NO. 13:** Please describe in detail the business structure of Manhattan | Vaughn and its affiliates in relation to the Kyle Field renovation project. Please include in your answer the contractual agreements and sub-contracting structure betwee Vaughn Construction, Inc., Manhatan | Vaughn, JVP, Manhattan Construction Co., Lindamood Demolition, Inc., Texas Curb Cut, Inc., and Texas Cutting and Coring Group, Inc. with regards to the Kyle Field renovation project.

**ANSWER:** Defendant objects to this interrogatory on the basis that it is vague and lacks the degree of specificity required under the Texas Rules of Civil Procedure. Defendant further objects to this Interrogatory seeking information regarding "its affiliates" as vague and assumes the other defendants are "its affiliates."

Subject to and without waiving the aforementioned objections, Defendant is a joint venture partnership comprised of Manhattan Construction Company, Inc., a foreign corporation authorized to do business in Texas, and J. T. Vaughn Construction, LLC, a domestic limited liability company. Defendant is the Construction Manager-at-Risk by contract with the Board of

Regents of the Texas A&M University System for the Kyle Field Renovation Project. Defendants, Manhattan Construction Company and J. T. Vaughn Construction, LLC self-perform work at the Project under separate subcontracts with Manhattan | Vaughn.

**INTERROGATORY NO. 14:** Please describe in detail any duties or responsibilities of any kind that Manhattan | Vaughn and/or any of Manhattan | Vaughn's employees may have had or assumed for any safety-related policies, procedures, studies, or programs that directly or indirectly applied to Lindamood Demolition, Inc. during this period.

**ANSWER:** Defendant objects to this interrogatory on the basis that it is vague and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Subject to and without waiving the aforementioned objections, to the point Defendant understands the question, none. Defendant would refer Plaintiffs to the subcontract between Manhatttan | Vaughn and Lindamood, and the Manhattan | Vaughn Project Site Specific Safety Plan for the Kyle Field Stadium Redevelopment regarding the role and responsibility for subcontractor Lindamood as it pertains to safety-related policies and procedures for the Project.

**INTERROGATORY NO. 15:** Please identify the persons or entities responsible for managing and/or conducting the cutting and shaving of concrete at the Kyle Field renovation site on December 3, 2013.

**ANSWER:** Defendant objects to this interrogatory on the basis that it is vague, overly broad as to time and scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case.

Subject to and without waiving the aforementioned objections, Defendant would refer Plaintiffs to Defendant, Lindamood Demolition, Inc.

**INTERROGATORY NO. 16:** Please identify the head safety director(s) or person(s) in charge of safety for the Kyle Field renovation location, including their official title and the name of their employer.

**ANSWER:** Defendant objects to this Interrogatory on the basis that it is vague, specifically the phrase "the head safety director(s)" is not defined. Defendant further objects as the Interrogatory assumes facts not in evidence, specifically that one individual is "in charge of safety for Kyle Field renovation" and therefore is potential misleading as written.

Subject to and without waiving the aforementioned objections, Gary C. Lambert, Senior Safety Manager, is the designated safety representative for Manhattan | Vaughn for the Kyle Field Renovation Project. Otherwise, Defendant would refer Plaintiffs to the individual trade and or subcontractor and their respective designated safety representative for the Project.

**INTERROGATORY NO. 17:** Please describe any investigations performed after the incident on December 3, 2013. Please include in your answer the name and contact information of the person or entity who conducted the investigation, when the investigation(s) occurred, and the outcome/results/findings of the investion(s).

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects to the extent such Interrogatory, as written, seeks information protected by the consulting expert privilege. *See* Rule 192.3(e), Texas Rules of Civil Procedure.

Subject to and without waiving the aforementioned objections, Defendant is aware that OSHA has an ongoing investigation, and Texas A&M Univeristy police performed an investigation. Otherwise, all other investigation concerning this accident has been turned over to Defendant's counsel, which is ongoing.

**INTERROGATORY NO. 18:** Please state all remedial actions taken after the incident made the basis of this lawsuit occurred, including but not limited to new safety policies and/or the installation of safety equipment.

**ANSWER:** Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client / attorney work product privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Subject to and without waiving the aforementioned objections, none as to this Defendant.

**INTERROGATORY NO. 19:** Please identify all permits obtained for the demolition, expansion and/or renovation of Kyle Field, as it pertains to the work being done on or around the time Angel Garcia was killed.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad as to time or scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the aforementioned objection, none as to this Defendant. Defendant would refer Plaintiffs to Lindamood Demolition, Inc.

**INTERROGATORY NO. 20:** Please identify every worker who has been injured on the job since the Kyle Field renovation project began, including a description of the injury and the date of each injury.

**ANSWER:** Defendant objects to this interrogatory on the basis that it is overly broad as to time and scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the aforementioned objection, see attached.

**INTERROGATORY NO. 21:** The name of all trade associations of which Manhattan | Vaughn is a member.

**ANSWER:** Defendant objects to this interrogatory on the basis that it is overly broad as to time and scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 22:** Please identify the name of Angel Garcia's direct supervisor at the time of his death, including the name of the person's employer and their job title.

**ANSWER:** Defendant would refer Plaintiffs to Defendant, Lindamood Demolition, Inc.

**INTERROGATORY NO. 23:** Please identify every person or entity (including insurers), to your knowledge, that has participated in or conducted an investigation regarding the incident in question.

**ANSWER:** Defendant objects to this Interrogatory as vague, overly broad as to time and scope, and, as written, seeks information protected by the attorney-client / attorney work product privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rule 503, Texas Rules of Evidence.

Defendant further objects to the extent such Interrogatory, as written, seeks information protected by the consulting expert privilege. *See* Rule 192.3(e), Texas Rules of Civil Procedure.

Subject to and without waiving the aforementioned objections, Defendant is aware that OSHA has an ongoing investigation, and Texas A&M Univeristy police performed an investigation. Otherwise, all other investigation concerning this accident has been turned over to Defendant's counsel, which is ongoing.

Respectfully submitted,

THE MILLER LAW FIRM

MICHAEL A. MILLER
State Bar No. 14100650
mmiller@tmlfpc.com

Turtle Creek Centre
3811 Turtle Creek Blvd., Ste. 1950
Dallas, Texas 75219
(469) 916-2552 telephone
(469) 916-2555 facsimile

COUNSEL FOR DEFENDANT
MANHATTAN | VAUGHN,
A JOINT VENTURE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record as reflected below on this 30th day of April 2014:

*Via Certified Mail, RRR*
Jason A. Gibson
Andrew Smith
Clifford D. Peel, II
The Gibson Law Firm
The Lyric Centre
440 Louisiana, Suite 2050
Houston, Texas 77002
*Plaintiffs' Counsel*

MICHAEL A. MILLER

| | | |
|---|---|---|
| JOSEFINA GARCIA, Individually | § | IN THE DISTRICT COURT OF |
| and as Heir to the Estate of | § | |
| ANGEL GARCIA, Deceased; and, | § | |
| | § | |
| ORBELINDA HERRERA as | § | |
| Next Friend of ASHLEY GARCIA | § | |
| and BRYAN GARCIA, Minors | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| J.T. VAUGHN CONSTRUCTION LLC | § | |
| d/b/a VAUGHN CONSTRUCTION; | § | |
| MANHATTAN CONSTRUCTION CO., INC.; | § | |
| MANHATTAN \| VAUGHN JVP; | § | |
| TEXAS CUTTING & CORING LP; | § | |
| TEXAS CUTTING & CORING GP, INC.; | § | |
| and, LINDAMOOD DEMOLITION, INC. | § | 80TH JUDICIAL DISTRICT |

### TEXAS CUTTING & CORING LP'S RESPONSES TO PLAINTIFFS' REQUESTS FOR DISCLOSURE

TO:  Plaintiffs, Josefina Garcia, Individually and as Heir to the Estate of Angel Garcia (Deceased); and, Orbelinda Herrera, as Next Friend of Ashley Garcia and Bryan Garcia, Minors, by and through their attorneys of record, Jason A. Gibson, Jonathan D. Sneed and Clifford D. Peel II of The Gibson Law Firm, 2050 The Lyric Centre, 440 Louisiana, Houston, Texas 77002.

Defendant Texas Cutting & Coring LP (hereinafter "Texas Cutting"), submits its

Responses to Plaintiffs' Requests for Disclosure pursuant to Rules 194.2(a) through

194.2(l) of the Texas Rules of Civil Procedure.



**EXHIBIT G**

## RESPONSES TO REQUESTS FOR DISCLOSURE

(a)    State the correct name(s) of the party(ies) to the lawsuit.

**RESPONSE:**    Manhattan | Vaughn, A Joint Venture
Manhattan Construction Company, Inc.
J. T. Vaughn Construction LLC d/b/a Vaughn Construction
Lindamood Demolition, Inc.
Texas Cutting & Coring LP
Texas Cutting & Coring GP, Inc.

These are the correct legal names for the defendants herein named in this lawsuit. However, Texas Cutting & Coring GP, Inc. is not a properly named party and, therefore, is not a proper party to this lawsuit.

(b)    State the name, address and telephone number of each potential party.

**RESPONSE:**    None at this time. Discovery is in its early stages. Texas Cutting reserves the right to supplement this Response pursuant to the Texas Rules of Civil Procedure.

(c)    State each of your legal theories and, in general, factual bases for each of your claims or defenses.

**RESPONSE:**    Texas Cutting, as authorized by Rule 92 of the Texas Rules of Civil Procedure, generally denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition and all amendments and/or supplements thereto, and demands strict proof thereof by a preponderance of the evidence.

Pleading further, Texas Cutting asserts it is a provider of workers' compensation insurance that provided coverage in connection the incident made the subject of this litigation and that benefits under such policy(ies) have been paid to one or more Plaintiffs. Texas Cutting invokes the protections afforded it under Section 408.001 of the Texas Labor Code.

Pleading further, to the extent that the medical expenses and/or healthcare expenses exceed the amount actually paid on behalf of Plaintiffs, Texas Cutting asserts the statutory defenses set forth in Section 41.0105 of the Texas Civil Practice & Remedies Code. Specifically, recovery of medical and/or healthcare expenses by or on behalf of Plaintiffs is limited to the amount actually paid or incurred. See TEX. CIV. PRAC. & REM. CODE § 41.0105.

Pleading further, Texas Cutting asserts Section 18.091 of the Texas Civil Practice and Remedies Code to the extent that the Plaintiffs are alleging lost wages or lost earning capacity as a result of the incident in question. Texas Cutting would show that such recovery is limited to net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. See TEX. CIV. PRAC. & REM. CODE § 41.0105.

Pleading further, Texas Cutting pleads that, under the provisions of the Texas Civil Practice and Remedies Code, Plaintiffs are barred from recovering punitive damages from Texas Cutting. See TEX. CIV. PRAC. & REM. CODE § 41.003. In the alternative, Texas Cutting further pleads that the appealable statutes and relevant case law place a limitation or "cap" on the punitive damages or statutory damages, if any. See TEX. CIV. PRAC. & REM. CODE § 41.008.

Texas Cutting further pleads that any claim asserted by Plaintiffs for punitive or additional damages is unconstitutional and any award of such damages would violate the Due Process Clause of the Fifth and/or Fourteenth Amendments to the United States Constitution and Article I, Sections 13, 14, and 19 of the Texas Constitution because, among other things, (1) the elements Plaintiffs must establish to receive such damages are so vague and imprecise that they fail to give a person of reasonable intelligence fair warning that his conduct may be subject to such damages and they promote arbitrary and discriminatory jury verdicts; (2) the lack of adequate standards governing the amount of such damages the jury may award including, but not limited to, the proportion of punitive damages to actual damages awarded, fails to give a person of reasonable intelligence fair warning of the consequences of his actions; (3) the lack of bifurcated trial proceedings where evidence relating to such damages would not be admitted until compensatory liability has been established; (4) any award of such damages would constitute a taking of property without due process; (5) an award of such damage would constitute an excessive fine or cruel and unusual punishment; (6) an award of such damages might subject Texas Cutting to multiple penal sanctions for the same "offense." The imposition of punitive or additional damages in this case would also be unconstitutional because of the lack of procedural safeguards and practices guaranteed to all persons subject to penal sanctions by the Fourth, Fifth, and Sixth Amendments of the United States Constitution and their counterparts in the Texas Constitution.

Pleading further, Texas Cutting pleads that pre-judgment interest should be calculated on the shortest length of time permitted by law. Texas Cutting further asserts that prejudgment interest is not calculated on future interest. See TEX. FIN. CODE § 304.1045. If it should be necessary, Texas Cutting further asserts that pre-judgment interest is not calculated on exemplary damages. See TEX. CIV.

PRAC. & REM. CODE § 41.007. Texas Cutting further plead that Section 304.105 of the Texas Financial Code applies when settlement offers have been made. See TEX. FIN. CODE § 304.105.

Pleading further, and without any waiver of its previously pleaded denials and defenses, Texas Cutting asserts it is entitled to settlement credits or set-offs, as provided for under Chapter 33 of the Texas Civil Practice and Remedies Code, for any money collected or promised to any Plaintiff or Plaintiffs from any tortfeasor or settling party or judgment based on the incident made the basis of Plaintiffs' claims.

(d)     State the amount of economic damages you are seeking in the above matter and the method used in calculating said damages.

**RESPONSE:**     None at this time. Texas Cutting reserves its right to supplement this Response in accordance with the Texas Rules of Civil Procedure.

(e)     State the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**     Josefina Garcia
        Individually and as Heir to the Estate of Angel Garcia, Deceased
      Orbelinda Herrera
        as Next Friend of Ashley Garcia and Bryan Garcia, Minors
      c/o Jason A. Gibson, Jonathan d. Sneed and Clifford D. Peel II
      THE GIBSON LAW FIRM
      The Lyric Centre
      440 Louisiana, Suite 2050
      Houston, Texas 77002
      (713) 650-1010
        *Plaintiffs*


      Officer Justin Vykukal (#402005187)
      Officer Josh DeLeon (#601009909)
      Supervisor Bobby Richardson, Jr. (#201009726)
      C. Crenshaw (#601008607)
      W. Goldwater (#902000357)
      K. Williams (#402000517)
      M. Scamardo (#802004399)
      Dave Osborn (IT)
      Detective Cody Clemens
      Evidence Technician Murphy
      Custodians of Record
      TEXAS A&M UNIVERSITY POLICE
      1111 Research Pkwy.

College Station, Texas 77845
(979) 845-2345
> *Agency that performed the investigation of the incident made the basis of Plaintiffs' claims*

Wendell Ramsey, Safety Coordinator
Kris Gooding, Supervisor
Hugo Montoya, Supervisor
Jose Montoya, Laborer
Jose Molina, Helper
Texas Cutting & Coring LP
c/o Michael A. Miller
THE MILLER LAW FIRM
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219
(469) 916-2552
> *Defendant and employees who may have knowledge concerning the incident made the basis of Plaintiffs' claims and/or the work the Texas Cutting was performing at Kyle Field*

Jake Lindamood, Vice President
Andy McElvain, Supervisor
Jeremy Gardner, laborer
Daniel Burge, laborer
Lindamood Demolition, Inc.
c/o Michael A. Miller
THE MILLER LAW FIRM
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219
(469) 916-2552
> *Defendant and employees who may have knowledge concerning the incident made the basis of Plaintiffs' claims and/or the work Lindamood was performing at Kyle Field*

Edward Schultz MD
Sherri Moore RN
Samantha Ketchum RN
Custodians of Record
ST. JOSEPH REGIONAL HEALTH CARE CENTER
2801 Franciscan Drive
Bryan, Texas 77802
(979) 776-2524
> *Health care providers who may have knowledge concerning Angel Garcia's injuries*

Leisha Wood MD, Deputy Medical Examiner
Rodrigo Camacho, Investigator
Custodians of Records
TRAVIS COUNTY MEDICAL EXAMINER'S OFFICE
1213 Sabine St.
Austin, Texas 78701
(512) 854-9599
  *Medical examiner and investigator who performed the autopsy on deceased, Angel Garcia and/or conducted an investigation in connection with the death of the decedent*


Tommy A. Munoz
BRAZOS COUNTY JUSTICE OF THE PEACE
Precinct 2, Place 2
200 South Texas Avenue, Suite 114
(979) 361-4190
  *County official with knowledge of the decedent*


Tom Kramer, Construction Manager
Jeremy Ballard, Superintendent
James T. Cuddihee, Sr. Superintendent
Gary Lambert, Safety Supervisor
Manhattan | Vaughn, A Joint Venture
c/o Michael A. Miller
THE MILLER LAW FIRM
3811 Turtle Creek Blvd., Suite 1950
Dallas, Texas 75219
(469) 916-2552
  *Defendant and employees who may knowledge concerning the incident made the basis of Plaintiffs' claims, and/or the work Manhattan | Vaughn was performing at Kyle Field*


Joseph Arellano
1602 South College Ave., Apt. 31
Bryan, Texas 77801
(979) 450-6977
  *Rice Walker Electrical Company employee who may have knowledge concerning the incident made the basis of Plaintiffs' claims*

(f)     For each individual who may be called by you or your attorney as a testifying expert witness, state:

    1.    the expert's name, address and telephone number;

    2.    the subject matter on which the expert will testify;

    3.    the mental impressions and opinions held by the expert and a brief summary of the basis for them (or documents reflecting such information if the expert is not retained by, employed by, or otherwise subject to your control);

    4.    if the expert is retained by, employed by, or otherwise subject to your control:

        A)    produce all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by or prepared by or for the expert in anticipation of the expert's testimony; and,

        B)    produce the expert's current resume and bibliography.

**RESPONSE:**    Texas Cutting has not yet determined which individuals they may call as testifying expert witnesses in this case. However, Discovery is in its infancy and the Texas Cutting reserves the right to supplement within the time limitations provided by the Texas Rules of Civil Procedure, the Court or by any agreements between the Parties.

Texas Cutting further reserves the right to withdraw the designation of any expert and to aver positively that such previously designated expert will not be called upon to testify as an expert at trial, and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

Texas Cutting further reserves the right to elicit the opinion testimony of experts designated and called by other parties to this suit, including but not limited to:

    1.    any witness or expert who has been or will be named by any other party in any answer to any discovery request, even if the party that designated the witness or expert is no longer a party to the lawsuit at the time of trial;

    2.    any witness or expert whose name appears on any documents that has been or will be produced by any party in any response to any discovery request;

3. any witness or expert whose name is reflected in any document that has been or will be obtained through the use of authorizations and/or depositions on written questions;

4. any witness or expert whose name is reflected in any document that has been or will be submitted to the Court by affidavit;

5. any witness or expert whose name is reflected in any document that has been or will be subpoenaed by any party;

6. any witness or expert whose name appears in the transcript of any deposition taken in this matter; and,

7. any witness or expert whose name is reflected in any document that has been or will be attached to the transcript of any deposition.

Texas Cutting further reserves the right to call undesignated experts in rebuttal, whose identities and testimony cannot be reasonably foreseen until Plaintiffs have presented evidence at trial.

Texas Cutting further reserves the right to elicit expert testimony and/or lay opinion testimony that would assist the jury in determining material fact issues that would not violate the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

Texas Cutting further reserves any additional rights they may have regarding expert witnesses under the Texas Rules of Civil Procedure, Texas Rules of Evidence, and/or any other case law or ruling of this Honorable Court.

It is anticipated that healthcare providers may testify regarding the prior health condition of the Decedent and/or either Plaintiff and the manifestations, if any, of mental anguish on them.

Records Custodians will testify in accordance with the Texas Rules of Evidence in order to establish the admissibility of certain business records.

(g) Produce any discoverable indemnity and insuring agreements.

**RESPONSE:** Please refer to the documents produced this date on compact disc and marked TCC_000001-000181.

(h)    Produce any discoverable settlement agreements.

**RESPONSE:**    Texas Cutting is not aware of any such agreements.


(i)    Produce any discoverable witness statements.

**RESPONSE:**    Please refer to the TAMU PD Incident/Investigation Report produced this date on compact disc and marked TCC_000182-000231.


(j)    Produce all medical records and bills that are reasonably related to the injuries or damages asserted, or in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE:**    Please refer to the documents produced this date on compact disc and marked TCC_000182-000237.


(k)    Produce all medical records and bills that are obtained by you or your attorney by virtue of the authorization attached hereto.

**RESPONSE:**    Not applicable.


(l)    Produce the name, address, and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**    Discovery is in its initial stages. Texas Cutting therefore reserves its right to supplement this Response pursuant to the Court's Scheduling Order and the Texas Rules of Civil Procedure.

Respectfully Submitted,

_(signature)_

MICHAEL A. MILLER
State Bar No. 14100650
mmiller@tmlfpc.com

THE MILLER LAW FIRM
1950 Turtle Creek Center
3811 Turtle Creek Boulevard
Dallas, Texas 75219
(469) 916-2552
(469) 916-2555 fax

ATTORNEYS FOR DEFENDANT
TEXAS CUTTING & CORING LP

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Defendant Texas Cutting & Coring LP's Responses to Plaintiffs' Requests for Disclosure was served on counsel of record for Plaintiffs by way of facsimile (713) 650-1011, and the responsive documents are being produced on compact disc by US mail on the 28th day of April 2014.

Jason A. Gibson
Jonathan D. Sneed
Clifford D. Peel II
THE GIBSON LAW FIRM
2050 The Lyric Centre
440 Louisiana
Houston, Texas 77002

_(signature)_

MICHAEL A. MILLER

| | | |
|---|---|---|
| JOSEFINA GARCIA, Individually<br>and as Heir to the Estate of<br>ANGEL GARCIA, Deceased; and,<br><br>ORBELINDA HERRERA as<br>Next Friend of ASHLEY GARCIA<br>and BRYAN GARCIA, Minors<br><br>vs.<br><br>J.T. VAUGHN CONSTRUCTION LLC<br>d/b/a VAUGHN CONSTRUCTION;<br>MANHATTAN CONSTRUCTION CO., INC.;<br>MANHATTAN \| VAUGHN JVP;<br>TEXAS CUTTING & CORING LP;<br>TEXAS CUTTING & CORING GP, INC.;<br>and, LINDAMOOD DEMOLITION, INC. | § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br><br><br><br>HARRIS COUNTY, TEXAS<br><br><br><br><br>80TH JUDICIAL DISTRICT |

## LINDAMOOD DEMOLITION, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF GARCIA'S FIRST REQUESTS FOR PRODUCTION

TO:   Plaintiffs Josefina Garcia, Individually and as Heir to the Estate of Angel Garcia, Deceased by and through her counsel of record Jason A. Gibson, Jonathan D. Sneed, Clifford D. Peel II of THE GIBSON LAW FIRM, 2050 The Lyric Centre, 440 Louisiana in Houston, Texas 77002.

Defendant Lindamood Demolition, Inc. (hereinafter "Lindamood") submits its Objections and Responses to Plaintiff Josefina Garcia, Individually and as Representative of the Estate of Angel Garcia Deceased's (hereinafter "Plaintiff Garcia") First Requests for Production, pursuant to Rules 192, 193 and 196 of the Texas Rules of Civil Procedure.

## RESPONSES TO REQUEST FOR PRODUCTION

1.   All records documenting Angel Garcia's employment with Lindamood, including but not limited to personnel files, work history, time logs, payment records and training logs.

      **RESPONSE:**    Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure, and constitutes an impermissible fishing expedition.

EXHIBIT

H

Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

Lindamood further objects to this Request to the extent that it seeks the production of documents and things which are proprietary and confidential.

Subject to and without waiver of the foregoing objections, records documenting Angel Garcia's employment with Lindamood are being produced. See LMD_000238-000324.

2. All contracts or other written agreements entered between Lindamood, Texas A&M or any defendant in this case, related to the Kyle Field renovation project.

**RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure, and constitutes an impermissible fishing expedition.

Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

Further objection is made on the grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Lindamood further objects to this Request to the extent that the term "written agreements" is unclear and undefined.

Subject to and without waiver of the foregoing objections, the subcontract by and between Manhattan|Vaughn and Lindamood, and the subcontract by and between Lindamood and Texas Cutting & Coring LP are being produced. See LMD_000325-000462.

3. All correspondence between Lindamood, Texas A&M or any other entity or defendant in this case, related to the Kyle Field renovation project, including but not limited to correspondence related to contracts or agreements for the

performance of activities related to construction, construction management, accident prevention or safety at the worksite.

> **RESPONSE:** Lindamood objects to this Request on the grounds that it is overly broad, seeks the production of documents and things which are proprietary and confidential, irrelevant to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. Further Lindamood does not have all correspondence requested above in its possession, custody or control.
>
> Subject to and without waiver of the foregoing objections, Lindamood produces its:
>
> a. Demo Safety Plan for Area Without Front Protection Wall
> b. Health, Safety & Environmental Manual
> c. Site Specific Safety Plan
> d. Safety & Work Plan for TAMU Kyle Field Stadium
>
> See LMD_000463-000534.
> Additionally, please refer to Response No. 2 above.

4. All documents related to, documenting or describing the scope of work to be performed by Lindamood for the Kyle Field renovation project.

> **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, vague and not limited in scope. Subject to and without waiver of the foregoing objections, please refer to the contracts referenced in Response No. 2 above and the documents produced in response thereto.

5. All documents related to or discussing demolition work, purchase of materials, supplies, provision of equipment, provision of labor, safety, insurance and workers' compensation, as it applies to any defendant in this case.

> **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure, and seeks the production of documents and things that are confidential, proprietary and protected by the attorney-client and attorney work-product privileges.
>
> Further objection is made on the grounds that this Request seeks the production of documents and things which are not relevant to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.

Further objection is made on the grounds that Lindamood does not have all of the requested documents in its possession, custody or control.

Subject to and without waiver of the foregoing objections, please refer to responses 2-4 above, the Workers Comp reporting documents produced in response to Request No. 1 above, Lindamood's Kyle Field Demolition Plan and Revised Demolition Plan produced in response to this Request and marked LMD_000535-000541, and Lindamood's Daily Logs produced and marked LMD_000542-000570.

6.   All documents and correspondence related to the progress of the Kyle Field renovation project between or among the parties, including Lindamood, or any other party with responsibilities on the Kyle Field renovation project site.

    **RESPONSE:**   Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure.

                Further objection is made on the grounds that this Request seeks the production of documents and things which are not relevant to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.

                Lindamood further objects to this Request to the extent that it seeks the production of documents and things protected by the joint-defense privilege.

                Further objection is made on the grounds that Lindamood does not have all of the requested documents in its possession, custody or control.

                Subject to and without waiver of the foregoing objections please refer to the progression photos produced and marked LMD_000571-000702.

7.   All notes and documents in possession of Lindamood regarding inspections performed by OSHA on the Kyle Field renovation project.

    **RESPONSE:**   Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in scope, burdensome and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

Further objection is made on the grounds that this Request seeks the production of document sand things protected by the attorney-client and attorney work-product privileges.

Subject to and without waiver of the foregoing objections, please refer to the Texas A&M University Police Incident/Investigation Report previously produced in Lindamood's Responses to Plaintiffs' Requests for Disclosure.

Further, based on information and belief, an investigation by OSHA is ongoing. Lindamood reserves the right to supplement this Response in accordance with the Texas Rules of Civil Procedure.

8.  All documents related to inspections done on the Kyle Field renovation project, including but not limited to the area where Angel Garcia was working and killed.

**RESPONSE:**  Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure, and constitutes an impermissible fishing expedition.

Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit, not reasonably calculated to lead to the discovery of admissible evidence, and the burden or expense of the proposed discovery is outweighed by the likely benefit the discovery would provide.

Lindamood further objects to this Request to the extent that it seeks the production of documents and things acquired or developed subsequent to the incident upon which this suit is based and which were made in connection with the investigation or in anticipation of the defense of the claims made in connection with this litigation.

Further objection is made on the grounds that seeks production of non-discoverable matters relating to an expert or consulting expert whose work product, opinions or impressions will not form, in whole or in part, a basis of the opinions of an expert who will testify at the trial of this cause.

Subject to and without waiver of the foregoing objections, please refer to the Texas A&M University Police Incident/ Investigation Report produced in Lindamood's Responses to Plaintiffs' Requests for Disclosure.

9. All minutes of meetings (or other similar document) at which planning, risk management, engineering, demolition or safety was discussed.

    **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

        Lindamood further objects to this Request to the extent that it seeks the production of documents and things that are not relevant to the subject matter of this lawsuit, it constitutes an impermissible fishing expedition, and the documents sought are not reasonably calculated to lead to the discovery of admissible evidence.

        Subject to and without waiver of the foregoing objections, please refer to Response No. 3 above. Additionally, Lindamood produces the following marked LMD_000703-000755:

        a. August 16, 2013 Safety Meeting agenda (and photo)
        b. November 7, 2013 Safety Meeting agenda
        c. November 2013 JSA Worksheets
        d. December 2013 JSA Worksheets

10. All recordings or videos of the work being performed on the Kyle Field renovation project, including audio or video footage of the incident in question.

    **RESPONSE:** Please refer to Lindamood's response to Request No. 6 above.

11. All documents identifying safety issues or concerns as it pertains to the Kyle Field renovation, including but not limited to the demolition process and the work being performed by Angel Garcia and his employer.

    **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad and not limited in scope. Further objection is made on the grounds that this Request is unreasonably duplicative, harassing and burdensome.

        Lindamood further objects to this Request to the extent that it this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

        Subject to and without waiver of the foregoing objections, please refer to the documents produced in response to Requests No. 3, 5 and 9 above.

12. All documents mentioning actions taken by defendants to correct any safety issues that were identified, as it pertains to the Kyle Field renovation project.

**RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, vague and not limited in time or scope. Additionally, Lindamood doesn't have "all documents mentioning actions taken by defendants" to correct "any safety issues...pertain[ing] to the Kyle Field renovation project." Further, objection is made on the grounds that this Request constitutes an impermissible fishing expedition.

Further objection is made on the grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiver of the foregoing objections and to the extent any such non-privileged documents exist and are in Lindamood's possession, custody or control, Lindamood will produce.

13. All documents and plans of the Kyle Field renovation project, including but not limited to blue prints, specifications, structural general notes and structural plan sheets, defining demolition work to be performed on the existing northeast pedestrian ramp.

**RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in scope, and seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

Lindamood further objects to this Request to the extent that it is unreasonably duplicative, harassing and burdensome and it constitutes an impermissible fishing expedition.

Further objection is made on the grounds that this Request seeks the production of documents and things which are proprietary and confidential.

Subject to and without waiver of the foregoing objections, please refer to the documents produced in response to Requests No. 2, 3 and 5 above, as well as the documents and things produced by Manhattan|Vaughn JVP in this cause of action.

14. All documents including specifications, general conditions and supplemental conditions generated by any party or other entity, describing the scope of work and/or services (specifically including safety and demolition) to be done on the Kyle Field renovation project.

   **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in time or scope, is unreasonably duplicative, repetitive and burdensome and it constitutes an impermissible fishing expedition.

   Subject to and without waiver of the foregoing objections, please refer to the documents produced in response to Requests No. 2, 3 and 5 above. Additionally, please refer to the documents and things produced by Manhattan|Vaughn JVP in this cause of action.

15. All correspondence between Lindamood and any other entity involved with the Kyle Field renovation project that mentions job progress, scheduling, safety, hazard identification or job-site hazards.

   **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in time or scope, is unreasonably duplicative harassing and burdensome, and it constitutes an impermissible fishing expedition.

   Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

   Lindamood further objects to this Request on the grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

   Subject to and without waiver of the foregoing objections, please refer to the documents produced in response to Requests No. 2, 3, 5 and 9 above. Additionally, please refer to the documents and things produced by Manhattan|Vaughn JVP in this cause of action.

---

16. All documents related to the Kyle Field renovation project, which mention the methods and/or schedule of performance of demolition work to be performed by Lindamood and its employees.

    **RESPONSE:**    Lindamood objects to this Request to the extent that it is overly broad, not limited in time or scope, is unreasonably duplicative, harassing and burdensome, and it constitutes an impermissible fishing expedition.

                        Lindamood further objects to this Request to the extent that it seeks the production of documents and things which are proprietary and confidential. Moreover, Lindamood does not have "all documents" requested above in its possession, custody or control.

                        Subject to and without waiver of the foregoing objections, please refer to the documents produced in response to Requests No. 2, 3, 5 and 9 above.

17. All minutes of Pre-Construction meetings related to Kyle Field renovation project.

    **RESPONSE:**    Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure, and constitutes an impermissible fishing expedition.

                        Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

                        Subject to and without waiver of the foregoing objections and to the extent any such non-privileged documents or things exist and are in Lindamood's possession, custody or control, Lindamood will produce. Additionally, please refer to the documents and things produced by Manhattan|Vaughn JVP in this cause of action.

18. All contracts issued by Lindamood related to the structural demolition scope of work being performed on the northeast pedestrian ramp where the subject incident occurred on 12/3/2013.

---

**RESPONSE:** Please refer to the contracts produced in response to Request No. 2 above.

19. All correspondence and emails between Lindamood and any other entity involved with the Kyle Field renovation project related to demolition activities.

    **RESPONSE:** Lindamood objects to this Request to the extent that it is unreasonably duplicative, harassing and burdensome, it is overly broad, vague, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure, and constitutes an impermissible fishing expedition.

               Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

               Lindamood further objects to this Request to the extent that it seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

               Subject to and without waiver of the foregoing objections, please refer to Response No. 3 above.

20. All documents reflecting responsibilities of Lindamood employees related to performance or oversight of demolition activities.

    **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in time or scope, seeks the production of documents and things that are confidential and proprietary and not relevant to the subject matter of this cause of action.

               Lindamood further objects to this Request to the extent that it lacks the degree of specificity required under the Texas Rules of Civil Procedure and constitutes an impermissible fishing expedition.

               Further objection is made on the grounds that the items sought are not reasonably calculated to lead to the discovery of admissible evidence.

               Subject to and without waiver of the foregoing objections, please refer to Responses No. 2, 3, 5 and 9 above.

21. All documents which show engineering surveys performed by any party or entity, related to the demolition of structural concrete for the Kyle Field renovation project, pursuant to OSHA 29 CFR 1926.850(a).

    **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in scope, and the items sought are not described with the specificity required by the Texas Rules of Civil Procedure.

    Further objection to this Request is made on the grounds that it constitutes an impermissible fishing expedition, and the term "engineering surveys" is unclear and undefined.

    Subject to and without waiver of the foregoing objections, and after a diligent search and reasonable inquiry, no responsive documents have been identified at this time.

22. All documentation and correspondence discussing engineering surveys performed by any party or entity, related to the demolition of structural concrete for the Kyle Field renovation project, pursuant to OSHA 29 CFR 1926.850(a).

    **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in scope, and the items sought are not described with the specificity required by the Texas Rules of Civil Procedure.

    Further objection to this Request is made on the grounds that it constitutes an impermissible fishing expedition, and the term "engineering surveys" is unclear and undefined.

    Subject to and without waiver of the foregoing objections, and after a diligent search and reasonable inquiry, no responsive documents have been identified at this time.

23. All documents reflecting qualifications and training of persons who performed engineering surveys related to the demolition of structural concrete on the Kyle Field renovation project, pursuant to OSHA 29 CFR 1926.850(a).

    **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in scope, and the items sought are not described with the specificity required by the Texas Rules of Civil Procedure.

Further objection to this Request is made on the grounds that it constitutes an impermissible fishing expedition, and the term "engineering surveys" is unclear and undefined.

Subject to and without waiver of the foregoing objections, and after a diligent search and reasonable inquiry, no responsive documents have been identified at this time.

24.  All documents reflecting qualifications and training of persons who operated equipment (machinery) for Lindamood such as the Caterpillar Skid-Steer Loader being operated by Angel Garcia at the time of his death.

   **RESPONSE:**  Lindamood objects to this Request to the extent that it to the extent that it is overly broad, seeks the production of documents and things that are not relevant to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.

   Further objection is made on the grounds that this Request constitutes an impermissible fishing expedition.

   Subject to and without waiver of the foregoing objections, Lindamood produces the Safety Training for Operators of Skid Steer certificate issued to Angel Garcia by RDO Equipment Co. in May 2013. See LMD_000290.

25.  All documents, details or sketches addressing the specific dimensions and scope of the demolition of the concrete structure being worked on by Angel Garcia immediately prior to the subject collapse that led to Mr. Garcia's fall.

   **RESPONSE:**  Lindamood objects to this Request to the extent that it is overly broad and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

   Subject to and without waiver of the foregoing objections, please refer to the Texas A&M University Police Incident/Investigation Report previously produced in Lindamood's responses to Plaintiffs' Requests for Disclosure, in addition to the documents and things produced by Manhattan|Vaughn JVP in this cause of action.

26.  All documents reflecting observations by any party or person regarding the nature of spalling (or failure) of existing concrete members of the northeast, spiral pedestrian ramp during demolition activities prior to the time of the subject incident.

**RESPONSE:** After a diligent search and a reasonable inquiry, no responsive documents have been identified at this time.

27. All documents showing inspections and inspection results of the demolition activities being performed on the northeast spiral, pedestrian ramp.

**RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad and not limited in time or scope.

Lindamood further objects to this Request to the extent that it seeks the production of documents and things acquired or developed subsequent to the incident upon which this suit is based and which were made in connection with the investigation or in anticipation of the defense of the claims made in connection with this litigation.

Further objection is made on the grounds that this Request seeks production of non-discoverable matters relating to an expert or consulting expert whose work product, opinions or impressions will not form, in whole or in part, a basis of the opinions of an expert who will testify at the trial of this cause.

Subject to and without waiver of the foregoing objections, please refer to the Texas A&M University Police Incident/Investigation Report produced in Lindamood's Responses to Plaintiffs' Requests for Disclosure. Moreover, Lindamood refers Plaintiff Garcia to documents and things produced by Manhattan | Vaughn JVP in this cause of action.

28. All Job Hazard Analyses, Job Safety Analyses (JHA, JSA or similar such formal process) done for the work activities of the demolition of structural concrete of the northeast pedestrian ramp, including the specific work being done by Angel Garcia.

**RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad and not limited in time or scope. Subject to and without waiver of the foregoing objections, please refer to documents produced in response to Request No. 9 above.

29. All documents and plans for temporary shoring to be utilized during the demolition work of structural concrete of the northeast pedestrian ramp, at the location of the subject incident.

---

**RESPONSE:** After a diligent search and a reasonable inquiry, no responsive documents have been identified at this time.

30. All correspondence, documents and emails between Lindamood and any other entity involved with the Kyle Field renovation project, reflecting the designation of a Competent Person proposed by Lindamood for the Kyle Field renovation project, as required by OSHA regulations 29 CFR 1926.20(b)(2).

    **RESPONSE:** Attached and marked LMD_000756.

31. All safety management or accident prevention programs, policies, manuals, safety-related rules and requirements for all work to be performed within the scope of the Kyle Field renovation project.

    **RESPONSE:** Lindamood objects to this Request to the extent that it is unreasonably duplicative, harassing and burdensome. Further, Lindamood does not have all such documents in its possession, custody or control.

    Subject to and without waiver of the foregoing objections, please refer to documents produced in response to Requests 3, 5 and 9 above.

32. All safety management or accident prevention programs, policies, manuals, safety-related rules, etc. related to the Kyle Field renovation project, created or adopted by Lindamood prior to the incident which were required by the authority of Lindamood to be utilized by subcontractors or others on the Kyle Field renovation project.

    **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad and not limited in time or scope. Subject to and without waiver of the foregoing objections, please refer to documents produced in response to Requests 3, 5 and 9 above.

33. All published requirements of any federal, state or local agency or any related standard of any national consensus standard promulgating organization, addressing requirements or recommendations for accident prevention and for the protection of employees or others on site with which Lindamood acknowledges they or others under the authority of Lindamood were to comply or operate on the Kyle Field renovation project on the date of the incident.

    **RESPONSE:** Lindamood objects to this Request to the extent that the documents requested may be derived or ascertained from public records or a compilation of business records, the

burden of which is substantially the same for Plaintiff Garcia as it is for Lindamood.

Further objection is made on the grounds that this Request seeks the production of documents and things that are not relevant to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.

Further objection is made on the grounds that this Request constitutes an impermissible fishing expedition and attempts to require Lindamood to marshal evidence.

Subject to and without waiver of the foregoing objections, Lindamood refers Plaintiff Garcia to the Occupational Safety and Health Administration laws and regulations found at www.OSHA.gov.

34. All documents reflecting statements by employees of Lindamood or any other party on the Kyle Field renovation project site describing the incident in question.

   **RESPONSE:** Lindamood objects to this Request to the extent that it is not limited in time or scope and it seeks the production of documents or things developed subsequent to the incident upon which this suit is based and that were made in connection with the investigation or in anticipation of the defense of the claims made in connection with this litigation.

   Subject to and without waiver of the foregoing objections, please refer to the statement Daniel Berge provided to the US Department of Labor on March 26, 2014 marked LMD_000757-000758.

35. All documents reflecting statements by employees of Lindamood or any other party on the Kyle Field renovation project site describing the events leading up to the subject incident, or the incident itself.

   **RESPONSE:** Lindamood objects to this Request to the extent that it is not limited in time or scope and it seeks the production of documents or things developed subsequent to the incident upon which this suit is based and that were made in connection with the investigation or in anticipation of the defense of the claims made in connection with this litigation.

Lindamood further objects to this Request to the extent that it is unreasonably duplicative, harassing and burdensome.

Subject to and without waiver of the foregoing objections, please refer to Response No. 34 above.

36. All initial-employment safety orientation, any specific safety management or accident prevention training or seminars provided by Lindamood or by any party, to employees of any contractor or subcontractor working on the Kyle Field renovation project.

   **RESPONSE:** Lindamood objects to this Request to the extent that it is unreasonably duplicative, harassing and burdensome, not limited in time or scope, and it constitutes an impermissible fishing expedition.

   Subject to and without waiver of the foregoing objections, please refer to the documents produced in response to Requests 3, 5 and 9 above. Additionally, please refer to the documents and things produced by Manhattan|Vaughn JVP in this cause of action.

37. All periodic reports of the progress of work performed on the Kyle Field renovation project.

   **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure, and constitutes an impermissible fishing expedition.

   Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

   Lindamood further objects to this Request to the extent that it is unreasonably duplicative, harassing and burdensome.

   Subject to and without waiver of the foregoing objections please refer to the documents produced in response to Requests No. 5 and 6 above.

38. All reports of accidents, on the job injuries or accident statistics related to the Kyle Field renovation project.

**RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad and not limited in time or scope. Lindamood does not have "all reports of accidents" related to the Kyle Field Renovation Project in its possession, custody or control.

Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, Lindamood produces OSHA Forms 300 and 301 that pertains to the Kyle Field Renovation Project. See LMD_000759-LMD-000760.

39. All records or minutes of periodic safety "toolbox" or "tailgate" meetings performed on the job site, dating from the commencement of demolition activities through 12/31/2013, with employees and/or with other contractors or subcontractors on the Kyle Field renovation project, including records of the topics discussed and attendance lists.

    **RESPONSE:** Please refer to the documents and things produced in response to Requests No. 5 and 9 above, in addition to the documents and things produced by Manhattan|Vaughn JVP in this cause of action.

40. All reports of the incident made by any party or person.

    **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in scope, the items sought are not described with the specificity required by the Texas Rules of Civil Procedure, and it constitutes an impermissible fishing expedition.

Lindamood further objects to this Request to the extent that it seeks the production of documents and things acquired or developed subsequent to the incident upon which this suit is based and which were made in connection with the investigation or in anticipation of the defense of the claims made in connection with this litigation.

Lindamood further objects to this Request to the extent that it seeks production of non-discoverable matters relating to an expert or consulting expert whose work product, opinions or

impressions will not form, in whole or in part, a basis of the opinions of an expert who will testify at the trial of this cause.

Further objection is made on the grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiver of the foregoing objections, please refer to the Texas A&M University Police Incident/ Investigation Report and the Travis County Medical Examiner's report pertaining to Angel Arizaga Garcia previously produced in Lindamood's responses to Plaintiffs' Requests for Disclosure. Also, please refer to the Workers Comp reporting documents and Incident Report produced in response to Request No. 1 above.

41. All schedules related to the Kyle Field renovation project, listing milestone dates, depicting the proposed progress of construction, schedules reflecting proposed progress for demolition activities on the subject pedestrian ramp involved in the subject incident.

**RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure, and constitutes an impermissible fishing expedition.

Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, please refer to the Construction Schedule attached to the contract by and between Manhattan|Vaughn JVP and Lindamood produced in response to Request No. 2 above.

42. All job-site safety inspection reports (dated from the start of construction of the Kyle Field renovation project through 12/31/2013).

**RESPONSE:** Lindamood objects to this Request to the extent that it is unreasonably duplicative, harassing and burdensome.

Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in scope and constitutes an impermissible fishing expedition.

Subject to and without waiver of the foregoing objections, please refer to Lindamood's responses to Requests No. 5, 8 and 27 above.

43. All checklists utilized on the Kyle Field renovation project to assist in performance of job-site safety inspection efforts, and specifically, all such checklists or documents which relate to or mention the subject of demolition, structural integrity or safety.

  **RESPONSE:**    Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure, and constitutes an impermissible fishing expedition.

        Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

        Subject to and without waiver of the foregoing objections, please refer to the documents produced in response to Requests 3, 5, and 9 above. Additionally, please refer to the documents and things produced by Manhattan|Vaughn JVP in this cause of action.

44. All written procedures or requirements for the pre-qualification and selection of contractors or subcontractors for the Kyle Field renovation project.

  **RESPONSE:**    Lindamood objects to this Request to the extent that it seeks the production of documents and things that are confidential, proprietary, not relevant to the issues in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

45. All records of formal training given to any worker or employee (assigned to the Kyle Field renovation project prior to the subject incident), related to the methods and techniques of demolition activities, in general, and specifically, demolition of concrete structures.

**RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in scope, and is unreasonably duplicative, harassing and burdensome.

Further objection is made on the grounds that the term "formal training" is unclear and undefined.

Subject to and without waiver of the foregoing objections, please refer to Lindamood's response to Requests No. 9 and 24 above.

46. All reports generated as a result of the subject incident.

**RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in scope, the items sought are not described with the specificity required by the Texas Rules of Civil Procedure, and it constitutes an impermissible fishing expedition.

Lindamood further objects to this Request to the extent that it seeks the production of documents and things acquired or developed subsequent to the incident upon which this suit is based and which were made in connection with the investigation or in anticipation of the defense of the claims made in connection with this litigation.

Further objection is made on the grounds that this Request seeks the production of non-discoverable matters relating to an expert or consulting expert whose work product, opinions or impressions will not form, in whole or in part, a basis of the opinions of an expert who will testify at the trial of this cause.

Further objection is made on the grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiver of the foregoing objections, please refer to Response No. 40 above.

47. All OSHA reports or documents, including correspondence, related to the subject incident.

**RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, lacks the degree of

specificity required under the Texas Rules of Civil Procedure, and constitutes an impermissible fishing expedition.

Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

Lindamood objects to this Request to the extent that it is unreasonably duplicative, harassing and burdensome. Subject to and without waiver of the foregoing objections, please refer to Response No. 7 above.

48. All documents related to any investigation conducted as a result of the incident in question.

**RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in scope, the items sought are not described with the specificity required by the Texas Rules of Civil Procedure, and it constitutes an impermissible fishing expedition.

Further objection is made on the grounds that this Request seeks the production of documents and things acquired or developed subsequent to the incident upon which this suit is based and which were made in connection with the investigation or in anticipation of the defense of the claims made in connection with this litigation.

Lindamood further objects to this Request to the extent that it seeks production of non-discoverable matters relating to an expert or consulting expert whose work product, opinions or impressions will not form, in whole or in part, a basis of the opinions of an expert who will testify at the trial of this cause.

Further objection is made on the grounds that this Request seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiver of the foregoing objections, please refer to the Texas A&M University Police Incident/ Investigation Report and the Travis County Medical Examiner's report pertaining to Angel Arizaga Garcia previously produced in Lindamood's responses to Plaintiffs' Requests for Disclosure.

49. Color copies of all photographs and videos taken of the scene of the subject incident, before and after the incident.

   **RESPONSE:** Lindamood produces photographs marked LMD_000761-000776. Also, please refer to photographs produced in response to Request No. 6 above.

50. All pictures and videos generated as a result of any investigation conducted after the incident in question.

   **RESPONSE:** Please refer to the documents produced in response to Request No. 6 above.

51. All videos and footage taken by the "construction cams" of the Kyle Field renovation project during the period of 11/1/2013 through 12/31/2013.

   **RESPONSE:** Please refer to the documents produced in response to Request No. 6 above.

52. All documents of the overall site plan reflecting the scope and layout of the Kyle Field renovation project.

   **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure, and constitutes an impermissible fishing expedition.

   Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

   Subject to and without waiver of the foregoing objections and after a diligent search and reasonable inquiry, no responsive documents have been identified at this time.

53. All documents reflecting the name of each company or contractor present at the Kyle Field work site on the day Angel Garcia was killed.

   **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure,

seeks the production of documents and things that are not relevant to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence, and it constitutes an impermissible fishing expedition.

Further, Lindamood does not know "each company or contractor present at the Kyle Field work site" on the date of the incident.

Subject to and without waiver of the foregoing objections, Lindamood Demolition, Inc. and Texas Cutting & Coring LP were present at the time and location of the incident.

54. All documents reflecting the names of every worker at the Kyle Field work site on the day Angel Garcia was killed.

  **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure, seeks the production of documents and things that are not relevant to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence, and it constitutes an impermissible fishing expedition.

    Further, Lindamood does not know the identity of "every worker at the Kyle Field work site" that was present on the date of the incident.

55. All specifications, limitations, maximum weight loads or warnings provided with, or attached to, the Caterpillar Skid-Steer Loader being operated by Angel Garcia at the time he was killed.

  **RESPONSE:** Lindamood objects to this Request to the extent that it the information sought for the Caterpillar Skid Steer Loader is equally accessible online to Plaintiff Garcia as it is for Lindamood.

56. The owner's and/or operator's manual for the Caterpillar Skid-Steer Loader being operated by Angel Garcia at the time he was killed.

  **RESPONSE:** Lindamood objects to this Request to the extent that it the information sought for the Caterpillar Skid Steer Loader is equally accessible online to Plaintiff Garcia as it is for Lindamood.

Subject to and without waiver of the foregoing objections, Lindamood will produce or make available for inspection and copying at a mutually convenient date and time.

57. All structural integrity testing done on the concrete structure in the area where Angel Garcia was working on the day of the incident in question. This includes testing done prior to and after the exact moment when the incident in question occurred.

 RESPONSE: Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, and lacks the degree of specificity required under the Texas Rules of Civil Procedure.

 Further objection is made on the grounds that this Request constitutes an impermissible fishing expedition, it seeks the production of documents and things that are not relevant to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.

 Subject to and without waiver of the foregoing objections, none.

58. All testing, engineering or otherwise, done on the concrete structure in the area where Angel Garcia was working on the day of the incident in question. This includes testing done prior to and after the exact moment when the incident in question occurred.

 RESPONSE: Lindamood objects to this Request to the extent that it is overly broad, not limited in time or scope, the term "otherwise" is unclear and undefined and therefore vague, and it lacks the degree of specificity required under the Texas Rules of Civil Procedure.

 Further objection is made on the grounds that this Request constitutes an impermissible fishing expedition, it seeks the production of documents and things that are not relevant to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.

 Lindamood further objects to this Request to the extent that it seeks the production of documents or things developed subsequent to the incident upon which this suit is based and that was made in connection with the investigation or in anticipation of the defense of the claims made in connection with this litigation.

Further objection is made on the grounds that this Request seeks production of non-discoverable matters relating to an expert or consulting expert whose work product, opinions or impressions will not form, in whole or in part, a basis of the opinions of an expert who will testify at the trial of this cause.

59. All work plans for the specific work Angel Garcia was performing when he was killed.

   **RESPONSE:** None for the specific work Lindamood understands Angel Garcia was performing at the time of the incident. Otherwise, please refer to the Demolition Plan and Revised Demolition Plan produced in response to Request No. 5 above.

60. All correspondence between defendants in this case and any insurance company, regarding coverage for personal injury or death claims, before the incident in question.

   **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in time or scope, seeks the production of documents and things that are not relevant to this cause of action, it constitutes an impermissible fishing expedition, and the items sought are not reasonably calculated to lead to the discovery of admissible evidence.

   Lindamood further objects to this Request to the extent that it seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

   Subject to and without waiver of the foregoing objections, please refer to the insurance agreements produced in Lindamood's responses to Plaintiff Garcia's Requests for Disclosure.

61. All correspondence between defendants in this case and any insurance company, regarding coverage for personal injury or death claims, after the incident in question.

   **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in time or scope, seeks the production of documents and things that are not relevant to this cause of action, it constitutes an impermissible fishing expedition, and the items sought are not reasonably calculated to lead to the discovery of admissible evidence.

Lindamood further objects to this Request to the extent that it seeks the production of documents and things that are protected by the joint-defense, attorney-client, and attorney work-product privileges.

Subject to and without waiver of the foregoing objections, please refer to the insurance agreements produced in Lindamood's responses to Plaintiff Garcia's Requests for Disclosure.

62. All correspondence between defendants in this case regarding the incident in question.

**RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, not limited in time or scope, seeks the production of documents and things that are not relevant to this cause of action, it constitutes an impermissible fishing expedition, and the items sought are not reasonably calculated to lead to the discovery of admissible evidence.

Further objection is made on the grounds that it seeks discovery of documents and things protected under the attorney-client communications privilege, joint-defense/party communications privilege. Otherwise, see documents produced by all other defendants herein.

63. All insurance reports regarding the incident in question.

**RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure, and constitutes an impermissible fishing expedition.

Lindamood further objects to this Request to the extent that it seeks the production of documents and things acquired or developed subsequent to the incident upon which this suit is based and which were made in connection with the investigation and/or in anticipation of the defense of the claims made in connection with this litigation.

Subject to and without waiver of the foregoing objections and to the extent any such non-privileged documents or things exist and are in Lindamood's possession, custody or control, Lindamood will produce.

64. All documents relied up [sic] or reviewed by any person, entity or insurer, to generate a report regarding the incident in question.

    **RESPONSE:** Lindamood objects to this Request to the extent that it is overly broad, vague, not limited in time or scope, lacks the degree of specificity required under the Texas Rules of Civil Procedure, and constitutes an impermissible fishing expedition.

        Further objection is made on the grounds that this Request is unduly duplicative, harassing and burdensome. Moreover, this Request attempts to require Lindamood to marshal evidence.

        Lindamood further objects to this Request to the extent that it seeks the production of documents and things acquired or developed subsequent to the incident upon which this suit is based and which were made in connection with the investigation and/or in anticipation of the defense of the claims made in connection with this litigation.

        Lindamood further objects to this Request to the extent that it seeks production of non-discoverable matters relating to an expert consulting expert whose work product opinions or impressions will not form, in whole or in part, a basis of the opinions of an expert who will testify at the trial of this cause.

65. All permits obtained for the demolition work being performed as a part of the Kyle Field renovation project.

    **RESPONSE:** No responsive documents have been identified at this time. Please refer to the documents and things produced by Manhattan|Vaughn JVP in this cause of action.

66. All waivers of conflict signed, allowing representation of all Defendants by one law firm.

    **RESPONSE:** Lindamood objects to this Request to the extent that it seeks the production of documents and things that are confidential, proprietary and protected by the joint-defense privilege.

        Further objection is made on the grounds that this request seeks the production of documents and things that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully Submitted,

MICHAEL A. MILLER
State Bar No. 14100650
mmiller@tmlfpc.com

THE MILLER LAW FIRM
1950 Turtle Creek Center
3811 Turtle Creek Boulevard
Dallas, Texas 75219
(469) 916-2552
(469) 916-2555 fax

ATTORNEYS FOR DEFENDANT
LINDAMOOD DEMOLITION, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Defendant Lindamood Demolition, Inc.'s Objections and Responses to Plaintiff Josefina Garcia, Individually and as Representative of the Estate of Angel Garcia's First Requests for Production was served on counsel of record for Plaintiffs as indicated below on the 30th day of April 2014.

Jason A. Gibson
Jonathan D. Sneed
Clifford D. Peel II
THE GIBSON LAW FIRM
2050 The Lyric Centre
440 Louisiana
Houston, Texas 77002
*via CMRRR 7013 1710 0001 4496 7108*

MICHAEL A. MILLER

CAUSE NO. 2013-76550

| JOSEFINA GARCIA, Individually | § | IN THE DISTRICT COURT OF |
|---|---|---|
| and as Heir to the Estate of | § | |
| ANGEL GARCIA, Deceased; and, | § | |
| | § | |
| ORBELINDA HERRERA as | § | |
| Next Friend of ASHLEY GARCIA | § | |
| and BRYAN GARCIA, Minors | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| J.T. VAUGHN CONSTRUCTION LLC | § | |
| d/b/a VAUGHN CONSTRUCTION; | § | |
| MANHATTAN CONSTRUCTION CO., INC.; | § | |
| MANHATTAN | VAUGHN JVP; | § | |
| TEXAS CUTTING & CORING LP; | § | |
| TEXAS CUTTING & CORING GP, INC.; | § | |
| and, LINDAMOOD DEMOLITION, INC. | § | 80TH JUDICIAL DISTRICT |

## LINDAMOOD DEMOLITION, INC.'S OBJECTIONS AND ANSWERS
## TO PLAINTIFF GARCIA'S FIRST SET OF INTERROGATORIES

TO:   Plaintiffs Josefina Garcia, Individually and as Heir to the Estate of Angel Garcia, Deceased by and through her counsel of record Jason A. Gibson, Jonathan D. Sneed, Clifford D. Peel II of THE GIBSON LAW FIRM, 2050 The Lyric Centre, 440 Louisiana in Houston, Texas 77002.

Defendant Lindamood Demolition, Inc. (hereinafter "Lindamood") submits its Objections and Answers to Plaintiff Josefina Garcia, Individually and as Representative of the Estate of Angel Garcia Deceased's (hereinafter "Plaintiff Garcia") First Set of Interrogatories, pursuant to Rules 192, 193 and 197 of the Texas Rules of Civil Procedure.

## GENERAL OBJECTIONS

Lindamood objects to Plaintiff Garcia's First Set of Interrogatories to the extent that they exceed the allowable number of written interrogatories as each discrete subpart of these interrogatories is considered a separate interrogatory pursuant to Rule 190.3(b)(3) of the Texas Rules of Civil Procedure.

**EXHIBIT I**

## ANSWERS TO INTERROGATORIES

1. Identify each person who answered these interrogatories, who assisted in answering, or provided information upon which the answers to these interrogatories are based. For each person, please provide the person's name, address, telephone number, and job title or position.

   **ANSWER:** Jake Lindamood, VP/Director of Operations of Lindamood Demolition, Inc., 2020 S. Nursery in Irving, Texas provided the answers to these Interrogatories. He was assisted by counsel, Michael A. Miller.

2. Please state what actions, if any, were taken to ensure Angel Garcia was properly trained and qualified to do the work he was performing on December 3, 2013. Please include in your response the person or entity responsible for training Angel Garcia, and whether Angel Garcia actually received training, prior to or in preparation for his work on the Kyle Field renovation project site.

   **ANSWER:** Defendant objects to use of the word "ensure" as it implies certain duties or obligations that are not applicable to Defendant. Defendant further objects to the extent the Interrogatory is vague, not limited in time, and assumes facts not in evidence that Defendant had a duty to "ensure" training for Angel Garcia. Subject to and without waiving the aforementioned objections, Angel Garcia completed Safety Training for Operators of Skid Steer in May 2013 through RDO Equipment Co. in Irving, Texas. He had worked on a number of jobs operating the skid steer on behalf of Lindamood and had successfully performed a number of similar operations at Kyle Field prior to the incident. He had received training by or through Lindamood prior to the incident on how to operate a skid steer, not overloading the skid steer, how to use a handsaw, jack hammer and many other aspects of demolition such as fall protection, flagman training, and loading trucks. He also participated in safety meetings specifically discussing the Kyle Field Renovation Project. Further, Lindamood's Demolition Plan was discussed with Garcia and the other Lindamood crewmembers prior to the start of the Kyle Field Renovation Project.

3. Please identify all safety equipment and policies provided to Angel Garcia, or to be used for his safety and benefit, for the work he was performing at the Kyle Field renovation project site on December 3, 2013.

   **ANSWER:** Defendant objects to the Interrogatory as vague and overly broad as to "all safety equipment and policies," not limited in time, and

assumes facts not in evidence that Defendant had such a duty to provide "safety equipment" and/or "policies" to Angel Garcia on the date in question.

Subject to and without waiving the aforementioned objection, Defendant would state that Angel Garcia was provided with safety glasses, hardhat, a reflective/safety vest, gloves, face shields and ear plugs, and was required to wear reinforced steel-toed work boots. He attended weekly toolbox meetings conducted at Lindamood's facilities as well as onsite safety meetings conducted by the general contractor. Safety was always a topic that was included in the toolbox meetings. Additionally, Lindamood reviewed the Job Safety Analyses with the workers, including Garcia, prior to work beginning at Kyle Field.

4. Please state what actions, if any, were taken to ensure the concrete being cut and/or shaved on December 3, 2013 would be supported by the Caterpillar Skid Steer Loader operated by Angel Garcia on the morning of December 3, 2013.

   **ANSWER:** Defendant objects to this Interrogatory as being compound/multifarious and potentially misleading as worded and vague as worded. Subject to and without waiving the aforementioned objection, Defendant reviewed the proper demolition procedure for the activity in question on numerous occassions with Plaintiff and observed him prior to the incident demoing similar areas in the appropriate manner. The skid Steer Loader used by Angel Garcia was to deflect the concrete being cut away from the wall and into the basement.

5. Does Lindamood contend Angel Garcia did or failed to do anything that caused or contributed to the injuries made the basis of his claims against you in this lawsuit? If so, please explain your answer in detail, including a specific description of each act or omission you contend Angel Garcia committed, and identify by name, address, and phone number each individual who you believe has any personal knowledge of any fact that you believe supports your contention.

   **ANSWER:** Discovery is in its infancy and investigations are ongoing. Lindamood has not yet fully ascertained what caused or may have contributed to the decedent's injuries. Further, Defendant objects to the extent this Interrogatory calls for a narrative answer and therefore is over broad and harassing as worded.

Subject to and without waiver of the foregoing, it is Lindamood's understanding that Angel Garcia disobeyed Lindamood's policy and the Project's policy prohibiting employees from working with detectible levels of illegal and illicit drugs, including marijuana. Additionally, it is Lindamood's understanding that Garcia was performing his work at the time of the incident contrary to his training and the procedures outlined in the Demolition Plan.

6. Does Lindamood contend any entity other than Angel Garcia did or failed to do anything that caused or contributed to the cause of Angel Garcia's injuries? If so, please list the entities which you contend caused or contributed to the incident and explain the basis of your contention.

   **ANSWER:** No.

7. List all U.S. Health and Safety Administration ("OSHA") violations, investigations, citations, warning letters or reports involving Lindamood for the last ten (10) years regarding: falls, deaths, or the improper on-site operation of construction vehicles, including but not limited to skid steer loaders or demolition.

   **ANSWER:** Lindamood objects to this Interrogatory on the grounds that it is overly broad, it constitutes an impermissible fishing expedition, and seeks information which is irrelevant to the issues in this lawsuit which is not reasonably calculated to lead to the discovery of admissible evidence.

   Further objection is made on the grounds that the burden of deriving or ascertaining the answer is substantially the same for the Plaintiff as for Lindamood.

   Subject to and without waiver of the foregoing objections and pursuant to Rule 197.2(c) of the Texas Rules of Civil Procedure, please refer to the documents produced in responses to Plaintiff Garcia's First Request for Production.

8. Please identify any lawsuits filed against Lindamood or a subcontractor of Lindamood in the last ten (10) years involving a fall, the improper on-site use of a construction vehicle, including but not limited to skid steer loaders, demolition processes or falling concrete which caused the personal injury or death of an employee.

   **ANSWER:** Lindamood objects to this Interrogatory to the extent that seeks the disclosure of information that is overly broad, unduly

burdensome, is made for the purpose of harassment or annoyance, and subjects Lindamood to unnecessary expense. Further, the burden of deriving or ascertaining the Answer to this Interrogatory is substantially the same for Plaintiff Garcia as it is for Lindamood. Defendant further objects to this Interrogatory as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. *See* 192.3 and 192.4, Texas Rules of Civil Procedure.

Subject to and without waiver of the foregoing objections, Lindamood has no personal knowledge of lawsuits filed against its subcontractors. No other lawsuits have been filed against Lindamood.

9.   Please state the approval process for the proposed demolition which occurred on December 3, 2013. Please include in your answer which entities proposed the approved demolition process, the names of the people involved in the approval decision, and when the approval took place.

   **ANSWER:**   Lindamood objects to this Interrogatory to the extent that overly broad and exceeds the scope of discovery by calling for a written, narrative response to matters which are more properly elicited in the question-and-answer format of an oral deposition. Further, the term "approval process" is vague, ambiguous and undefined.

   Further objection is made on the grounds that this Interrogatory seeks the disclosure of trade secrets and proprietary information, and constitutes an impermissible fishing expedition.

   Subject to and without waiver of the foregoing objections, Lindamood refers Plaintiff Garcia to the contracts produced in response to Request No. 2 above, in addition to the documents produced in response to 5 above.

10.   Please describe the portion of the wall or structure which was being demolished. Please include in your answer a description of the wall or structure itself, where the construction vehicle was in relation to the wall, how many engineers or workers were in the vicinity, and where exactly the concrete fell onto the construction vehicle.

   **ANSWER:**   Lindamood objects to this Interrogatory to the extent that overly broad, vague and exceeds the scope of discovery by calling for a written, narrative response to matters which are more properly elicited in the question-and-answer format of an oral deposition.

Subject to and without waiver of the foregoing objections, please refer to the Incident/Investigation Report prepared by the Texas A&M University Police. Further, Lindamood is not aware of any concrete falling on to the Skid Steer that was being operated by Mr. Garcia at the time of the Incident.

11. Please describe any structural testing which was performed on Kyle Field and the area where Angel Garcia was working, before the incident occurred on December 3, 2013. Please include in your answer the type and form of structural testing, who conducted the structural testing, the dates the structural testing was performed, and the outcome of the structural testing.

   **ANSWER:** Lindamood has no personal knowledge on the structural testing that has been done at Kyle Field, to the extent any was done.

12. Please explain what actions, if any, Texas Cutting took to ensure that construction vehicles operating above the ground floor on the Kyle Field renovation project site were protected from falling off of the structure.

   **ANSWER:** Lindamood is unaware of any Texas Cutting construction vehicles being involved in the incident.

13. Please describe in detail the business structure of Texas Cutting and its affiliates in relation to the Kyle Field renovation project. Please include in your answer the contractual agreements and sub-contracting structure between Vaughn Construction, Inc., Manhattan|Vaughn, JVP, Manhattan Construction Co., Lindamood Demolition, Inc., Texas Curb Cut, Inc., and Texas Cutting and Coring Group, Inc. with regards to the Kyle Field renovation project.

   **ANSWER:** Unknown as to Texas Cutting. As for Lindamood, Lindamood is a domestic for-profit corporation doing business in Texas.

14. Please describe in detail any duties or responsibilities of any kind that Texas Cutting and/or any of Texas Cutting's employees may have had or assumed for any safety-related policies, procedures, studies, or programs that directly or indirectly applied to Lindamood Demolition, Inc. during the Kyle Field renovation project.

   **ANSWER:** Lindamood objects to this Interrogatory on the grounds that it is overly broad and ambiguous, and exceeds the scope of discovery by calling for a written, narrative response to matters which are more properly elicited in the question-and-answer format of an oral deposition.

Subject to and without waiver of the foregoing objections and pursuant to Rule 197.2(c) of the Texas Rules of Civil Procedure, please refer to the contract between Lindamood and Texas Cutting & Coring LP, produced herein. Otherwise, Defendant Lindamood understands that Texas Cutting was responsible for the safety of their own employees working on the job site.

15. Please identify the persons or entities responsible for managing and/or conducting the cutting and shaving of concrete at the Kyle Field renovation project site on December 3, 2013.

**ANSWER:** Lindamood objects to this Interrogatory to the extent that it is overly broad in that the time period in question is not specified, and vague as the term "managing" is not defined.

Subject to and without waiver of the foregoing objections, Lindamood and its employees were responsible for the demolition of the concrete in question at the time of the accident. Lindamood had subcontracted the cutting portion of the work being done at that time to Texas Cutting & Coring LP.

16. Please identify the head safety director(s) or person(s) in charge of safety for the Kyle Field renovation project site, including their official title and the name of their employer.

**ANSWER:** Lindamood objects to this Interrogatory to the extent that it is overly broad, vague as written and not limited in time or scope. Subject to and without waiver of the foregoing objections, as for the day in question by Lindamood:

Jake Lindamood, VP/Director of Operations
Andy McElvain, Superintendent
Lindamood Demolition, Inc.

17. Please describe any investigations performed after the incident on December 3, 2013. Please include in your answer the name and contact information of the person or entity who conducted the investigation, when the investigation(s) occurred, and the outcome/results/findings of the investigation(s).

**ANSWER:** Lindamood objects to this Interrogatory to the extent that it overly broad, not limited in scope, and exceeds the scope of discovery by calling for a written, narrative response to matters which are more

LINDAMOOD DEMOLITION, INC.'S OBJECTIONS AND ANSWERS
TO PLAINTIFF GARCIA'S FIRST SET OF INTERROGATORIES                    Page 7
*Garcia – 80th Judicial District Court, Harris County Cause No. 2013-76550*

properly elicited in the question-and-answer format of an oral deposition.

Further objection is made on the grounds that this Interrogatory seeks the discovery of matters protected by the attorney-client and attorney work-product and joint defense privileges.

Subject to and without waiver of the foregoing objections:

Jake Lindamood, VP/Director of Operations
Andy McElvain, Superintendent

Further, Lindamood understands the Texas A&M University Police conducted an investigation of the incident in question. Further, pursuant to Rule 197.2(c) of the Texas Rules of Civil Procedure, please refer to the Incident/Investigation Report prepared by the Texas A&M University Police already produced herein. Lindamood also understands that OSHA is conducting some type of investigation, but as of this report has not completed any type of report.

18.   Please state all remedial actions taken after the incident made the basis of this lawsuit occurred, including but not limited to new safety policies and/or the installation of safety equipment.

   **ANSWER:**   Lindamood objects to this Interrogatory to the extent that it exceeds the allowable number of written interrogatories pursuant to the Texas Rules of Civil Procedure.

   Lindamood further objects to this Interrogatory to the extent that it is overly broad, not limited in scope, it seeks information which is irrelevant to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

   Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client/attorney work product privileges. *See* Rules 192.5, Texas Rules of Civil Procdure; Rules 503 and 407, Texas Rules of Evidence.

19.   Please identify all permits obtained for the demolition, expansion and/or renovation of Kyle Field, as it pertains to the work being done on or around the time Angel Garcia was killed.

   **ANSWER:**   Lindamood objects to this Interrogatory to the extent that it exceeds the allowable number of written interrogatories pursuant

to Rule 190.3(b)(3) of the Texas Rules of Civil Procedure and further because it is potentially misleading as written and therefore harassing. Subject to and without waiver of the foregoing objections, none.

20. Please identify every worker who has been injured on the job since the Kyle Field renovation project began, including a description of the injury and the date of each injury.

   **ANSWER:** Lindamood objects to this Interrogatory to the extent that it exceeds the allowable number of written interrogatories pursuant to Rule 190.3(b)(3) of the Texas Rules of Civil Procedure.

   Lindamood further objects to this Interrogatory to the extent that it is overly broad, vague and not limited in time or scope. Further, the burden of deriving or ascertaining the answer is substantially the same for the Plaintiff Garcia as for Lindamood.

   Subject to and without waiver of the foregoing objections, Lindamood does not know "every worker" who has been injured on the job since the Kyle Field renovation project began. Mr. Garcia was the only Lindamood employee injured on this project up until the time of the incident in question.

21. The name of all trade associations of which Texas Cutting is a member.

   **ANSWER:** Lindamood objects to this Interrogatory to the extent that it exceeds the allowable number of written interrogatories pursuant to Rule 190.3(b)(3) of the Texas Rules of Civil Procedure.

   Subject to and without waiver of the foregoing objections, Lindamood has no knowledge of which trade associations Texas Cutting is a member.

22. Please identify the name of Angel Garcia's direct supervisor at the time of his death, including the name of the person's employer and their job title.

   **ANSWER:** Lindamood objects to this Interrogatory to the extent that it exceeds the allowable number of written interrogatories pursuant to Rule 190.3(b)(3) of the Texas Rules of Civil Procedure.

   Subject to and without waiver of the foregoing objections, Andy McElvain, Superintendent with Lindamood Demolition, Inc. was Angel Garcia's immediate supervisor on December 3, 2013.

23. Please identify every person or entity (including insurers), to your knowledge, that has participated in or conducted an investigation regarding the incident in question.

    **ANSWER:** Lindamood objects to this Interrogatory to the extent that it exceeds the allowable number of written interrogatories pursuant to Rule 190.3(b)(3) of the Texas Rules of Civil Procedure.

                Lindamood objects to this Interrogatory to the extent that it overly broad, not limited in scope, and exceeds the scope of discovery by calling for a written, narrative response to matters which are more properly elicited in the question-and-answer format of an oral deposition.

                Further objection is made on the grounds that this Interrogatory seeks the discovery of matters protected by the attorney-client and attorney work-product privileges.

                Lindamood further objects to this Interrogatory on the grounds that it is duplicative, burdensome, and the burden of deriving or ascertaining the answer in connection with the Kyle Field Project is substantially the same for Plaintiff Garcia as for Lindamood.

                Subject to and without waiver of the foregoing objections, please refer to Answer No. 17 above.

Respectfully Submitted,

MICHAEL A. MILLER
State Bar No. 14100650
*mmiller@tmlfpc.com*

THE MILLER LAW FIRM
1950 Turtle Creek Center
3811 Turtle Creek Boulevard
Dallas, Texas 75219
(469) 916-2552
(469) 916-2555 fax

ATTORNEYS FOR DEFENDANT
LINDAMOOD DEMOLITION, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Defendant Lindamood Demolition, Inc.'s Objections and Answers to Plaintiff Josefina Garcia, Individually and as Representative of the Estate of Angel Garcia's First Set of Interrogatories was served on counsel of record for Plaintiffs as indicated below on the 30th day of April 2014.

Jason A. Gibson
Jonathan D. Sneed
Clifford D. Peel II
THE GIBSON LAW FIRM
2050 The Lyric Centre
440 Louisiana
Houston, Texas 77002
*via CMRRR 7013 1710 0001 4496 7108*

MICHAEL A. MILLER

CAUSE NO. 2013-76550

| | | |
|---|---|---|
| JOSEFINA GARCIA, Individually<br>and as Heir to the Estate of<br>ANGEL GARCIA, Deceased; and, | § <br> § <br> § | IN THE DISTRICT COURT OF |
| ORBELINDA HERRERA as<br>Next Friend of ASHLEY GARCIA<br>and BRYAN GARCIA, Minors | § <br> § <br> § <br> § | |
| vs. | § <br> § | HARRIS COUNTY, TEXAS |
| J.T. VAUGHN CONSTRUCTION LLC<br>d/b/a VAUGHN CONSTRUCTION;<br>MANHATTAN CONSTRUCTION CO., INC.;<br>MANHATTAN \| VAUGHN JVP;<br>TEXAS CUTTING & CORING LP;<br>TEXAS CUTTING & CORING GP, INC.;<br>and, LINDAMOOD DEMOLITION, INC. | § <br> § <br> § <br> § <br> § <br> § <br> § | 80TH JUDICIAL DISTRICT |

## VERIFICATION

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

BEFORE ME, the undersigned authority, on this day personally appeared Jake Lindamood, VP/Director of Operations, known to me to be the person whose name is subscribed to the foregoing instrument, and after being by me first duly sworn upon his oath deposes and says that he is authorized to make this verification, that has reviewed the answers in the foregoing Defendant Lindamood Demolition, Inc.'s Objections and Answers to Plaintiff's First Set of Interrogatories, and that said answers are within his personal knowledge and are true and correct or are based on his review of business records and upon other information he believes to be reliable.

_____
JAKE LINDAMOOD, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME this 30th day of April 2014.

_____
NOTARY PUBLIC in and for
THE STATE OF TEXAS

_____
NOTARY'S PRINTED NAME

_____
NOTARY COMMISSION EXPIRES

CINDY L. CHINN
Notary Public, State of Texas
My Commission Expires
November 13, 2016

_Cindy L. Chinn_

_November 13, 2016_

---

VERIFICATION TO LINDAMOOD'S ANSWERS TO INTERROGATORIES
*Garcia – 80th Judicial Distirct Court, Harris County Cause No. 2013-76550*